IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| REPRESENTATIVE RONNY JACKSON, | |
| Plaintiff, | |
| v. | 2:25-CV-197-Z |
| SHIRLEY N. WEBER, *et al.*, | |
| Defendants. | |

**ORDER**

Before the Court is Plaintiff's Motion for Temporary Restraining Order and a Preliminary Injunction ("Motion") (ECF No. 4), filed September 4, 2025. After reviewing the briefing and relevant law, Plaintiff's Motion for a temporary restraining order is **DENIED**. The Court **DEFERS** ruling on the preliminary injunction.

**BACKGROUND**

Plaintiff, United States Representative Ronny Jackson,[1] seeks an *ex parte* temporary restraining order ("TRO") and a preliminary injunction to prevent the enforcement of California's Election Rigging Response Act (the "ERRA"). ECF No. 5 at 7. On November 4, 2025, pursuant to the ERRA, California will conduct a statewide special election concerning Proposition 50—a "legislatively referred constitutional amendment" to the state's constitution. *Id.* Plaintiff contends that the "California Constitution, not the Legislature, is tasked with adjusting the boundaries of congressional, Senate, Assembly, and State Board of

---

[1] Jackson represents Texas's 13th Congressional District in the U.S. House of Representatives and currently serves as Chairman of two House subcommittees: the Subcommittee on Oversight and Investigations of the House Permanent Select Committee on Intelligence, and the Subcommittee on Intelligence and Special Operations of the House Armed Services Committee. *See* ECF Nos. 4-1 at 1, 5 at 10.

Equalization districts once every decade, in the year following the national census." *Id.* Thus, Proposition 50 would "temporarily override the Commission's authority regarding congressional districts." *Id.* Accordingly, Plaintiff argues that the ERRA (1) violates the Elections Clause "by usurping power that the California Legislature does not lawfully possess under its own state constitution," and (2) violates the Guarantee Clause by "sabotaging fundamental principles of republican government." *Id.* Plaintiff asks this Court to enjoin Defendants from "placing Proposition 50 on the ballot and otherwise implementing the ERRA." *Id.* at 8.

**LEGAL STANDARD**

A temporary restraining order or preliminary injunction may only issue if the movant bears his burden of establishing four factors. *See Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011). Those factors are:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Id.* "A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Green*, 553 U.S. 674, 689 (2008) (internal citations and quotations omitted).

A TRO is "simply a highly accelerated, temporary form of preliminary injunctive relief." *Greer's Ranch Cafe v. Guzman*, 540 F. Supp. 3d 638, 644 (N.D. Tex. 2021) (O'Connor, J.) (quoting *Albright v. City of New Orleans*, 46 F. Supp. 2d 523, 532 (E.D. La. 1999)). The Supreme Court has explained that such relief "should be restricted to . . . preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70*, 415 U.S. 423, 442 (1974). In other words, the harm must appear "imminent." *Nall v. PHH Mortg. Corp.*, No. 3:25-CV-490, 2025 WL 1919333, at *2 (S.D. Miss. July 11, 2025). Thus, to obtain a TRO, "an applicant must show

entitlement to a preliminary injunction." *Horner v. Am. Airlines, Inc.*, No. 3:17-CV-665, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017).

An *ex parte* TRO requires even more. Under Federal Rule of Civil Procedure 65(b)(1), a court "may issue a [TRO] without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." As with preliminary injunctions, "[d]etermining whether to grant [a TRO] is within the sound discretion of the district court." *Rockwell v. Delaney*, No. MO:19-CV-102, 2019 WL 2745754, at *2 (W.D. Tex. Apr. 16, 2019) (citing *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)).

**ANALYSIS**

Plaintiff "requests that the Court issue an *ex parte* [TRO] given the imminent irreparable injury caused by Defendants' unconstitutional conduct." ECF No. 4 at 2. But Plaintiff does not advance any specific facts regarding what immediate and irreparable injury he allegedly will suffer if the TRO does not issue. Instead, he generally alleges that "[i]f the ERRA is allowed to govern the 2026 House elections, the composition of the House will be altered in a manner that is impossible to unwind even if Plaintiff ultimately prevails on the merits." ECF No. 5 at 28. But this argument itself reveals the lack of *imminent* irreparable injury; Plaintiff "makes bare assertions that he fears that he is in imminent danger of suffering irreparable harm" but fails to provide the requisite factual support. *See Kelly v. Caudillo*, No. 5:21-CV-175, 2021 WL 12284856, at *2 (N.D. Tex. Oct. 8, 2021). Even assuming the reality of the harm which Plaintiff alleges, no injury could result until the first national election following November 4, 2025, when "California will conduct a Statewide Special

Election." ECF No. 5 at 1. Therefore, Plaintiff, who bears the burden of proof, has failed to demonstrate that irreparable harm will occur "*before* the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A) (emphasis added).

Nor does Plaintiff "certif[y] in writing any efforts made to give notice [to Defendants] and the reasons why [notice] should not be required," as Rule 65(b)(1)(B) demands. FED. R. CIV. P. 65(b)(1)(B). This alone is fatal to his request for an *ex parte* TRO. *See, e.g.*, *Rockwell*, 2019 WL 2745754, at *2 (finding that failure to comply with Rule 65(b)(1)(B) is a sufficient basis to deny an *ex parte* temporary restraining order request); *Jones v. Bush*, No. CIV.A.3:00-CV-2543, 2000 WL 1725195, at *1 (N.D. Tex. Nov. 20, 2000) (noting that an *ex parte* TRO should be granted "only in extraordinary circumstances" where the movant "will suffer immediate and irreparable injury not only by the failure to grant the temporary restraining order but by affording the restrained party advance knowledge that such relief is to be entered"). Because that showing was not made in *Jones*, the court "denie[d] plaintiffs' request for an *ex parte* temporary restraining order." 2000 WL 1725195, at *1. Here, Plaintiff's Motion fails to mention Rule 65 at all. Such careless briefing is insufficient to support the extraordinary relief Plaintiff seeks.

Because Plaintiff has not carried his burden of clearly showing that he will suffer immediate and irreparable harm before Defendants can be heard in opposition, the Court does not address the other requirements for obtaining a TRO.

### CONCLUSION

For the foregoing reasons, Plaintiff's Motion for a TRO is **DENIED**. The Court **DEFERS** ruling on a preliminary injunction at this time, considering this only after service has been effected on Defendants and they have an opportunity to file an answer in the action and a response to Plaintiff's Motion.

**SO ORDERED**.

September 5, 2025.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE