1
2  **CARL GORDON**
   **UNIVERSITY OF THE 'HOOD®**
3  8306 Wilshire Blvd., No. 792
   Beverly Hills, CA 90211
4  Tel. (310) 926-3939
   Email: universityofthehood@gmail.com
5  Amicus Curiae (Pro Se), CARL GORDON
6
7        **UNITED STATES DISTRICT COURT NORTHERN**
            **DISTRICT OF TEXAS AMARILLO DIVISION**
8
9  REPRESENTATIVE RONNY JACKSON,          **CASE No: 2:25-cv-00197-Z**

10 PLAINTIFF,                             **Hon. Matthew J. Kacsmaryk**

11 V.
                                          **AMICUS CURIAE CARL GORDON'S**
12 SHIRLEY N. WEBER, IN HER OFFICIAL      **BRIEF IN SUPPORT OF PLAINTIFF**
   CAPACITY AS                            **REPRESENTATIVE RONNY**
13                                        **JACKSON AND IN FURTHER**
   CALIFORNIA SECRETARY OF STATE          **SUPPORT OF PLAINTIFF'S BRIEF**
14 AND GAVIN                              **IN OPPOSITION TO DEFENDANTS'**
                                          **MOTION TO DISMISS (DKT. 35)**
15 NEWSOM, IN HIS OFFICIAL CAPACITY       **AND MOTION FOR PRELIMINARY**
   AS GOVERNOR OF                         **AND PERMANENT INJUNCTION,**
16                                        **AND IN OPPOSITION TO**
   CALIFORNIA,                            **DEFENDANTS' REPLY IN SUPPORT**
17                                        **OF THEIR MOTION TO DISMISS**
   DEFENDANTS.                            **(DKT. 36); AND REQUEST FOR**
18                                        **DECLARATORY AND PERMANENT**
                                          **INJUNCTIVE RELIEF AND**
19                                        **JUDICIAL NOTICE OF PETITION**
                                          **FOR ANNOTATION OF**
20                                        **ELECTORAL COLLEGE RECORD**
                                          **UNDER 5 U.S.C. § 553(e)**
21
22
23
24
25
26
27
28

**TABLE OF CONTENTS**

**Section**                                                                                      **Page**

NOTICE OF MOTION AND MOTION ................................................................................ 1

I. STATEMENT OF INTEREST ..................................................................................... 2

II. SUMMARY OF ARGUMENT ................................................................................... 3

III. FEDERAL JURISDICTION TO ENJOIN OUT-OF-STATE CONDUCT ....................................5

IV. STRUCTURAL AND CONSTITUTIONAL VIOLATIONS ............................................. 6

   A. Violations of the California Constitution ..................................................... 6

   B. Violations of Federal Law and the Supremacy Clause ................................ 7

   C. Due Process, Equal Protection, and Takings Violations ............................. 8

V. ATTORNEY GENERAL'S SUPPRESSION OF EVIDENCE NATIONWIDE IMPACT .............. 9

   A. Chronology of Suppression ....................................................................... 10

   B. Statutory and Mootness Violations ........................................................... 11

   C. Fraud on the Court ................................................................................... 13

   D. Relief Requested ...................................................................................... 14

   E. Class-Wide and Nationwide Harm ........................................................... 15

VI. PATTERN AND PRACTICE FROM 2020 THROUGH 2025 ....................................... 16

VII. REQUEST FOR JUDICIAL NOTICE ....................................................................... 17

VIII. RELIEF REQUESTED DECLARATORY AND PERMANENT INJUNCTIVE) .............….. 18

CERTIFICATE OF COMPLIANCE ............................................................................... 20

DECLARATION OF CARL GORDON IN SUPPORT OF AMICUS CURIAE BRIEF…....................... 21

PROOF OF SERVICE ................................................................................................. 23

NOTICE OF LODGING OF [PROPOSED] ORDER ........................................................... 25

[PROPOSED] ORDER GRANTING MOTION FOR RELIEF ............................................... 26

**TABLE OF AUTHORITIES**

**Cases**

| Case | Citation |
|------|----------|
| *Bush v. Gore* | 531 U.S. 98 (2000) |
| *Caperton v. A.T. Massey Coal Co.* | 556 U.S. 868 (2009) |
| *Clark v. Weber* | 54 F.4th 590 (9th Cir. 2022); 68 F.4th 678 (9th Cir. 2023) |
| *Ex parte Young* | 209 U.S. 123 (1908) |
| *Hazel-Atlas Glass Co. v. Hartford-Empire Co.* | 322 U.S. 238 (1944) |
| *Milliken v. Bradley* | 418 U.S. 717 (1974) |
| *New Hampshire v. Maine* | 532 U.S. 742 (2001) |
| *Pumphrey v. K.W. Thompson Tool Co.* | 62 F.3d 1128 (9th Cir. 1995) |
| *United States v. Estate of Stonehill* | 660 F.3d 415 (9th Cir. 2011) |
| *United States v. Sierra Pac. Indus.* | 862 F.3d 1157 (9th Cir. 2017) |
| *United States v. Throckmorton* | 98 U.S. 61 (1878) |

**Constitutional Provisions**

| Provision | Description |
|-----------|-------------|
| U.S. Const. art. II § 1 | Presidential Election Clause |
| U.S. Const. art. VI | Supremacy Clause |
| U.S. Const. amend. V | Takings Clause |

| Provision | Description |
|---|---|
| U.S. Const. amend. XIV | Due Process and Equal Protection Clauses |
| Cal. Const. art. II § 17 | Recall of Governor — transfer of duties to Lieutenant Governor |
| Cal. Const. art. V § 10 | Temporary disability and succession of Governor |
| Cal. Const. art. I § 19 | Takings Clause (California Constitution) |

**Statutes and Regulations**

| Citation | Title / Description |
|---|---|
| 5 U.S.C. § 553(e) | Petition for rulemaking (Annotation of Electoral College Record) |
| 18 U.S.C. §§ 1001, 1503, 1512, 1519, 1341, 1343, 241, 242, 4 | Federal criminal statutes violated (false statements, obstruction, fraud, civil rights) |
| 28 U.S.C. §§ 1331, 1343 | Federal question and civil-rights jurisdiction |
| 31 U.S.C. § 3729(a)(1) | False Claims Act — treble damages |
| 2 C.F.R. § 200.423 | Unallowable costs (alcohol-related expenses) |
| Cal. Gov't Code §§ 1090, 87100, 8920 | Conflicts of interest and self-dealing provisions |
| Cal. Gov't Code § 820(a) | Personal liability of public employees |
| Cal. Civ. Code § 3345 | Enhanced remedies for senior citizens |
| Fed. R. Civ. P. 60(d)(3) | Fraud on the court |
| Fed. R. Evid. 201(b) | Judicial notice of adjudicative facts |

**Legislative Acts and Bills**

| Citation | Description |
| --- | --- |
| SB 423 (2020) | Polling places in alcohol-serving venues |
| SB 152 (2021) | Recall procedures amendment |
| AB 128 (2021) | Recall funding appropriation |
| AB 85 (2021) | Budget trailer bill related to election administration |
| SB 129 (2021) | Budget Act corollary appropriations bill |

**Other Authorities**

| Authority | Description |
| --- | --- |
| Executive Order N-03-19 (Cal. Jan. 7 2019) | Governor Newsom's order on conflicts of interest |
| Petition for Annotation of the Electoral College Record | Filed under 5 U.S.C. § 553(e) (2025) |
| EAC Inspector General Referral (Dec 9 2021) | Federal referral to DOJ/FBI re HAVA fund misuse |
| Proposition 50 (2025) | "Election Rigging Response Act" |

**NOTICE OF MOTION AND MOTIONTO THE HON. MATTHEW J. KACSMARYK, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on the earliest available date, or on such date as the Court may set, Amicus Curiae Carl Gordon, appearing *pro se*, hereby moves this Honorable Court for leave to file this Amicus Curiae Brief in Support of Plaintiff Representative Ronny Jackson and in further support of Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss (Dkt. 35) and Motion for Preliminary and Permanent Injunction, and in opposition to Defendants' Reply in Support of their Motion to Dismiss (Dkt. 36).

This Motion also includes a Request for Declaratory and Permanent Injunctive Relief and a Request for Judicial Notice of the Petition for Annotation of the Electoral College Record under 5 U.S.C. § 553(e) and related materials demonstrating ongoing constitutional violations arising from the 2020 Presidential Election, the 2021 California Gubernatorial Recall, and Proposition 50 ("Election Rigging Response Act").

This Motion is based on this Notice, the accompanying Amicus Curiae Brief, the records and pleadings on file, and such further argument and evidence as may be presented at any hearing the Court may order.

**Dated**: October 24, 2025                     Respectfully submitted,

Carl Gordon
Amicus Curiae pro se
8306 Wilshire Blvd., No. 792
Beverly Hills, CA 90211
universityofthehood@gmail.com
(310) 926-3939

# I. STATEMENT OF INTEREST

Amicus Curiae Carl Gordon is a fee-paying 2021 California gubernatorial recall replacement candidate, whose filing fee and candidacy rights were unconstitutionally impaired by Defendants Governor Gavin Newsom and Secretary Shirley Weber during the recall process — violating the Fifth Amendment Takings Clause and the Fourteenth Amendment's Due Process and Equal Protection Clauses.

Amicus brings this matter not only on his own behalf but also on behalf of similarly situated replacement candidates and California's approximately 22.9 million registered voters, all of whom remain subject to the same unconstitutional election machinery that began with the 2020 Presidential Election and the 2021 California gubernatorial recall and now extends to Proposition 50 ("Election Rigging Response Act") on the November 4, 2025, ballot.

Amicus further presents this issue on behalf of the nation as a whole, because Governor Newsom's unlawful certification of California's 2020 United States Presidential Election and the subsequent misuse of HAVA funds during that election cycle compromised the constitutional integrity of the entire United States electoral system. The same unconstitutional misuse of HAVA funds occurred again during the 2021 gubernatorial recall election, revealing a continuing pattern and practice of election fraud by Governor Newsom. These actions— compounded by the suppression and concealment of evidence by the California Attorney General's Office in at least five federal cases pending in the U.S. District Court and the Ninth Circuit Court of Appeals since the first case was filed on September 9, 2021 (*Gordon I*)—have concealed material facts regarding Governor Newsom's violations and obstructed justice at the federal level.

This national injury is documented in the Petition for Annotation of the Electoral College Record of the 2020 United States Presidential Election under 5 U.S.C. § 553(e), which requests that the Archivist of the United States and the Office of the Federal Register annotate the official record to reflect the legal defects arising from these violations. The unlawful use of HAVA funds not only tainted California's elections but also distorted federally funded election infrastructure nationwide — harming every American citizen's constitutional interest in a fair and lawfully conducted federal election.

In addition to supporting Plaintiff's requested relief, Amicus independently seeks declaratory and permanent injunctive relief to restore constitutional compliance and prevent further violations affecting California's voters and the national electoral framework.

Accordingly, the Court's understanding of what is happening in California—and its impact not only on California's 22.9 million registered voters, but also on the State of Texas, Representative Ronny Jackson, and the nation as a whole—is essential to safeguarding the integrity of federal constitutional governance, preserving interstate comity, and ensuring the legitimacy of the national electoral process.

## II. SUMMARY OF ARGUMENT

This case presents a live federal controversy of historic importance. The State of California—through Defendants Governor Gavin Newsom and Secretary Shirley Weber, and her predecessor, now–California Senator Alex Padilla, who was appointed by Governor Newsom on December 22, 2020, only seventeen days after Newsom unlawfully signed California's Certificate of Ascertainment for the 2020

Presidential Election on December 5, 2020—has repeatedly disregarded constitutional limitations on their authority, undermining lawful election administration in ways that harm not only Californians but the entire nation. During the 2020 Presidential Election, then–Secretary of State Padilla awarded a $35 million no-bid "voter outreach" contract to SKD Knickerbocker, a Biden-affiliated political consulting firm, for  in direct violation of the Help America Vote Act (HAVA) and the Supremacy Clause of the U.S Constitution. This unlawful expenditure of federal election funds further demonstrates the systemic misuse of HAVA resources to influence electoral outcomes and erode constitutional safeguards.

Under the U.S. Constitution, federal courts possess the authority to enjoin state officials when their acts violate federal law and threaten interstate harm. *Ex parte Young*, 209 U.S. 123 (1908); *Milliken v. Bradley*, 418 U.S. 717 (1974). The Court has both jurisdiction and the duty to act.

**Amicus submits this brief in support of Plaintiff Representative Ronny Jackson and to request injunctive and declaratory relief, establishing that:**

1. Governor Newsom's and Secretary Weber's continuing conduct constitutes a series of structural constitutional violations under both state and federal law;

2. The misuse of HAVA funds—including the $35 million no-bid contract awarded to SKD Knickerbocker—among other HAVA violations in the 2020 Presidential Election and the 2021 gubernatorial recall election—and the unlawful certification of the 2020 Presidential Election in California produced nationwide constitutional injury;

3.  The same unconstitutional framework continues through Proposition 50, necessitating injunctive and declaratory relief declaring it void *ab initio*; and

4.  Declaratory relief is warranted declaring that California's Certificate of Ascertainment for the 2020 Presidential Election, executed on December 5, 2020, is void *ab initio* due to Governor Newsom's constitutional disqualification and misuse of federal election funds, and that the 2021 California gubernatorial recall election was rigged and constitutionally invalid under both state and federal law.

## III. FEDERAL JURISDICTION AND AUTHORITY TO ENJOIN OUT-OF-STATE CONDUCT

Federal jurisdiction exists under 28 U.S.C. §§ 1331 and 1343, as this case arises under the U.S. Constitution and federal statutes regulating elections and interstate relations.

Defendants' conduct in California, while geographically distant, has direct and substantial interstate effects, including retaliation against a Texas official and nationwide impact on the constitutional structure of elections. *Ex parte Young* permits injunctive relief against state officials acting unconstitutionally, and *Milliken* confirms that federal courts may issue extraterritorial orders where necessary to redress constitutional violations.

California's enactment and enforcement of Proposition 50 were designed, in Governor Newsom's own words, to "neutralize" perceived actions by Texas — an explicit invocation of interstate political hostility. Such acts fall squarely within this Court's purview.

## IV. STRUCTURAL AND CONSTITUTIONAL VIOLATIONS

Governor Newsom's unlawful conduct originated during the 2020 Presidential Election, when he exercised powers from which he was constitutionally disqualified under Article II, § 17 and Article V, § 10 of the California Constitution and his own Executive Order. That pattern of misconduct continued through the 2021 gubernatorial recall and persists in the current enactment of Proposition 50, all reflecting a consistent disregard for state and federal constitutional boundaries. Each episode demonstrates an abuse of executive authority intertwined with conflicts of interest, misuse of federal election funds, and structural violations that threaten both state and national constitutional order.

### A. Violations of the California Constitution

Article II, § 17 and Article V, § 10 of the California Constitution required Governor Gavin Newsom's disqualification from recall-related duties as of February 20–21, 2020. *In re Governorship*, 26 Cal. 3d 110 (1979). The California Supreme Court interpreted Article V, Section 10 as self-executing and held that the Lieutenant Governor is constitutionally empowered to act as Governor when the Governor is unable to discharge his duties, including during a temporary disability; the Lieutenant Governor's assumption of duties does not require the Governor's consent. (*Id.* at 117.)

The Court further cited the California Constitution Revision Commission's legislative-history explanation that when the Constitution prohibits the Governor from acting, that condition constitutes a "disability," rendering the Governor legally disabled. (*Id.* at 118–19.)

Nonetheless, Governor Newsom exercised those powers unlawfully by signing and enacting Senate Bill 423 (Aug. 6, 2020)—a measure governing the 2020 Presidential Election that authorized polling places in alcohol-serving establishments and funded voter outreach and education through a $35 million no-bid contract awarded to SKD Knickerbocker, in direct violation of the U.S. Election Assistance Commission's (EAC) federal funding restrictions, his own Executive Order N-03-19 (Jan. 7, 2019), and the Supremacy Clause of the United States Constitution.

Background. SKD Knickerbocker—a political consulting firm with close ties to President Joseph Biden's 2020 campaign—was awarded this no-bid contract on an expedited basis by then-Secretary of State Alex Padilla the contract was signed on October 1, 2020, notwithstanding that the $35 million expenditure had already been authorized and appropriated on August 6, 2020, through Governor Newsom's unconstitutional signing of SB 423 while disqualified. It appears that there was no legitimate justification for awarding the no-contract to a political partisan on an emergency basis.

California State Controller Betty Yee, an elected constitutional officer and the state's chief fiscal officer, refused to authorize payment of taxpayer funds for the voter education campaign because it lacked proper budget authority. Nevertheless, the Democratic-controlled California Legislature, acting under Governor Newsom's direction, manipulated a payment mechanism to fund the $35 million contract—$11 million of which was derived from misused federal HAVA funds—through the passage and signing of Assembly Bill 85 on February 23, 2021 (Ch. 4, Stats. 2021). That bill, itself void *ab initio* because Governor Newsom knowingly signed it without constitutional authority, and

notwithstanding that it also violated HAVA funding prohibitions, retroactively granted the budget authority necessary to permit payment of the SKD Knickerbocker contract.

This conduct constituted a triple violation of state law through conflicts of interest and self-dealing under the California Fair Political Practices Act and the California Constitution, Article II § 17 and Article V § 10, as well as violations of Government Code §§ 1090, 87100, and 8920—together with SB 152, AB 128, AB 85, and SB 129. It further violated Governor Newsom's own Executive Order N-03-19 (Jan. 7, 2019) and the Supremacy Clause of the United States Constitution. Accordingly, these acts were void *ab initio* and infected all subsequent elections and administrative actions.

**B. Violations of Federal Law and the Supremacy Clause**

Defendants' misuse of federal election funds under the Help America Vote Act and 2 C.F.R. § 200.423 constitutes federal preemption violations. Federal law expressly prohibits use of HAVA funds in any venue or process involving alcohol service or partisan expenditure, yet California repeatedly authorized polling locations in alcohol-serving establishments, including those tied to the Governor's PlumpJack Group holdings.

These violations implicate the Supremacy Clause, U.S. Const. art. VI, and render any state law or practice to the contrary void.

**C. Due Process, Equal Protection, and Takings Violations**

Manipulating election structures to entrench partisan advantage violates Due Process and Equal Protection principles. *Bush v. Gore*, 531 U.S. 98 (2000); *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009). Further, extracting

mandatory candidate fees under a disqualified framework constitutes an unconstitutional taking without just compensation, in violation of the Fifth Amendment Takings Clause.

## V. ATTORNEY GENERAL'S SUPPRESSION OF EVIDENCE AND NATIONWIDE IMPACT

The constitutional violations originating in the 2020 Presidential Election were compounded by the California Attorney General's Office, which—working in coordination with Obama- and Biden-appointed attorneys in the Central District of California and the Ninth Circuit Court of Appeals—suppressed and obstructed material evidence revealing Governor Newsom's unconstitutional acts. This concealment spanned at least five federal cases beginning with *Gordon I* (filed Sept. 9, 2021) and continues through subsequent appeals, impeding federal oversight and perpetuating the misuse of federal election funds.

Because HAVA funds derive from congressional appropriations, their misuse in California injures every federal taxpayer and voter. This nationwide consequence underscores why this Court—sitting in Texas—must act to uphold federal supremacy, transparency, and constitutional accountability.

### A. Chronology of Suppression

From December 2021 through March 2024, Attorney General Rob Bonta and his deputies deliberately suppressed federal criminal findings concerning the unlawful misuse of HAVA funds.

- **Dec 9, 2021 —** The U.S. Election Assistance Commission (EAC) Inspector General formally referred Plaintiff's complaint regarding misuse

of HAVA funds to the DOJ and FBI pursuant to § 4(d) of the Inspector General Act.

- **Dec 13 & 20, 2021** — Plaintiff notified California DOJ counsel Paul Stein and Natasha Sheth (*Exs. O–P*).

- **Jan 3 2022** — Plaintiff followed up (*Ex. Q*).

- **Mar 22, 2022** — Plaintiff resubmitted filings (*Ex. K*).

- **Oct 3 & Dec 23, 2022** — Plaintiff's Ninth Circuit briefs raised the OIG referral in detail (*Exs. R–S*).

- **Mar 8, 2024** — The Ninth Circuit falsely claimed the evidence had never been raised (*Ex. T*).

## B. Statutory and Mootness Violations

By ignoring the Inspector General's referral and defending void recall laws, the Attorney General violated numerous federal statutes, including 18 U.S.C. §§ 1001, 1503, 1512, 1519, 1341, 1343, 241, 242, and 4.

Equally grave was the Attorney General's misrepresentation to the federal judiciary concerning mootness. In *Clark v. Weber*, 54 F.4th 590 (2022) and 68 F.4th 678 (2023), the Ninth Circuit held that challenges to the 2021 recall election are not moot and fall within the *capable of repetition yet evading review* exception. During oral argument on October 20, 2022, counsel for the California Attorney General's Office admitted on the record that the recall "is not moot." That judicial admission remains in the official Ninth Circuit record.

Nevertheless, in Plaintiff Gordon's cases, the same office asserted the opposite— falsely claiming mootness while concealing its prior admission in *Clark*. This

reversal constitutes judicial estoppel and fraud upon the court under *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944); *New Hampshire v. Maine*, 532 U.S. 742 (2001); and *Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d 1128 (9th Cir. 1995).

## C. Fraud on the Court

As California's chief law-enforcement officer and an officer of the court, Attorney General Bonta had a heightened duty of candor and disclosure. Instead, his office suppressed both its federal criminal referral and its prior admission in *Clark*, then advanced void legislation to conceal constitutional violations.

This pattern of misrepresentation and nondisclosure constitutes fraud upon the court under Fed. R. Civ. P. 60(d)(3), as recognized in *Hazel-Atlas*, *United States v. Sierra Pac. Indus.*, 862 F.3d 1157 (9th Cir. 2017), and *United States v. Estate of Stonehill*, 660 F.3d 415 (9th Cir. 2011). By taking contradictory positions in successive cases to defeat constitutional claims, the Attorney General's Office corrupted the judicial process itself, squarely within the definition of *United States v. Throckmorton*, 98 U.S. 61 (1878).

## D. Relief Requested

Given the Attorney General's suppression of federal criminal referrals and his contradictory mootness positions between *Clark v. Weber* and *Gordon I*, Amicus Curiae Carl Gordon respectfully requests that this Court exercise its equitable authority to enjoin further violations and to declare California's Proposition 50 ("Election Rigging Response Act") unconstitutional and void *ab initio*.

Amicus requests that this Court specifically order:

1. **Declaratory Relief** that Proposition 50 — put forth by Governor Gavin Newsom, a proven violator of both the California and United States Constitutions (notably, as a formerly disqualified executive, through his unlawful signing on December 5, 2020, of California's Certificate of

   Ascertainment for the 2020 Presidential Election) — and sustained through violations of state law and the suppression of federal criminal evidence — will continue to perpetuate and replicate ongoing violations of the United States and California Constitutions and governing federal election law unless this Court intervenes to halt the unconstitutional implementation of California Proposition 50 ("Election Rigging Response Act)

2. **Injunctive Relief** prohibiting Defendants from printing, distributing, counting, canvassing, certifying, or implementing Proposition 50 on the November 4, 2025, ballot;

3. **Declaratory Relief** that California's Certificate of Ascertainment (Dec 5, 2020) and the 2021 Gubernatorial Recall Election were constitutionally void *ab initio* due to Governor Newsom's disqualification, misuse of federal election funds, and the Attorney General's fraudulent mootness litigation;

4. **Findings of Takings-Clause Violations**, holding that collection of filing fees from Amicus and similarly situated recall replacement candidates constituted an unconstitutional taking without just compensation under the Fifth Amendment; and

5. **Repayment of All Misused Election Funds**, including the entire $250 million in HAVA, CARES Act, and state reimbursements used for the 2021 recall — encompassing the $35 million SKDK Knickerbocker contract, the $75.4 million FY 2020 EAC grant, the $95.3 million FY 2021 EAC grant, and related AB 128 allocations — to the United States Treasury and the California State Treasury, ensuring full restitution and the restoration of fiscal and constitutional integrity. See the 22-page excerpt from the Master Exhibit List (Case No. 25-561) for the Texas Court, attached hereto as Exhibit G. (*Case: 25-561, July 6, 2025, DktEntry: 45.1*).

Amicus further seeks any additional relief necessary to restore constitutional and statutory order and to enforce the Supremacy Clause, Takings Clause, and HAVA.

### E. Class-Wide and Nationwide Harm

The Attorney General's misconduct has harmed Amicus Carl Gordon, Representative Ronny Jackson, all similarly situated fee-paying recall replacement candidates, and California's 22.9 million registered voters, whose rights to a valid election were denied. Because the misused funds were federally appropriated, the injury extends nationwide. The false mootness positions and suppression of evidence deprived the federal judiciary—and the nation—of transparency and accountability.

Accordingly, Amicus urges this Court to recognize the interstate and national scope of the harm; to invalidate Proposition 50 and the void elections of 2020 and 2021; pursuant to California Government Code § 820(a), to order Governor Newsom to repay all misused public funds; and to award appropriate restitution for violations of the Takings Clause and related constitutional provisions.

## VI. PATTERN AND PRACTICE FROM 2020 THROUGH 2025

Governor Newsom's unconstitutional conduct forms a continuous pattern spanning:

1. The **2020 presidential certification process**, producing a tainted **Certificate of Ascertainment** and **Certificate of Vote**;

2. The **2021 gubernatorial recall**, administered under a void constitutional framework; and

3. The **2025 Proposition 50 measure**, continuing the same self-dealing structure under new legislative guise.

The cumulative effect is the erosion of lawful election governance in California, with cascading harm to interstate and national constitutional order.

## VII. REQUEST FOR JUDICIAL NOTICE

Pursuant to Fed. R. Evid. 201(b), Amicus respectfully requests that the Court take judicial notice of the following public records:

1. **Exhibit A:** California Certificate of Ascertainment (Dec. 5, 2020).

2. **Exhibit B:** California Certificate of Vote (Dec. 14, 2020).

3. **Exhibit C:** Amicus Motion for Leave to File Brief (Oct. 2, 2025, *Hilton v. Weber*, C.D. Cal. Case No. 8:25-cv-01988).

4. **Exhibit D:** Amicus Request for Judicial Notice of Court, Federal, and State Records (Oct. 7, 2025, same case).

5. **Exhibit E:** California Constitution, Article II § 17 and Article V § 10, with *In re Governorship*, 26 Cal. 3d 110 (1979).

6. **Exhibit F:** Petition for Annotation of the Electoral College Record under 5 U.S.C. § 553(e).

7. **Exhibit G**: the 22-page excerpt from the Master Exhibit List (Case No. 25-561) for the Texas Court, (Case: 25-561, July 6, 2025, DktEntry: 45.1).

8. **Exhibit H**: United States ex rel. Carl Gordon v. Gavin Newsom etal., No. 2:25-cv-4705-AB(SSCx) (C.D. Cal.). PLAINTIFF-RELATOR'S REPLY TO ORDER TO SHOW CAUSE September 27, 2025.

Each record constitutes an official government act or certified filing not subject to reasonable dispute, and judicial notice will assist the Court in understanding the broader constitutional and factual context.

## VIII. RELIEF REQUESTED (INCLUDING DECLARATORY AND PERMANENT INJUNCTIVE RELIEF)

Amicus respectfully requests that the Court grant the following relief:

1. Preliminary and Permanent Injunctive Relief enjoining Defendants and their agents from printing, distributing, counting, canvassing, certifying, or implementing Proposition 50 on the November 4, 2025, ballot, or any subsequent measure arising therefrom;

2. Declaratory Relief declaring that Proposition 50, and all actions taken in furtherance thereof, are unconstitutional and void ab initio, as violative of the U.S. Constitution, the California Constitution, and federal statutory restrictions on election funding;

3.  Judicial Notice of the documents listed in Section VII, including the Petition for Annotation of the Electoral College Record under 5 U.S.C. § 553(e); and

4.  Such further relief as the Court deems just and proper in the interests of justice and constitutional governance.

**Dated**: October 24, 2025                    Respectfully submitted,

Carl Gordon
Amicus Curiae pro se
8306 Wilshire Blvd., No. 792
Beverly Hills, CA 90211
universityofthehood@gmail.com
(310) 926-3939

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(g)(1) and Fifth Circuit Rule 32.2, I certify that this Amicus Curiae Brief:

1. Complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 6113 words, excluding the parts of the brief exempted by Rule 32(f) (such as the cover page, corporate disclosure statement, table of contents, table of authorities, certificates, and signature block); and

2. Complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5)–(6) because it has been prepared in 14-point Times New Roman font using Microsoft Word.

Executed this 24 day of October 2025, at Beverly Hills, California.

/Carl Gordon/

**Carl Gordon**
*Amicus Curiae (Pro Se)*
University of the 'Hood®
8306 Wilshire Blvd., No. 792
Beverly Hills, CA 90211
universityofthehood@gmail.com | (310) 926-3939

**DECLARATION OF CARL GORDON**

**IN SUPPORT OF AMICUS CURIAE BRIEF, REQUEST FOR JUDICIAL NOTICE, AND MOTION FOR DECLARATORY AND INJUNCTIVE RELIEF**

I, Carl Gordon, declare as follows:

1. I am the Amicus Curiae submitting the accompanying *Amicus Curiae Brief in Support of Plaintiff Representative Ronny Jackson and in Further Support of Motion for Preliminary and Permanent Injunction (or, Alternatively, for Leave to Intervene for Limited Purpose), and Request for Judicial Notice*.
   I make this declaration of my own personal knowledge, and if called as a witness, I could and would competently testify to the following facts.

2. I was a fee-paying replacement candidate in the 2021 California Gubernatorial Recall Election. My candidacy and the candidacies of others similarly situated were conducted under a constitutionally void framework because Governor Gavin Newsom was disqualified from recall-related duties as of February 20–21, 2020, pursuant to Article II § 17 and Article V § 10 of the California Constitution.

3. During that recall and in the preceding 2020 Presidential Election, Governor Newsom and former Secretary of State Alex Padilla and Secretary of State Shirley Weber, acting through their offices, misused federal election funds—including Help America Vote Act (HAVA) and CARES Act appropriations—contrary to 2 C.F.R. § 200.423, which prohibits expenditures involving alcohol-serving establishments. Senate Bill 423 (Aug. 6, 2020) authorized such polling locations, directly conflicting with federal restrictions and the Supremacy Clause.

4.  Public records further show that the California Attorney General's Office, in coordination with Obama- and Biden-appointed attorneys in the Central District of California and the Ninth Circuit Court of Appeals, suppressed and misrepresented material evidence in at least five federal cases beginning with *Gordon v. Newsom et al.*, No. 2:21-cv-07270 (FMO/MAR), filed September 9, 2021.
That suppression extended to concealment of a December 9, 2021 Inspector General referral from the U.S. Election Assistance Commission to the DOJ and FBI concerning misuse of HAVA funds.

5.  The Attorney General's Office subsequently argued that Gordon's cases were moot while simultaneously conceding in *Clark v. Weber*, 68 F.4th 678 (9th Cir. 2023), that nearly the identical constitutional claims regarding the 2021 recall were *not* moot. This contradictory position constitutes judicial estoppel and demonstrates deliberate fraud upon the court.

6.  As a result of these actions, more than $250 million in federal and state election funds were illegally expended during the recall, including the $35 million SKDK Knickerbocker contract, the $75.4 million FY 2020 EAC grant, the $95.3 million FY 2021 EAC grant, and related AB 128 allocations. Copies of relevant excerpts from the Master Exhibit List (Case No. 25-561, DktEntry 45.1) are attached hereto as Exhibit G.

7.  I and other fee-paying recall replacement candidates suffered economic injury when the State collected filing fees under this void framework, amounting to an unconstitutional taking in violation of the Fifth Amendment Takings Clause.

8.  I submit this declaration to support the Court's understanding that Proposition 50 ("Election Rigging Response Act") continues the same unconstitutional pattern of conduct. Unless enjoined, it will replicate and magnify violations of federal and state constitutional law, further undermining the integrity of national elections and the constitutional balance among the States.

9.  I make this declaration in good faith to aid the Court's determination of the constitutional and factual record relevant to Plaintiff's and Amicus's requests for declaratory and injunctive relief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 24th day of October 2025, at Beverly Hills, California.


/Carl Gordon/

Carl Gordon
Amicus Curiae (Pro Se)
University of the 'Hood®
8306 Wilshire Blvd., No. 792
Beverly Hills, CA 90211
universityofthehood@gmail.com | (310) 926-3939

**PROOF OF SERVICE**

I, Mae Gordon, declare as follows: I am employed in the City and County of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action.
My address is 1125 South Holt Avenue, Apt. 3, Los Angeles, California 90035. On October 24, 2025, I served the following documents: AMICUS CURIAE CARL GORDON'S BRIEF IN SUPPORT OF PLAINTIFF REPRESENTATIVE RONNY JACKSON AND IN FURTHER SUPPORT OF PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS (DKT. 35) AND MOTION FOR PRELIMINARY AND PERMANENT INJUNCTION, AND IN OPPOSITION TO DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS (DKT. 36); AND REQUEST FOR DECLARATORY AND PERMANENT INJUNCTIVE RELIEF AND JUDICIAL NOTICE OF PETITION FOR ANNOTATION OF ELECTORAL COLLEGE RECORD UNDER 5 U.S.C. § 553(e) [PROPOSED] ORDER

Judge Matthew J. Kacsmaryk
Court Courtesy Copy (via email) kacsmaryk_chambers@txnd.uscourts.gov

Daniel Zachary Epstein Epstein & Co. LLC
8903 Glades Rd
Ste A8 #2090
Boca Raton, FL 33434 (510) 239-7430
dan@epsteinco.co

Chris D. Parker TX Bar. No. 15479100
Farris Parker & Hubbard A Professional Corporation
P.O. Box 9620
Amarillo, TX 79105-9620
(806) 374-5317
cparker@pf-lawfirm.com

Edward Andrew Paltzik TX Bar No. 24140402
Taylor Dykema PLLC
925 E. 25th Street
Houston, TX 77009
(516) 526-0341
edward@taylordykema.com

Jennifer Elizabeth Rosenberg
 Department of Justice, 300 S Spring St, Ste 1702,
Los Angeles, CA 90013-1256
Phone: 213-269-6617
Email jennifer.rosenberg@doj.ca.gov

Executed on October 24, 2025, at Los Angeles, California.
I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*Mae Gordon*

  Mae Gordon

**CARL GORDON**
**UNIVERSITY OF THE 'HOOD®**
8306 Wilshire Blvd., No. 792
Beverly Hills, CA 90211
Tel. (310) 926-3939
Email: universityofthehood@gmail.com
Amicus Curiae (Pro Se), CARL GORDON

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (SOUTHERN DIVISION)

| | |
|---|---|
| REPRESENTATIVE RONNY JACKSON, <br><br> PLAINTIFF, <br><br> V. <br><br> SHIRLEY N. WEBER, IN HER OFFICIAL CAPACITY AS CALIFORNIA SECRETARY OF STATE AND GAVIN NEWSOM, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF CALIFORNIA, <br><br> DEFENDANTS. | CASE No: 2:25-cv-00197-Z <br><br> **[PROPOSED] ORDER** |

**NOTICE OF LODGING OF [PROPOSED] ORDER**

TO THE HONORABLE MATTHEW J. KACSMARYK, UNITED STATES
DISTRICT JUDGE,

AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Please take notice that Amicus Curiae Carl Gordon hereby lodges with the Court
the attached [Proposed] Order Granting Amicus Curiae Carl Gordon's Motion for
Leave to File Amicus Brief, Request for Judicial Notice, and Motion for
Declaratory and Injunctive Relief.

The lodged [Proposed] Order reflects the relief requested in Amicus Gordon's
concurrently filed Amicus Brief and supporting materials, including declaratory
and injunctive relief concerning California Proposition 50 ("Election Rigging
Response Act"), findings regarding constitutional violations in the 2020
Presidential and 2021 Recall Elections, Takings-Clause restitution, and
repayment of misused federal and state election funds.

Dated: October ___, 2025

Amarillo, Texas

Respectfully submitted,

**[PROPOSED] ORDER GRANTING AMICUS CURIAE CARL GORDON'S MOTION FOR LEAVE TO FILE AMICUS BRIEF, REQUEST FOR JUDICIAL NOTICE, AND MOTION FOR DECLARATORY AND INJUNCTIVE RELIEF**

Having considered **Amicus Curiae Carl Gordon's** Motion for Leave to File an Amicus Brief, the accompanying **Request for Judicial Notice**, and the entire record, the Court finds good cause to GRANT the motion in part and ENTER the following order:

**IT IS HEREBY ORDERED THAT:**

1. **Leave Granted.**

   Amicus Curiae Carl Gordon is GRANTED leave to file his Amicus Brief in support of Plaintiff Representative Ronny Jackson and the pending Motion for Preliminary and Permanent Injunction.

2. **Judicial Notice.**

   The Court takes judicial notice under **Fed. R. Evid. 201(b)** of the public records and exhibits identified in Section VII of the Amicus Brief, including the *Petition for Annotation of the Electoral College Record of the 2020 United States Presidential Election* (5 U.S.C. § 553(e)) and the 22-page excerpt from the **Master Exhibit List (Case No. 25-561, DktEntry 45.1)** attached as **Exhibit A**.

3. **Declaratory Relief.**

   The Court DECLARES that:

   a. **California Proposition 50 ("Election Rigging Response Act")** — put forth by Governor Gavin Newsom, a proven and formerly disqualified

executive, and sustained through violations of state law and the suppression of federal criminal evidence — will continue and replicate ongoing violations of the United States and California Constitutions and governing federal election law if this Court does not intervene to halt the unconstitutional implementation of California Proposition 50; and

b. California's Certificate of Ascertainment for the 2020 Presidential Election (Dec 5, 2020) and the 2021 Gubernatorial Recall Election were constitutionally void *ab initio* due to Governor Newsom's disqualification, misuse of federal election funds, and the California Attorney General's suppression of material evidence and fraudulent mootness litigation.

4. **Injunctive Relief.**

Defendants and their agents are ENJOINED from printing, distributing, counting, canvassing, certifying, or otherwise implementing Proposition 50 on the November 4, 2025, ballot or any substantially similar measure arising therefrom.

5. **Takings-Clause Relief and Treble Damages.**

The Court FINDS that the collection of filing fees from Amicus and all similarly situated replacement candidates — each of whom paid $4,194.94 for the 2021 Gubernatorial Recall — constituted an unconstitutional taking of property without just compensation, in violation of the Fifth Amendment to the United States Constitution and Article I, § 19 of the California Constitution. See *United States ex rel. Carl Gordon v. Gavin Newsom et al.*, No. 2:25-cv-4705-AB(SSCx) (C.D. Cal.) (Exhibit H).

Pursuant to California Government Code § 820(a), which renders public employees personally liable for injuries caused by their acts or omissions to the

same extent as private persons, Governor Gavin Newsom, in his individual capacity, is hereby DECLARED personally liable for the injuries caused by his acts and omissions leading to this unconstitutional taking. Governor Newsom is ORDERED to reimburse Amicus Carl Gordon and all similarly situated replacement candidates for their respective fees, with interest at the statutory rate.

Because Amicus Gordon is a senior citizen within the meaning of California Civil Code § 3345 and the federal False Claims Act, 31 U.S.C. § 3729(a)(1), he is further entitled to treble damages and such enhanced relief as the Court deems appropriate to vindicate his rights and deter future constitutional and statutory violations.

6. **Repayment of Misused Election Funds.**

Defendants —including Governor Gavin Newsom and Secretary of State Shirley Weber—acting under color of state law and within the meaning of Gov't Code § 820(a), are hereby DECLARED personally liable for injuries arising from the misuse of federal and state election funds. Defendants shall REPAY the entire $250 million in misused election monies—including but not limited to the $35 million SKDK Knickerbocker contract, the $75.4 million FY 2020 EAC HAVA grant, the $95.3 million FY 2021 EAC grant, and related AB 128 allocations—to the United States Treasury and the California State Treasury, ensuring full restitution and the restoration of fiscal and constitutional integrity.

This Repayment Order shall be executed in coordination with *United States ex rel. Carl Gordon v. Gavin Newsom et al.*, No. 2:25-cv-4705-AB(SSCx) (C.D. Cal.), as referenced in Plaintiff-Relator's *Reply to Order to Show Cause* dated September 27, 2025, and the attached record designated as Exhibit H.

7. **Further Relief.**

The Court RETURNS this matter to its docket for ongoing oversight and reserves jurisdiction to issue any additional orders necessary to enforce this ruling and maintain constitutional compliance.

**IT IS SO ORDERED.**

Dated: _____ 2025

Amarillo, Texas


**Hon. Matthew J. Kacsmaryk**

United States District Judge

Northern District of Texas

**Dated**: October 24, 2025                    Respectfully submitted,

Carl Gordon
Amicus Curiae pro se
8306 Wilshire Blvd., No. 792
Beverly Hills, CA 90211
universityofthehood@gmail.com
(310) 926-3939

# EXHIBIT A
# ALL-INCLUSIVE

1.    Exhibit A: California Certificate of Ascertainment (Dec. 5, 2020).

2.    Exhibit B: California Certificate of Vote (Dec. 14, 2020).

3.    Exhibit C: Amicus Motion for Leave to File Brief (Oct. 2, 2025, Hilton v. Weber, C.D. Cal. Case No. 8:25-cv-01988).

4.    Exhibit D: Amicus Request for Judicial Notice of Court, Federal, and State Records (Oct. 7, 2025, same case).

5.    Exhibit E: California Constitution, Article II § 17 and Article V § 10, with In re Governorship, 26 Cal. 3d 110 (1979).

6.    Exhibit F: Petition for Annotation of the Electoral College Record under 5 U.S.C. § 553(e).



**UNIVERSITY OF THE 'HOOD®**

*A mind is a beautiful thing to develop.*

# Petition For Annotation of Electoral College Record of The 2020 United States Presidential Election

## Under 5 U.S.C. § 553(e)

**To:**

**The Honorable Marco Rubio**

U.S. Secretary of State and Archivist of the United States (Acting)

National Archives and Records Administration

8601 Adelphi Road, College Park, MD 20740-6001

**Attention:**

• James Byron, Senior Advisor to the Archivist — james.byron@nara.gov; jbyron93@yahoo.com

• Will Brown, Acting Inspector General — William.Brown@oig.nara.gov

• Matt Dummermuth, General Counsel — matt.dummermuth@nara.gov

Office of the Federal Register – Electoral College Staff

8601 Adelphi Road • College Park, MD 20740

**From:**

Carl Gordon, M.P.A. (Appellant/Plaintiff, Pro Se)

Case No. 25-5722 – United States Court of Appeals for the Ninth Circuit

University of the 'Hood® • 8306 Wilshire Blvd., No. 792 • Beverly Hills, CA 90211

universityofthehood@gmail.com | (310) 926-3939

**Date:** October 21, 2025    **Method of Delivery:** Email/FedEx T#: 885374234656

---

# Petition For Annotation of Electoral College Record of
# The 2020 United States Presidential Election

## Under 5 U.S.C. § 553(e)

Hon. Marco Rubio U.S. Secretary of State and Archivist of the United States (Acting)
*Petition For Annotation of Electoral College Record*
*of The 2020 United States Presidential Election*

## I. PREAMBLE (Statement of Respect and Historical Purpose)

With utmost respect for the institutions of the United States and those who have faithfully served within them, this Petition seeks to ensure that the official electoral college record of the 2020 United States Presidential election accurately reflect constitutional and statutory compliance. It is presented in a spirit of respect for all public officials involved, including former President Joseph R. Biden, whose lifetime of service exemplifies accountability, transparency, and integrity—the same principles this request aims to preserve for the historical record.

## II. JURISDICTION AND AUTHORITY

1. **Right to Petition.** 5 U.S.C. § 553(e) authorizes any interested person to petition a federal agency to issue, amend, or correct a rule or related record.

2. **Custody of Electoral Records.** NARA and its Office of the Federal Register (OFR) are federal custodians of Certificates of Ascertainment and Certificates of Vote under U.S. Const. amend. XII and 3 U.S.C. §§ 6–11.

3. **Archival Annotation.** Under 44 U.S.C. §§ 2108 and 2111, NARA may annotate archival records to reflect judicial or administrative findings of legal or historical significance.

## III. RECORD MATERIALS SUPPORTING THIS PETITION

This Petition is supported by official state and federal documents, including records pending before the United States Court of Appeals for the Ninth Circuit and the United States District Court for the Central District of California (Los Angeles and Southern Division, Santa Ana), as well as the United States District Court for the Northern District of Texas, Amarillo Division. It is further supported by publicly verifiable archival materials in the custody of the National Archives and Records Administration (NARA). Chronological items include the California Certificate of Ascertainment (Dec. 5, 2020); the California Certificate of Vote (Dec. 14, 2020); Amicus filings (Oct. 2 and Oct. 7, 2025); and the Emergency Motion (Oct. 17, 2025) filed in Ninth Circuit Case No. 25-5722.

## IV. LEGAL PREMISE (*Void ab initio*)

Governor Gavin Newsom's December 5, 2020, actions convening and certifying California's 55 presidential electors were void ab initio because he was constitutionally disqualified under Cal. Const. art. II § 17 and art. V § 10, and under Gov't Code §§ 1090, 87100, and 8920. His conduct also violated his own Executive Order N-03-19, issued January 7, 2019, which expressly prohibits state executive-branch agencies from engaging in business transactions with the

*University of the 'Hood® • 8306 Wilshire Blvd., No. 792 • Beverly Hills, CA 90211*
*universityofthehood@gmail.com | (310) 926-3939*

Hon. Marco Rubio U.S. Secretary of State and Archivist of the United States (Acting)
*Petition For Annotation of Electoral College Record*
*of The 2020 United States Presidential Election*

PlumpJack Group, a company in which Governor Newsom holds ownership interests. By authorizing and signing recall- and election-related legislation and certifications that financially benefited entities tied to PlumpJack, Governor Newsom acted in direct conflict with his own executive order and the state's conflict-of-interest statutes, rendering those actions constitutionally and statutorily void.

In addition, these acts violated federal election-funding restrictions administered by the U.S. Election Assistance Commission (EAC) under the Help America Vote Act of 2002 (HAVA) and 2 C.F.R. § 200.423, which categorically prohibit the use of federal funds for activities involving alcohol or for facilities where alcohol is served. By signing Senate Bill 423 (August 6, 2020) and Senate Bill 152 (June 28, 2021)—both authorizing polling places in alcohol-serving establishments—Governor Newsom enabled the expenditure of approximately $250 million in state and HAVA funds for purposes that the EAC has deemed "unallowable costs." This misuse of federally restricted funds created a direct and irreconcilable conflict between state action and controlling federal law.

Under the Supremacy Clause of the United States Constitution, Article VI, Clause 2, "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof … shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." Because the Governor's conduct and the resulting enactments contravened binding federal law and funding conditions, they were void under the Supremacy Clause and without legal effect.

An act performed without lawful authority conveys no rights and produces no legal consequences. *Norton v. Shelby County*, 118 U.S. 425, 442 (1886). Accordingly, every step of California's 2020 Electoral College certification process dependent upon these unlawful acts was constitutionally invalid from inception.

## V. THEORETICAL CONSEQUENCES (Constitutional Logic)

1. **Defect in Appointment of Electors.** Under 3 U.S.C. § 6 and Cal. Elec. Code § 6904, the Governor's signature is required; a disqualified Governor could not lawfully perform that function.

2. **Constitutional Nullity.** Congress's count on January 6, 2021 was politically final but did not cure the foundational defect.

3. **Transfer of Duty.** Under Cal. Const. art. V § 10 and *In re Governorship*, 26 Cal. 3d 110 (1979), the Lieutenant Governor should have performed the certification.

*University of the 'Hood® • 8306 Wilshire Blvd., No. 792 • Beverly Hills, CA 90211*
*universityofthehood@gmail.com | (310) 926-3939*

3

Hon. Marco Rubio U.S. Secretary of State and Archivist of the United States (Acting)
*Petition For Annotation of Electoral College Record*
*of The 2020 United States Presidential Election*

## VI. PERSUASIVE CONSTITUTIONAL ANALYSIS

1. **California Constitutional Structure and *In re Governorship*.**
   The California Supreme Court in *In re Governorship*, 26 Cal. 3d 110 (1979), interpreted
   Article V, Section 10, which provides: "The Lieutenant Governor shall act as Governor
   during the impeachment, absence from the State, or other temporary disability of the
   Governor or of a Governor-elect who fails to take office." The Court held the provision is
   self-executing and that the Lieutenant Governor may act without the Governor's consent
   or prior judicial authorization (id. at 117) and confirmed that "absence from the State" is
   a "temporary disability" (id. at 116). Importantly, the Court quoted the California
   Constitution Revision Commission's legislative history explaining that if the Constitution
   prohibits the Governor from acting, that condition is a "disability," i.e., the Governor is
   "legally disabled" (id. at 118–19). While this quotation is legislative-history commentary
   rather than the holding, it evidences that "temporary disability" embraces legal or
   situational incapacity in addition to physical impairment.

2. **Application to Disqualification and Supremacy.**
   When a Governor acts contrary to a constitutional or statutory prohibition—for example,
   undertaking recall- or election-related duties while disqualified under Article II § 17 or
   acting in conflict with federal law—he is "legally disabled" within the meaning of Article
   V § 10. In that circumstance, the Lt. Gov. is the constitutionally proper officer to act.

3. **Federal Void-Act Doctrine.**
   This California framework aligns with the federal rule that unconstitutional actions are
   inoperative. *Norton v. Shelby County*, 118 U.S. at 442. Federal courts consistently set
   aside actions taken by officials lacking lawful authority, especially upon timely challenge.
   See *Ryder v. United States*, 515 U.S. 177, 180–83 (1995); *Nguyen v. United States*, 539
   U.S. 69, 77–83 (2003); *Cooper v. Aaron*, 358 U.S. 1, 18 (1958).

4. **Supremacy Clause Conflict—AB 423 / HAVA / 2 C.F.R. § 200.423.**
   Assembly Bill 423 (Ch. 31, Stats. 2020) authorized polling places in alcohol-serving
   establishments. Federal rules (including 2 C.F.R. § 200.423 and HAVA-related funding
   restrictions) prohibit alcohol expenditures with federal election funds and disallow
   federal support where alcohol is part of the event space. Under the Supremacy Clause,
   conflicting state provisions are void, and actions taken pursuant to them are
   constitutionally inoperative. Thus, Governor Newsom's execution of California's
   Certificate of Ascertainment on December 5, 2020—embedded in and dependent upon
   this unlawful framework—lacked lawful authority.

*University of the 'Hood® • 8306 Wilshire Blvd., No. 792 • Beverly Hills, CA 90211*
*universityofthehood@gmail.com | (310) 926-3939*

4

## VII. PRACTICAL AND HISTORICAL CONSEQUENCES

Congress's count became part of the historical record; its constitutional regularity remains in dispute. Judicial and historical relief remain available to record the constitutional truth for posterity. The lawful 2020 Electoral College total would have been **483 votes**, not **538**, if California's defective votes were excluded.

## VIII. SUPPORTING FEDERAL AND STATE RECORDS

This Petition summarizes and incorporates records including EAC OIG referrals and California legislation and executive materials (SB 423, AB 85, SB 152, AB 128, SB 129) evidencing conflicts and funding irregularities.

## IX. RELIEF SOUGHT

Petitioner respectfully requests that NARA and OFR issue a historical annotation to the California 2020 Electoral College record—both the Certificate of Ascertainment and the Certificate of Vote.

**Requested actions:**

1. **Annotate the archival entries** for California's 2020 Certificates to state that both were executed and transmitted by a state officer who was constitutionally and statutorily disqualified at the time of signing, rendering the certification legally defective and historically disputed.

2. **Supplement the archival file** with this Petition and its exhibits (including the Certificates and judicial filings) and any subsequent orders bearing on the legality of the December 5 and December 14, 2020, acts.

3. **Publish notice** of the annotation in the *Federal Register* for public transparency and scholarly reference.

4. **Transmit notice** of the annotation to the President of the Senate and the Clerk of the House of Representatives under 3 U.S.C. § 11 to maintain federal record consistency.

## X. STATEMENT OF RESPECT AND HISTORICAL URGENCY

This Petition is filed with profound respect for all public officials involved, including President Joseph R. Biden, whose long service to the nation underscores the importance of ensuring that historical electoral records remain accurate, transparent, and unimpeachable for generations to come. It is submitted in constitutional fidelity—to safeguard public trust in the lawful and impartial administration of the nation's highest democratic process.

*University of the 'Hood® • 8306 Wilshire Blvd., No. 792 • Beverly Hills, CA 90211*
*universityofthehood@gmail.com | (310) 926-3939*

5

Hon. Marco Rubio U.S. Secretary of State and Archivist of the United States (Acting)
*Petition For Annotation of Electoral College Record*
*of The 2020 United States Presidential Election*

## XI. VERIFICATION AND SIGNATURE

I, Carl Gordon, declare under penalty of perjury that the statements in this Petition drawn from official records are true and correct to the best of my knowledge and belief.

**Date:** October 21, 2025

**Respectfully,**

/Carl Gordon/

Carl Gordon, M.P.A. (Appellant/Plaintiff, Pro Se)

Case No. 25-5722 – United States Court of Appeals for the Ninth Circuit

University of Southern California / MPA

Co-Founder and First Steward, University of the 'Hood®

University of the 'Hood, Ph.D., *summa cum laude*

universityofthehood@gmail.com • (310) 926-3939

## EXHIBIT LIST

Note on Exhibits: Exhibits A and B are physically attached to this Petition. Exhibits C through H.3 are incorporated by reference and identified in sequence below as placeholder pages, corresponding to their locations in the judicial and administrative record.

• **Exhibit A** – California Certificate of Ascertainment (Dec 5, 2020)

• **Exhibit B** – California Certificate of Vote (Dec 14, 2020)

• **Exhibit C** – Motion for Leave to File Amicus Curiae Brief (Oct 2, 2025)

• **Exhibit D** – Amicus RJN of Court, Federal, and State Records (Oct 7, 2025)

• **Exhibit E** – Cal. Const. art. II § 17 ("If recall of the Governor or Secretary of State is initiated, the recall duties of that office shall be performed by the Lieutenant Governor or Controller, respectively.")

• **Exhibit F** – Cal. Const. art. V § 10 ("The Lieutenant Governor shall become Governor when a vacancy occurs in the office of Governor. The Lieutenant Governor shall act as Governor during the impeachment, absence from the State, or other temporary disability of the Governor or of a Governor-elect who fails to take office.")

• **Exhibit G** – *In re Governorship*, 26 Cal. 3d 110 (1979).

– The California Supreme Court interpreted Article V, Section 10 as self-executing and held that the Lieutenant Governor is constitutionally empowered to act as Governor when the Governor is unable to discharge his duties, including during temporary disability; the Lieutenant Governor's assumption of duties does not require the Governor's consent (26 Cal. 3d at 117).

– The opinion quotes the California Constitution Revision Commission's legislative-history explanation that if the Constitution prohibits the Governor from acting, that condition is a "disability"—the Governor is "legally disabled." (26 Cal. 3d at 118–19.)

6

Hon. Marco Rubio U.S. Secretary of State and Archivist of the United States (Acting)
*Petition For Annotation of Electoral College Record*
*of The 2020 United States Presidential Election*

• **Exhibit H.I** – SB 423 (Aug 6, 2020) and **Exhibit H.II** – SB 152 (June 28,

1603(a) mirrors SB 423 § 1603(a). These provisions directly benefited Governor Newsom's financial interests in the PlumpJack Group and constituted a misuse of HAVA funds, in violation of 2 C.F.R. § 200.423 and the Supremacy Clause (U.S. Const. art. VI, cl. 2).

• **Exhibit H.III** – 2 C.F.R. § 200.423

Under C.F.R. § 200.423 and EAC Office of Grants Management guidance, alcohol is a strictly unallowable expense. Federal funds—including those used for space rental—may not be used for any portion of an event or activity where alcohol is served, purchased, or otherwise available. By authorizing polling places in alcohol-serving establishments under § 1603(c) of SB 423 (signed Aug 6, 2020, void *ab initio*), and, under Gov't Code § 820(a), rendering himself personally liable for injuries caused by his actions, Governor Newsom permitted alcohol in polling locations, constituting self-dealing and conflicts of interest due to his ownership interests in alcohol-serving establishments through the PlumpJack Group. This conduct violated Executive Order N-03-19 (Jan 7, 2019) and Gov't Code §§ 1090, 87100, 8920, and contravened HAVA funding restrictions—rendering the entire $35 million voter-education/outreach expenditure illegally, including approximately $11 million in HAVA funds.

• **PETITION FOR HISTORICAL ANNOTATION OF ELECTORAL COLLEGE RECORD**

**Purpose.** Petitioner seeks a historical annotation to California's 2020 Electoral College record —specifically, the Certificate of Ascertainment and the Certificate of Vote—to memorialize a constitutional defect arising from Governor Gavin Newsom's execution of the Certificate of Ascertainment while constitutionally and statutorily disqualified from performing such duties under state law and the California Constitution, and in direct contravention of Executive Order N-03-19 (Jan 7, 2019) prohibiting state executive branch agencies from engaging in business transactions with the PlumpJack Group. The annotation preserves the historical accuracy, completeness, and integrity of the official archival record of the 2020 presidential election.

**Statement of Facts.** On December 5, 2020, Governor Gavin Newsom executed and transmitted California's Certificate of Ascertainment to the Archivist of the United States, certifying the appointment of presidential electors. At that time, Governor Newsom was constitutionally and statutorily disqualified from performing any recall- or election-related duties under Article II, Section 17 and Article V, Section 10 of the California Constitution. As reaffirmed by *In re Governorship*, the Lieutenant Governor is constitutionally empowered to act as Governor during temporary disability; the provision is self-executing; and the Lieutenant Governor's assumption

*University of the 'Hood® • 8306 Wilshire Blvd., No. 792 • Beverly Hills, CA 90211*
*universityofthehood@gmail.com | (310) 926-3939*

7

does not require the Governor's consent. The opinion's quoted legislative history confirms that "temporary disability" includes legal or situational incapacity. The December 5, 2020, execution therefore occurred during such disqualification and violated Executive Order N-03-19. These circumstances rendered the Certificate's execution constitutionally defective. The requested annotation ensures the irregularity is formally recorded to preserve the accuracy, completeness, and integrity of the federal archival record of the 2020 presidential election.

**Statement of Jurisdiction.** This Petition is submitted pursuant to the authority vested in the Archivist of the United States under 3 U.S.C. §§ 6, 9, 11 and NARA's statutory custodial responsibilities for Certificates of Ascertainment and Vote. The requested historical annotation falls within the Archivist's ministerial and custodial duties to maintain the integrity and completeness of the official Electoral College records transmitted by the States. Jurisdiction is further supported by the Archivist's constitutional duty to ensure such records accurately reflect lawful state acts consistent with Article II, Section 1, and the Twelfth Amendment. The requested annotation does not alter the certified outcome; it preserves historical fidelity.

**Statement of Interest and Standing.** Petitioner is a United States citizen, a California voter, and a direct participant in the 2021 gubernatorial recall process. Petitioner has filed related federal actions addressing the constitutional implications of Governor Newsom's conduct during the recall period and the execution of the 2020 Certificate of Ascertainment while disqualified. Those proceedings establish Petitioner's direct and sustained engagement with the constitutional issues underlying this request. As a citizen and elector, Petitioner has standing to seek historical annotation consistent with Article II, the Twelfth Amendment, and 3 U.S.C. §§ 6–11.

**Question Presented.** Whether the Archivist of the United States, in the exercise of ministerial and custodial duties under Article II, the Twelfth Amendment, and 3 U.S.C. §§ 6–11, may annotate California's 2020 Electoral College record—specifically its Certificate of Ascertainment and Certificate of Vote—to reflect a constitutional defect arising from Governor Gavin Newsom's execution of the Certificate while disqualified under state law, the California Constitution, and Executive Order N-03-19, in order to preserve the historical accuracy, completeness, and integrity of the federal archival record of the 2020 presidential election.

**Summary of the Argument.** This Petition does not seek to alter the 2020 outcome; it seeks enduring accuracy and completeness of the federal record. Under Article II, the Twelfth Amendment, and 3 U.S.C. §§ 6–11, the Archivist must preserve the integrity of Certificates transmitted by each State. When a State's submission contains a constitutional or statutory

*University of the 'Hood® • 8306 Wilshire Blvd., No. 792 • Beverly Hills, CA 90211
universityofthehood@gmail.com | (310) 926-3939*

8

defect, the Archivist may annotate or supplement the record to ensure historical fidelity and prevent the perpetuation of material defects. California's Certificate of Ascertainment was executed by a Governor who was constitutionally and statutorily disqualified under Article II, Section 17 and Article V, Section 10 of the California Constitution, as informed by *In re Governorship* (holding self-execution; no consent/judicial decree required; legislative history recognizing "legal disability"). The execution also violated Executive Order N-03-19. The requested annotation preserves transparency and integrity as the Nation approaches its Semiquincentennial in 2026. AMERICA 250

**(Reiterated) THEORETICAL CONSEQUENCES (Constitutional Logic)**

1. Defect in Appointment of Electors. California law requires the Governor's signature under 3 U.S.C. § 6 and Elec. Code § 6904; a disqualified Governor could not lawfully perform that function.

2. Constitutional Nullity. Congress's count on January 6, 2021, was politically final but did not cure the defect.

3. Transfer of Duty. Under Cal. Const. art. V § 10 and *In re Governorship* (1979) 26 Cal.3d 110, the Lieutenant Governor should have performed the certification.

## PRACTICAL AND HISTORICAL CONSEQUENCES

Congress's count on January 6, 2021, became part of the official historical record, yet its constitutional regularity remains in dispute. Judicial and historical relief remain available to establish and record the constitutional truth for posterity.

The lawful 2020 Electoral College total would have been 483 votes, not 538, had California's 55 defective votes been excluded. President Biden achieved victory in the certified Electoral College count with 306 votes to 232 for former President Trump. However, within the 483 valid and constitutionally legitimate electoral votes, President Biden's total would have been 251, while President Trump's total would have remained 232.

Had the nation been aware in October or November 2020 that California's election process was tainted by violations of the Supremacy Clause of the United States Constitution resulting from Governor Gavin Newsom's unlawful conduct, or that he illegally certified California's 55 Electoral College votes on December 5, 2020, the course of the 2020 presidential election—and the subsequent attack on the seat of the United States government at the U.S. Capitol and the tragic loss of life on January 6, 2021—surely would have unfolded very differently.

*University of the 'Hood® • 8306 Wilshire Blvd., No. 792 • Beverly Hills, CA 90211
universityofthehood@gmail.com | (310) 926-3939*

9

Hon. Marco Rubio U.S. Secretary of State and Archivist of the United States (Acting)
*Petition For Annotation of Electoral College Record*
*of The 2020 United States Presidential Election*

**Date: October 21, 2025,    Respectfully submitted by:**



*A mind is a beautiful thing to develop*®

Carl Gordon, (Appellant/Plaintiff, Pro Se)
University of Southern California /MPA
Co-Founder and First Steward, University of the 'Hood®
University of the 'Hood, Ph.D., *summa cum laude*
universityofthehood@gmail.com • (310) 926-3939

*University of the 'Hood® • 8306 Wilshire Blvd., No. 792 • Beverly Hills, CA 90211*
*universityofthehood@gmail.com | (310) 926-3939*

10

# EXHIBIT A

California Certificate of Ascertainment (Dec 5, 2020)

## EXECUTIVE DEPARTMENT
### STATE OF CALIFORNIA

### CERTIFICATE OF ASCERTAINMENT

**For**

**ELECTORS OF PRESIDENT and
VICE PRESIDENT of the
UNITED STATES OF AMERICA
2020**

To the President of the Senate of the United States of America:

**I, GAVIN NEWSOM,** Governor of the State of California, hereby certify, pursuant to the laws of the United States and the State of California, that a General Election was held in accordance with law in the State of California on Tuesday, the 3rd day of November, 2020, for Electors of the President and Vice President of the United States.

I further certify that the votes cast for Electors at the General Election were canvassed and certified by the Secretary of State of the State of California, and the Secretary of State has certified to me the names and numbers of persons receiving votes as Electors.

I further certify that the following persons received the highest number of votes for Electors of the President and Vice President of the United States for the State of California, and have been appointed as Electors after the final ascertainment as required by law:

**California Democratic Party Electors Pledged to
Joseph R. Biden for President of the United States and
Kamala D. Harris for Vice President of the United States:**

Agustin Arreola
Katherine Bancroft
Kara Bechtle
Brandon Benjamin
Janine Bera
Peter Bolland
Mary Bowker
Janice Brown
Patty Cappelluti
Jacki Cisneros
Marsha Conant
Freddye Davis
Steven Diebert
Emily Dredd
Lee Fink
Bryan Fletcher
Mark Gonzalez
Madeline Handy
Ronald Herrera

Jihee Huh
LaNiece Jones
Elizabeth Kann
David Kennedy
Dona Kerkvliet-Varin
Wallace Knox
Vinzenz Koller
Franklin Lima
Christina Marquez
Paul "Pete" McCloskey
Thomas McInerney
Jillian McNerney
Nelida Mendoza
Betty Monroy
Brock Neeley
Alex Norman
Jane Pandell
Yolanda Parker
Wiliam Prady

Andre Quintero
Amy Rao
Kevin Sabellico
Anne Sanger
Mattie Scott
Suzanne Singer
Brian Solecki
Erin Sturdivant
Naomi Tomita
Robert Torres
Catherine Ward
Karen Waters
Shirley Weber
Katherine Wilkinson
Tayte Williams
Rosalind Wyman
Brandon Zavala

**NUMBER OF VOTES – 11,110,250**

* * *

I further certify that the following persons received votes for Electors of the
President and Vice President of the United States for the State of California other
than those cast for the California Democratic Party Electors:

**California Republican Party Electors Pledged to
Donald J. Trump for President of the United States and
Michael R. Pence for Vice President of the United States:**

Walt Allen
Steven Bailey
Francis Barraza
Randy Berholtz
Sue Blair
Todd Blair
James Bradley
Jim Brulte
Roger Clark
Greg Conlon
John Cox
Matthew Craffey
Marshall Cromer
Harmeet Dhillon
Steve Frank
Ted Gaines
Greg Gandrud
Peggy Grande
Shannon Grove

Mario Guerra
Howard Hakes
Matt Heath
Mark Herrick
Nam-Yong Horn
Dave Huguenel
Darrell Issa
Buck Johns
Kevin Krick
Peter Kuo
Doug LaMalfa
Laine Lansing
Jonathan Madison
Betsy Mahan
Barbara Grimm Marshall
Thomas McKernan
Mark Meuser
Lisa Moreno
Johnnie Morgan

Heather Obernolte
Mike Osborn
Jessica Patterson
Konstantinos Roditis
Matthias Ronnau
Shawn Steel
Lindsey Stetson
Taylor Strand
Duf Sundheim
Peter Verbica
Megan Vincent
Frank Visco
Marie Waldron
John Warner
Deborah Wilder
Dwight Williams
Woody Woodrum

**NUMBER OF VOTES – 6,006,429**

* * *

**Libertarian Party Electors Pledged to
Jo Jorgensen for President of the United States and
Jeremy "Spike" Cohen for Vice President of the United States:**

| | | |
|---|---|---|
| Susan L Aquino | Steve Bernard Haug | Jonathan D Prosser |
| James J Aragon | Jane Heider | Jill Pyeatt |
| Aaron Bonn | Jeffery Hewitt | Manuel Anthony Robledo |
| Edward M Bowers | Wendy Hewitt | Honor Michelle Robson |
| Elizabeth Brierly | Linda Ann Hinkle | Lawrence K Samuels |
| Matthew Ryan Butts | Mark W Hinkle | Matthew "Boomer" Shannon |
| Rick Joe Dawson | Sandra L Kallander | Kevin Arthur Shaw |
| Joe Dehn | Gail K Lightfoot | Frederick A Sorilla |
| Tracy L DuPrez | Ryan Lopez | Starchild |
| Richard Fast | Angela Elise McArdle | Christopher James Stare |
| Tim T.J. Ferreira | Doug Morrow | Aaron B Starr |
| Eduardo A Flores | Kalish Morrow | Benjamin Malaki Steele |
| Terry Floyd | David Naranjo | Vashte Steinbiss |
| Andrew Forrester | Brandon Nelson | Gaetano Taibi |
| Anthony A Fratta | Rachel Nyx | Paul Vallandigham |
| June Genis | Avens E O'Brien | Nickolas Wildstar |
| Mary Therese Gingell | Jillian Michele Olsen | Tara Young |
| Joel Gompert | Kenneth B Olsen | |
| James Polin Gray | Alicia G Percell | |

**NUMBER OF VOTES – 187,895**

\*     \*     \*

**Green Party Electors Pledged to
Howie Hawkins for President of the United States and
Angela Nicole Walker for Vice President of the United States:**

| | | |
|---|---|---|
| Janet Arnold | Barry Hermanson | Karen Nyhus |
| William Balderston | Andrea Houtman | Robert Osak |
| Meredith Bates | Torger Johnson | Christine Pepin |
| Gary Blenner | Tarik Kanaana | Kimberly Phillips |
| David Bond | Shlomy Kattan | Linda Ray |
| Timothy Casebolt | Tanya Khaledi | Justin Richardson |
| Nicole Castor | Noura Khouri | David (Rockello) H. Rosen |
| Susan Collier Lamont | George Koerner | Robin Rowe |
| James Henry Conn | Peggy Koteen | Michael Rubin |
| Maxine Daniel | James Lauderdale | John Schmit |
| James Doyle | Donald L. Manro | Yusef Shabazz |
| Sanda Everette | George Marcussen | Barry Sheppard |
| Michael Feinstein | Michele Mashburn | Dana Silvernale |
| John F. Foran, Jr | Charisse Matisz-Cordero | Mark R Thomas |
| Ashley Frame | Ann Menasche | Audra Walton |
| Richard Gomez | Rachel Mohan | Laura Wells |
| Richard Greenblatt | David Morrison | Geordie Zapalac |
| Diane Harrison | Nadia Nouri | |
| Tian Harter | Nassim Nouri | |

**NUMBER OF VOTES – 81,029**

\*     \*     \*

**American Independent Party Electors Pledged to**
**Roque "Rocky" De La Fuente Guerra for President of the United States and**
**Kanye Omari West for Vice President of the United States:**

| | | |
|---|---|---|
| Carlos Heriberto Aleman | Kamila De la Fuente | Alejandra Rodriguez |
| Sobeida Aleman | Michael Dorroz | Jorge A. Saenz |
| Carlos H. Aleman Gonzalez | Wiley Drake | Jorge Saenz |
| Brian Amato | Ron Gold | Marissol Saenz |
| Alejandra Arango | Jeff Grage | Mark Seidenberg |
| Karen Avakian | Michelle Griffith | Sheyla Serrano |
| Sebastian Azami | Saryas Jaff | Nathan Sorenson |
| Larry Beliz | Rachel Keisling | Catherine Stachowiak |
| Josefina Bosdet | Roy J. Kendall | Thomas Stachowiak |
| Andy Bowen | Eric McDermott | Marlene Vollbrechthausen |
| Fredrick Cains | Chavosh Farid Meskarzadeh | Robert Walters |
| Michelle Cardin | Sanaz Kashef Meskarzadeh | Joseph Wendt |
| Jaime Cardona | Elia Mora | Bahman Yazdani |
| Gricel Cedillo | Ingrid Olsen | Keila Yazdani |
| Roman Cedillo | Rey Olsen | Negar Yazdani |
| Sylvia P. Cedillo | Michael A. Peroutka | Katayoun Yazdani De la Fuente |
| Jossie Cruz | Alane Quien | Adriana Zamudio |
| Martha Cuen | Markham Robinson | |
| Roberto Cuen | Mary Robinson | |

**NUMBER OF VOTES – 60,160**

\*    \*    \*

**Peace and Freedom Party Electors Pledged to**
**Gloria La Riva for President of the United States and**
**Sunil Freeman for Vice President of the United States:**

| | | |
|---|---|---|
| Meghann Adams | Nathalie P. Hrizi | Nicolas Pardee |
| Kevin Akin | Ernesto Huerta | Steven Lawrence Patt |
| Margie Akin | Kameron Hurt | Keith Andrew Pavlik |
| Richard E. Becker | Deborah Jamison | Adan Plascencia |
| John E. Bergman | Saul Kanowitz | John Prysner |
| Jon Lowell Britton | Jonathan Kim | Debra Reiger |
| John Comly | Derek Krencik | John C. Reiger |
| Arthur Covington | Thomas William Lacey | Michelle Schudel |
| Hannah Craig | David Landry | Rhianna Shaheen |
| Broderick Dunlap | Julie La Riva | Cindy Sheehan |
| Shany Ebadi | Esme Loreto | Christine Cassandra Devereaux Smith |
| Valeria Escandon | Abel Macias | Margaret M. Smith |
| Zachary Farber | Justine Marie Mann | Alice Marie Stek |
| Mary Lou Finley | Ian Matthews | Tahnee Stair Sweeney |
| Tova Fry | Jordan P. Mills | Maxson Taylor |
| Anne Gamboni | Juliana Musheyev | C. T. Weber |
| Norma Esthella Garcia | Susan Muysenberg | Sheila Xiao |
| Danny Gresham | Andrew Nance | |
| Norma Harrison | Sarah Ochoa | |

**NUMBER OF VOTES – 51,037**

\*    \*    \*

**Electors Pledged to Write-In Candidate**
**Brian Carroll for President of the United States and**
**Amar Patel for Vice President of the United States:**

| | | |
|---|---|---|
| Eugene Andrew Beck Jr | Annette K. Garcia | Andrew Nickell |
| Carmel Caligaris | James Gee Hanink | Esther Nickell |
| Matthew Caligaris | Ross Steven Heckmann | Jared Peterson |
| Dominic Camplisson | Tami Watanabe Heckmann | Avigdor Vitaly Rabinovich |
| Kimberly Camplisson | Edward Joseph Horning | Ma Belen Rabinovich |
| Victoria S Carroll | Ashley Huntington | Joyce Fan Rice |
| Christine Cang Cosby | Dale Huntington | Edd Ringlein |
| Philip Charles Cosby | David Jump | Lesley A. Ruzon |
| Skylar Covich | Deborah Jump | Mark A. Ruzon |
| Theresa Covich | Brandon Kertson | Grace Nicole Scallon |
| Jeffrey C. Culbreath | Lawrence Jerome King | Desmond Silveira |
| Matthew Darby | Leslie S. Klinger | Sarah Silveira |
| Colleen Dawson | Lawrence Alan Kreh | Thomas Still Jr |
| Rodrigo de la Parra | Anna Larson | Fanny Surjana |
| Vincent DiCarlo | Erik Larson | Rico Vitz |
| James Glenn Ferrell | Heather Larson | Rose Vitz |
| Edward Brent Frankovic | Darin Richard Lovelace | Richard Yeh |
| Lindsay Barnard Frankovic | Conor McGann | |
| Craig Friske | Stephen Murray | |

**NUMBER OF VOTES – 2,598**

\*     \*     \*

**Electors Pledged to Write-In Candidate**
**Jesse Ventura for President of the United States and**
**Cynthia McKinney for Vice President of the United States:**

| | | |
|---|---|---|
| Lisa Aossey | Shaun Michael Hensley | Kenneth David Rosaler |
| Manuel Araujo | Jeannine Tedder Jacobs | Jason Mark Saucedo |
| Christopher Lee Bedford | Julia Katz | Marvin Everett Sawyer Jr |
| Richard Besco | Nathan Kemp | Steven Spencer Senella |
| Stephanie Boers | Tanya Klein | Sharon Elena Stanfield |
| Rhonda Bonecutter | Marianne Desyrae Krause | Robert Rubo Sun |
| Vickie Lynn Case | Diana Little | Diana Toren |
| Gabriel Charleboix | Stanley John Maestas | Michael Toren |
| James Cirile | John Mahon | Tyanna Renee Vallejo |
| Howard Cook | Tina Cruz Martinez | Gregory B. Varra |
| Robin L. Durston | Krishna Robert Charles Murphy | Bruce Villa |
| Jane Fair | Carole Pascoe | Margaret Villa |
| Karen Jean Franco | Michael Pascoe | Aaron John Walters |
| Josephine Piarulli Frodente | Robin Peinado | Beverly Jenice Weaver |
| Nancy Schultz Gutierrez | Jorge C. Perez | Kareem Jabbar Weaver |
| Noah Hafford | Christopher Pratt | Hess Wesley |
| Bruce Duncan Hall | Hector E. Rivera | Gwen Winter |
| Justin Hall | Israel Ibarra Rodriguez | |
| Darrel Haynes | Ruben A. Romero | |

**NUMBER OF VOTES – 610**

\*     \*     \*

**Electors Pledged to Write-In Candidate
Mark Charles for President of the United States and
Adrian Wallace for Vice President of the United States:**

| | | |
|---|---|---|
| John Bailey | David Han | Micah Rice |
| Rusty Sherry Ann Bell | David Hansen | Charis L. Rippe |
| Shannon Biven | Jacob Harris | Angelina Saucedo |
| Jedd Bloom | Caitlyn Anne Hobbs | Brianne Schaeffer |
| Alina Brennaman | Leo Hobbs | David Schaeffer |
| Susan Cameron | Megan Hobza | Kristin Shackleton |
| Brenda Lynn Chan | Taylor Honrath | Ian Shou |
| Heidi I. Chen | Mark J. Jenkins | Shelly Spencer |
| Aaron Crumrine | Erik Johnson | Devin Charles Thurston |
| Michael Davis | Jack Kelley | Chrystyna Umstattd |
| Jacqueline D. DiGiacomo | James E. Livingston | Royce C. Umstattd |
| Christina Dornbierer | Sarah Louise Luster Umstattd | Victoria Suzanne Vaughn |
| Collin Friscia | Kevin S. Mellis | Seth Eli Vidrio |
| Hannah Gilman | Monique Moon | Amy Vreeman |
| Edward Anthony Giron Jr | Timothy Patrick Moore | Susan White |
| Kiersti Elise Giron | Susana Murillo | Fredrick Christopher Wroth |
| Claire Green | Oladeji Odumosu | Linda A. Yuncker |
| Samuel Peter Greenlee | Kevin Tavares Patao | |
| Renate A. Grundstrom | Alan Wesley Peck | |

**NUMBER OF VOTES – 557**

\*    \*    \*

**Electors Pledged to Write-In Candidate
Brock Pierce for President of the United States and
Karla Ballard for Vice President of the United States:**

| | | |
|---|---|---|
| Gregg Abbott | Bradley Ensign | Julie Grace Quintanilla |
| Quintin Baker | Gil Erez | Meghan Reardon |
| Landon Bennett | Steven Joshua Fink | Brandy Riche |
| Michael Bentley | Benjamin Gorlick | Austin Gunnar Roe |
| Lotti Bluemner | Anna Green | Garrett Rose |
| Christopher Burns | Ronald Hitchcock | Jodie Rosello |
| Logan Cantrell | Petra Hui | Patricia Royce |
| Johnathan Carriger | Uriel Ibarra | Danielle Sales |
| Reagan Coffey | Max Infeld | Scott Scheffer |
| Joseph Combs | Yuliana Jara | Nathanael Siam |
| James Coons | Brian Juris | Danielle Staiman |
| Brendan Coughlin | Yamah Karim | Peter Svendsen |
| Harout Cracchiolo | Christian Kepler | Adrienne Trewolla |
| Sergio Preciado De la Torre | Rachel Layne | Nikko Wambach |
| Octavio Del Rincon Wauman | Julian J. Martinez | Barry Watkins |
| Alexander Dorsey | Arsen Melkumyan | London Weldon |
| Shaun Dyer | Ruby Chase Oneil | Melissa Zola |
| Elaraby A Elboushy | Anna Maria Panici | |
| Robert Ellingsen | Keith Quinones | |

**NUMBER OF VOTES – 185**

\*    \*    \*

**Electors Pledged to Write-In Candidate
Joseph Kishore for President of the United States and
Norissa Santa Cruz for Vice President of the United States:**

Ricardo d.J. Abreu
Robert M Alverson
Brittany Banda
Adam Braman
Glenn Brightwell
John C. Burton
Elizabeth Concepcion Castillo
Frederick S. Choate
Roseanna C. D'Amico
Anthony Delgado
Brian Dick
Susanna DVortsin
James Gabriel Eckhouse
Scott A Edmonson
Jacqueline Eugster
Jessica Eugster
Julie Fasolas
Mason Fasolas
Debbie Fenning-Edmonson

Christopher Franklin
Alan J Gelfand
Jessie Rian Hewitt
Nancy Ingram
Emily Kawabata
Cody Dylan Kuzay
Nora Kimie Kuzay
Stephen Lang
Sandy Leonardis
Marco Marinangeli
Angel Andres Marquez
Logan Marshall
Kevin Mitchell
David Moore
Maria Munoz-Nebbia
Gerardo Nebbia
Donald G. Norris
Semantha Norris
David James Piña

Peter Racioppo
Linda Ramos
Toby Remmers
Kale Roseen
David Rubin
Emanuele Giovanni Saccarelli
Charity Chioma Samelson
Renae Santa Cruz
Juan Alfonso Santana
Benjamin Tegel
Charles Robert Thorpe
Luis Torres
Hector Valladares
Latha Varadarajan
Marco Jose Vazquez
Daniel Viruleg
Carolyn L. Zaremba

**NUMBER OF VOTES – 121**

\*    \*    \*

**IN WITNESS WHEREOF** I have hereunto set my hand and caused the Great Seal of the State of California to be affixed this 5th day of December 2020.

GAVIN NEWSOM
Governor of California

**ATTEST:**

ALEX PADILLA
Secretary of State

# EXHIBIT B

CERTIFICATE OF VOTE For PRESIDENT and VICE PRESIDENT of the
UNITED STATES OF AMERICA 2020 (Dec 14, 2020)

**EXECUTIVE DEPARTMENT**
**STATE OF CALIFORNIA**

## CERTIFICATE OF VOTE

**For**

**PRESIDENT and VICE PRESIDENT**
**of the**
**UNITED STATES OF AMERICA**

**2020**

To the President of the Senate of the United States of America:

**WE THE UNDERSIGNED,** Electors for President and Vice President of the United States of America, being duly appointed for the State of California as displayed in the annexed Certificate of Ascertainment made and delivered by the Governor of the State of California, with any deficiency in the number of Electors supplied by election according to law, and having met the first Monday after the second Wednesday in December pursuant to the Constitution and laws of the United States and the State of California, do hereby certify that the following candidates received the following number of votes:

**FOR PRESIDENT OF THE UNITED STATES**

Joseph R. Biden
NUMBER OF VOTES – 55

\*      \*      \*

**FOR VICE PRESIDENT OF THE UNITED STATES**

Kamala D. Harris
NUMBER OF VOTES – 55

\*      \*      \*

**IN WITNESS WHEREOF,** we have hereunto set our hands at Sacramento, California, on the first Monday after the second Wednesday in December, being the fourteenth day of December 2020.

## ELECTORS OF THE STATE OF CALIFORNIA
### FOR PRESIDENT OF THE UNITED STATES OF AMERICA
\*    \*    \*

1. _____
   Agustin Arreola

2. _____
   Joy Atkinson

3. _____
   Katherine Bancroft

4. _____
   Kara Bechtle

5. _____
   Brandon Benjamin

6. _____
   Janine Bera

7. _____
   Peter Bolland

8. _____
   Mary Bowker

9. _____
   Janice Brown

10. _____
    Patty Cappelluti

11. _____
    John Casey

12. _____
    Jacki Cisneros

13. _____
    Marsha Conant

14. _____
    Joseph Patrick Cox



15. Freddye Davis

16. Emily Dredd

17. Lee Fink

18. Bryan Fletcher

19. Mark Gonzalez

20. Madeline Handy

21. Ronald Herrera

22. Rusty Hicks

23. Jihee Huh

24. LaNiece Jones

25. Elizabeth Kann

26. David Kennedy

27. Donna Kerkvliet-Varin

28. Vinzenz Koller

29. Franklin Lima

30. Christina Marquez



31. _____
Yvette Martinez

32. _____
Paul "Pete" McCloskey

33. _____
Thomas McInerney

34. _____
Jillian McNerney

35. _____
Nelida Mendoza

36. _____
Betty Monroy

37. _____
Brock Neeley

38. _____
Jane Pandell

39. _____
William Prady

40. _____
Andre Quintero

41. _____
Amy Rao

42. _____
Kevin Sabellico

43. _____
Anne Sanger

44. _____
Mattie Scott

45. _____
Suzanne Singer

46. _____
Brian Solecki

47. _____
Darrell Steinberg

48. _____
Erin Sturdivant

49. _____
Naomi Tomita

50. _____
Robert Torres

51. _____
Karen Waters

52. _____
Shirley Weber

53. _____
Katherine Wilkinson

54. _____
Tayte Williams

55. _____
Brandon Zavala

**ELECTORS OF THE STATE OF CALIFORNIA**
**FOR VICE PRESIDENT OF THE UNITED STATES OF AMERICA**
\* \* \*

1. _____
   Agustin Arreola

2. _____
   Joy Atkinson

3. _____
   Katherine Bancroft

4. _____
   Kara Bechtle

5. _____
   Brandon Benjamin

6. _____
   Janine Bera

7. _____
   Peter Bolland

8. _____
   Mary Bowker

9. _____
   Janice Brown

10. _____
    Patty Cappelluti

11. _____
    John Casey

12. _____
    Jacki Cisneros

13. _____
    Marsha Conant

14. _____
    Joseph Patrick Cox

15. 
Freddye Davis

16. Emily Dredd
Emily Dredd

17. Lee Fink
Lee Fink

18. Bryan Fletcher
Bryan Fletcher

19. Mark Gonzalez
Mark Gonzalez

20. Madeline Handy
Madeline Handy

21. Ronald Herrera
Ronald Herrera

22. Rusty Hicks
Rusty Hicks

23. Jihee Huh
Jihee Huh

24. LaNiece Jones
LaNiece Jones

25. Elizabeth Kann
Elizabeth Kann

26. David Kennedy
David Kennedy

27. Donna Kerkvliet-Varin
Donna Kerkvliet-Varin

28. Vinzenz Koller
Vinzenz Koller

29. Frank Lima
Franklin Lima

30. Christina M. Marquez
Christina Marquez

31.  Yvette Martinez

39. William Prady

32. Paul "Pete" McCloskey

40. Andre Quintero

33. Thomas McInerney

41. Amy Rao

34. Jillian McNerney

42. Kevin Sabellico

35. Nelida Mendoza

43. Anne Sanger

36. Betty Monroy

44. Mattie Scott

37. Brock Neeley

45. Suzanne Singer

38. Jane Pandell

46. Brian Solecki

47. _____
Darrell Steinberg

48. _____
Erin Sturdivant

49. _____
Naomi Tomita

50. _____
Robert Torres

51. _____
Karen Waters

52. _____
Shirley Weber

53. _____
Katherine Wilkinson

54. _____
Tayte Williams

55. _____
Branden Zavala

# EXECUTIVE DEPARTMENT
## STATE OF CALIFORNIA

### CERTIFICATE OF FILLING OF VACANCIES

Upon the call of the roll at the 2020 meeting of the Electoral College of the State of California, it appeared that vacancies existed due to the absence of the following Electors:

1. Steven Diebert
2. Wallace Knox
3. Alex Norman
4. Yolanda Parker
5. Catherine Ward
6. Rosalind Wyman

Thereupon, by nomination duly made and seconded, the following persons were elected by the Electors present as Electors of President and Vice President of the United States of America for the State of California, in the manner provided by law:

1. Joseph Patrick Cox
2. Rusty Hicks
3. John Casey
4. Joy Atkinson
5. Yvette Martinez
6. Darrell Steinberg

These Electors thereafter participated in the proceedings of the Electoral College.

Additionally, upon discovery of a clerical error in the name of Elector Wil[l]iam Prady, it was ordered that this error be corrected upon the Certificate of Vote.

**IN WITNESS WHEREOF** I, the undersigned Chairperson of the Electoral College of the State of California, have hereunto set my hand this 14th day of December 2020.

Chairperson of the Electoral College

**ATTEST:**

Frank Lima

Secretary of the Electoral College



**UNIVERSITY OF THE 'HOOD®**

*A mind is a beautiful thing to develop.*

# Petition For Annotation of Electoral College Record of The 2020 United States Presidential Election

### Under 5 U.S.C. § 553(e)

Exhibits C through H.III are incorporated by reference and identified in sequence below as placeholder pages, corresponding to their locations in the judicial and administrative record.

*University of the 'Hood® • 8306 Wilshire Blvd., No. 792 • Beverly Hills, CA 90211*
*universityofthehood@gmail.com | (310) 926-3939*

# EXHIBIT C

Motion for Leave to File Amicus Curiae Brief (Oct 2, 2025)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**8:25-cv-01988-KK-E Steve Hilton et al v. Shirley Weber et al**

Dear Carl Gordon:
This email confirms that the document(s) listed below were received by the United States District Court for the Central District of California at the date and time indicated:

Name: Carl Gordon
Tracking Number: EDS-251002-002-5401
Date: 10/2/2025 7:21:50 PM

Uploaded files:
10 2 25 MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF FWC.pdf
10 2 25 NOTICE OF MOTION AND MOTION (1) PRELIMINARY AND PERMANENT INJUNCTION FWC.pdf
10 2 25 [PROPOSED] AMICUS CURIAE BRIEF OF CARL GORDON FWC.pdf

# EXHIBIT D

Exhibit D – Amicus RJN of Court, Federal, and State Records
(Oct 7, 2025)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### 8:25-cv-01988-KK-E Steve Hilton et al v. Shirley Weber et al

Dear Carl Gordon:

This email confirms that the document(s) listed below were received by the United States District Court for the Central District of California at the date and time indicated

Name: Carl Gordon

Tracking Number: EDS-251007-002-5550

Date: 10/7/2025 8:47:12 AM

Uploaded files:

10 7 25 AMICUS GORDON'S RJN OF COURT, FEDERAL, AND STATE RECORDS FWC.pdf

# EXHIBIT E

Cal. Const. art. II § 17 ("If recall of the Governor or Secretary of State is initiated,the recall duties of that office shall be performed by the Lieutenant Governor or Controller,respectively.")



# EXHIBIT F

Cal. Const. art. V § 10 ("The Lieutenant Governor shall become Governor when avacancy occurs in the office of Governor. The Lieutenant Governor shall act as Governor duringthe impeachment, absence from the State, or other temporary disability of the Governor or of aGovernor-elect who fails to take office.")

California Code, CONS SEC. 10.



Home | Bill Information | California Law | Publications | Other Resources | My Subscriptions | My Favorites

**Code:** Select Code ∨   **Section:** 1 or 2 or 1001   Search   ⓘ

Up^   << Previous   Next >>      PDF | Add To My Favorites      🖨      **Search Phrase:**      Highlight

\* CALIFORNIA CONSTITUTION - CONS

ARTICLE V EXECUTIVE [SECTION 1 - SEC. 14]  *( Article 5 added Nov. 8, 1966, by Prop. 1-a. Res.Ch. 139, 1966 1st Ex. Sess. )*

SEC. 10.  The Lieutenant Governor shall become Governor when a vacancy occurs in the office of Governor.

The Lieutenant Governor shall act as Governor during the impeachment, absence from the State, or other temporary disability of the Governor or of a Governor-elect who fails to take office.

The Legislature shall provide an order of precedence after the Lieutenant Governor for succession to the office of Governor and for the temporary exercise of the Governor's functions.

The Supreme Court has exclusive jurisdiction to determine all questions arising under this section.

Standing to raise questions of vacancy or temporary disability is vested exclusively in a body provided by statute.

*(Sec. 10 amended Nov. 5, 1974, by Prop. 11. Res.Ch. 96, 1974.)*

# EXHIBIT G

Exhibit G – In re Governorship, 26 Cal. 3d 110 (1979).–The California Supreme Court interpreted Article V, Section 10 as self-executing and held thatthe Lieutenant Governor is constitutionally empowered to act as Governor when the Governor isunable to discharge his duties, including during temporary disability; the Lieutenant Governor'sassumption of duties does not require the Governor's consent (26 Cal. 3d at 117).–The opinion quotes the California Constitution Revision Commission's legislative-historyexplanation that if the Constitution prohibits the Governor from acting, that condition is a"disability"—the Governor is "legally disabled." (26 Cal. 3d at 118–19.)



https://law.stanford.edu/robert-crown-law-library/

In re Governorship - 26 Cal.3d 110 - Thu, 12/27/1979

Stanford University
https://scocal.stanford.edu › opinion › re-governorship-3...
In re Governorship , 26 Cal.3d 110. [S.F. No. 24021. Supreme Court of California. December 27, 1979.

# EXHIBIT H.I

Senate Bill No. 423 CHAPTER

[ Approved by Governor August 6, 2020. Filed with Secretary of State August 6, 2020. ]

1603. (a) Each county shall conduct a voter education and outreach campaign in all legally required languages for that county notifying voters about mail ballots, early voting opportunities, accessible voting options, and where and how to remedy any voting-related problem.

(c) Notwithstanding Section 12288, an elections official may establish a vote center, polling place, or consolidated polling place in a location whose primary purpose is the sale and dispensation of alcoholic beverages.

# EXHIBIT H.II

Senate Bill No. 152CHAPTER 34

An act to amend Section 11108 of, and to add Chapter 7 (commencing with Section 1600) to Division 1
of, the Elections Code, relating to elections, and making an appropriation therefor, to take effect
immediately, bill related to the budget.
[ Approved by Governor June 28, 2021. Filed with Secretary of State June 28, 2021. ]

1603. (a) Each county shall conduct a voter education and outreach campaign in all legally required languages for that county notifying voters about mail ballots, early voting opportunities, accessible voting options, and where and how to remedy any voting-related problem.

(c) Notwithstanding Section 12288, an elections official may establish a vote center, polling place, or consolidated polling place in a location whose primary purpose is the sale and dispensation of alcoholic beverages.

# EXHIBIT H.III

**Food and Refreshments Guidance for HAVA Grants**
**U.S. Election Assistance Commission 2 C.F.R. § 200.423**

**Strictly Unallowable**
Alcohol is a prohibited expense. Federal funds for meals, light refreshments, and space rental may not be used for any portion of an event where alcohol is served, purchased, or otherwise available as part of the event or meeting, even if HAVA funds are not used to purchase the alcohol. Citation: 2 CFR 200.423

Under 2 C.F.R. § 200.423 and EAC Office of Grants Management guidance, alcohol is a strictly unallowable expense. Federal funds—including those used for space rental—may not be used for any portion of an event or activity where alcohol is served, purchased, or otherwise available. By authorizing polling places in alcohol-serving establishments under § 1603(c) of SB423 (signed Aug 6, 2020, void *ab initio*), and, under Gov't Code § 820(a), rendering himself personally liable for injuries caused by his actions, Governor Newsom permitted alcohol in polling locations, constituting self-dealing and conflicts of interest due to his ownership interests in alcohol-serving establishments through the PlumpJack Group. This conduct violated Executive Order N-03-19 (Jan 7, 2019) and Gov't Code §§ 1090, 87100, 8920, and contravened HAVA funding restrictions—rendering the entire $35 million voter-education/outreach expenditure illegally, including approximately $11 million in HAVA funds.

**https://www.eac.gov/grants/food-and-refreshment-guidance-hava-grants**

# Executive Order N-03-19

Executive Order N-03-19

WHEREAS national concerns regarding the conflicts of interest and lack of transparency of elected officials have eroded the public's confidence in their government; and

WHEREAS prior to January 7, 2019, title and control of the PlumpJack Group entities, wine and hospitality businesses based in California, were transferred to a blind trust administered by an attorney and certified public accountant; and

WHEREAS notwithstanding these measures, additional safeguards are warranted.

NOW, THEREFORE, I, GAVIN NEWSOM, Governor of the State of California, by virtue of the power and authority vested in me by the Constitution and statutes of the State of California, do hereby issue this Order to become effective immediately.

IT IS HEREBY ORDERED THAT all state executive branch agencies are prohibited from entering into business arrangements with any entities that are part of the PlumpJack Group. Other entities of State government not under my direct executive authority are requested likewise not to enter into business arrangements with any entities that are part of the PlumpJack Group, consistent with this Order.

IT IS FURTHER ORDERED that as soon as hereafter possible, this Order shall be filed with the Office of the Secretary of State and that widespread publicity and notice shall be given to this Order.

This Order is not intended to, and does not, create any rights or benefits, substantive or a procedural, enforceable at law or in equity, against the State of California, its departments, agencies, or other entities, its officers or employees, or any other person.

IN WITNESS WHEREOF I have hereunto set my hand and caused the Great Seal of the State of California to be affixed this 7th day of January 2019.

_____

GAVIN NEWSOM

Governor of California

Documented evidence establishes Governor Newsom's continuing financial connection to the PlumpJack Group and his resulting violation of his own Executive Order N-03-19 of Jan. 7, 2019 and the federal HAVA funding restrictions. Post of his PlumpJack Group website.



Hon. Marco Rubio U.S. Secretary of State and Archivist of the United States (Acting)
*Petition For Annotation of Electoral College Record*
*of The 2020 United States Presidential Election*

**Date: October 21, 2025,    Respectfully submitted by:**



*A mind is a beautiful thing to develop®*

Carl Gordon, (Appellant/Plaintiff, Pro Se)
University of Southern California /MPA
Co-Founder and First Steward, University of the 'Hood®
University of the 'Hood, Ph.D., *summa cum laude*
universityofthehood@gmail.com • (310) 926-3939

*University of the 'Hood® • 8306 Wilshire Blvd., No. 792 • Beverly Hills, CA 90211*
*universityofthehood@gmail.com | (310) 926-3939*

11

# EXHIBIT G

7.    Exhibit G: the 22-page excerpt from the Master Exhibit List (Case No. 25-561) for the Texas Court, (Case: 25-561, July 6, 2025, DktEntry: 45.1).

6/20/25, 11:10 AM                Gmail - Reporting serious credible federal crimes (election fraud and political corruption) to the U.S. Election Assistance Commissi…

Case: 25-561, 07/06/2025, DktEntry: 45.1, Page 48 of 117

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 77 of 246    PageID 374

 Gmail                                              Carl Gordon <universityofthehood@gmail.com>

## Reporting serious credible federal crimes (election fraud and political corruption) to the U.S. Election Assistance Commission. 7 messages
1 message

**Carl Gordon** <universityofthehood@gmail.com>                          Sat, Dec 11, 2021 at 1:37 PM
To: tips@lawandcrime.com, investigations@globe.com, emma.brown@washpost.com, jacqueline.alemany@washpost.com, jon.swaine@washpost.com, josh.dawsey@washpost.com, tom.hamburger@washpost.com

**EACOIG** <eacoig@eac.gov>                                              Wed, Dec 8, 2021 at 1:26 PM
To: Carl Gordon <universityofthehood@gmail.com>

Your submission to the Election Assistance Commission (EAC) Office of Inspector General (OIG) has been received.

To process your allegation, we need additional information on how this relates to the EAC and any misuse of EAC funds. Would you please share additional details or documentation in support of your submission that EAC funding was used for ballots in the recall election.

Please be advised that, under the U.S. Constitution, the authority and responsibility to administer elections is specifically reserved for the States. Therefore, the Election Assistance Commission Office of Inspector General has no jurisdiction over that specific matter.  Please contact your local elections office regarding this matter.


Thank you,


U.S. Election Assistance Commission

Office of Inspector General

[Quoted text hidden]

**Carl Gordon** <universityofthehood@gmail.com>                          Wed, Dec 8, 2021 at 2:37 PM
To: EACOIG <eacoig@eac.gov>

Brianna Schletz
Inspector General
U.S. Election Assistance Commission
633 3rd Street NW, Suite 200
Washington, DC 20001

Dear Inspector General Schletz:

Thank you for your prompt response. With your busy schedule, I appreciate you taking the time to reply. Thank you.

In response to your query, please see the attached. Moreover, you are 100 percent correct under the U.S. Constitution, the authority and responsibility to administer elections are specifically reserved for the States. However, when federal funds are used in furtherance of a fraudulent election scheme (grants from the EAC for the administration of elections The Uniformed and Overseas Citizens Absentee Voting Act (UOCAVA) ) it becomes a federal crime. Further, when the United States Postal Service is used in the furtherance of that fraudulent election scheme vote-by-mail for the military it becomes mail fraud.

Mail fraud and wire fraud are federal crimes in the United States that involve mailing or electronically transmitting something associated with the fraud. Jurisdiction is claimed by the federal government if the illegal activity crosses interstate or international borders.

These are allegations that need to be investigated by the DOJ, DOD, FBI, and the US Postal Inspector. Credible evidence and probable cause exist to initiate an investigation and possible indictment. It is substantially likely the information I have provided reveals evidence of fraudulent criminal behavior and fraud, waste, or abuse in the administration of the 20 21 California gubernatorial recall election.

Again, thank you for your time.

[Quoted text hidden]

[Quoted text hidden]

📄 **11 23 21 letter to Kristi K. Johnson Assistant Director in charge of the FBI's Los Angeles Field Office and attachments.pdf**
4880K

6/20/25, 11:10 AM Gmail - Reporting serious credible federal crimes (election fraud and political corruption) to the U.S. Election Assistance Commissi…

Case: 25-561, 07/06/2025, DktEntry: 45.1, Page 49 of 117

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 78 of 246    PageID 375

**EACOIG <eacoig@eac.gov>**

**Thu, Dec 9, 2021 at 8:09 AM**

**To: Carl Gordon <universityofthehood@gmail.com>**

**Thank you for the additional information and attachments. We will provide the complaint to our DOJ and FBI point of contact.**


**Best,**

https://thebigcalifornialiegavinnewsom.com/



**4 attachments**

📄 **12 21 21 Gmail - Reporting serious credible federal crimes (election fraud and political corruption) to the U.S. Election Assistance Commission_.pdf**
252K

📄 **12 7 21 letter to U.S. Election Assistance Commission with EXHIBITS.pdf**
1986K

📄 **12 10 21 A Bipartisan, Bicameral Request of the United States Congress with Exhibits.pdf**
2307K

📄 **11 23 21 letter to Kristi K. Johnson Assistant Director in charge of the FBI's Los Angeles Field Office and attachments.pdf**
4880K

# EXHIBIT Q

7/3/25, 5:09 PM
Case: 25-561, 07/06/2025, DktEntry: 45.1, Page 51 of 117
Food and Refreshment Guidance for HAVA Grants | U.S. Election Assistance Commission
Case 2:25-cv-00197-Z     Document 39     Filed 10/24/25     Page 80 of 246     PageID 377

🇺🇸 An official website of the United States government   Here's how you know ⌄



## UNITED STATES ELECTION ASSISTANCE COMMISSION



Menu

# Food and Refreshment Guidance for HAVA Grants

Monday, December 09, 2024

**Share ›**

*U.S. Election Assistance Commission | Effective October 15, 2024*

**Click here to view a pdf version of the guide:** [Food and Refreshment Guidance for HAVA Grants](#)

**Food-related expenses such as meals, snacks, and light refreshments must follow the Help America Vote Act of 2002, Uniform Guidance, the award Terms and Conditions, and recipient policies. Meals are generally unallowable except in the following cases:**

- **Overtime**: When an organization customarily provides meals to employees working beyond the normal workday, as a part of a formal overtime policy.
- **Travel**: As part of a daily allowance for travel expenses, supported by the recipient's travel policy.
- **Training**: As part of a conference or workshop held by the recipient or subrecipient.
- **Fundamental**: Necessary for the completion of program objectives.

The Election Assistance Commission (EAC) Office of Grants Management (OGM) has created this guide to help states understand each of these categories and provide the requirements to request prior approval where applicable.

---

*Generally, there is a very high burden of proof to show that paying for food and beverages with federal funds is necessary to meet the goals and objectives of a federal grant. You may need to provide detailed descriptions*

***and justification in advance.***

## *Review this guidance fully before proceeding with any food-related expenses.*

---

**Table of Contents:**

1. Strictly Unallowable
2. Overtime
3. Travel
4. Training
5. Fundamental
6. Non-Federal Alternatives
7. Citations


# 1. Strictly Unallowable

---

## Alcohol

Alcohol is a prohibited expense. Federal funds for meals, light refreshments, and space rental may not be used for any portion of an event where alcohol is served, purchased, or otherwise available as part of the event or meeting, even if HAVA funds are not used to purchase the alcohol.

Citation: [2 CFR 200.423](2 CFR 200.423)

## Entertainment

Entertainment costs, like amusement, diversion, and social activities, are not allowed. However, if these costs have a programmatic purpose and are approved in the budget or by the federal awarding agency, they may be allowed.

Citation: [2 CFR 200.438](2 CFR 200.438)

# EXHIBIT R



# Summary of Federal Grant Funding to the State of California

**Fiscal Year 2020**

**CALIFORNIA GOVERNOR'S OFFICE OF PLANNING AND RESEARCH**

March 18, 2022

# Contact Information

Amy Miller
Federal Grant Administrator
State Clearinghouse
Governor's Office of Planning and Research (OPR)
1400 Tenth Street
Sacramento, CA 95814
amy.miller@opr.ca.gov
(916) 445-0614

March 18, 2022

## National Aeronautics and Space Administration (NASA)
$184,019,176

The National Aeronautics and Space Administration (NASA) awarded over $184 million in federal grants to California in FFY20 through its Directorates, Offices, and Center. NASA funding to the state declined about $6 million (3%) from the year before with no additional COVID-19 funding.

NASA's Science Mission Directorate awarded approximately $135 million to support scientific research and technology. NASA's Space Technology and Aeronautics Research Mission Directorates each awarded approximately $21 million. NASA awarded grants to universities and other institutes, organizations, businesses, and other entities.

**Table 21: NASA Funding Awarded to California**

| Directorate, Office, or Center | FFY20 |
|---|---|
| Science Mission Directorate | $134,856,281 |
| Space Technology Mission Directorate | $21,642,085 |
| Aeronautics Research Mission Directorate | $20,770,531 |
| Office of STEM Engagement | $3,547,855 |
| NASA Johnson Space Center | $3,202,424 |
| Total | $184,019,176 |

Source: USASpending.gov (June 2021)

## Election Assistance Commission (EAC) $75,428,977



The Election Assistance Commission (EAC) awarded over $75 million to California in FFY20, which was granted to the California Secretary of State for the 2018 Help America Vote Act (HAVA) Election Security Grants (CFDA 90.404). These funds supported administration, security, and technology for elections for federal office. EAC funding is provided for election years and there was none awarded in FFY19 to the state. COVID-19 funding allocated $36 million from the EAC to California in FFY20.

## Agency for International Development (USAID)
$66,823,722

The Agency for International Development (USAID) awarded approximately $67 million in FFY20, over $25 million (61%) more than the previous fiscal year. Much of the USAID grant funding to California in FFY20 ($45 million) was in response to COVID-19.

USAID funding was awarded to institutes, universities, non-profits, and other entities in California. These funds primarily supported the USAID Foreign Assistance for Programs Overseas (CFDA 98.001), which received approximately $65 million. Other funding was dedicated to the development partnerships with universities.

# EXHIBIT S

Case: 25-561, 07/06/2025, DktEntry: 45.1, Page 58 of 117



California Governor's Office of Planning and Research



# SUMMARY OF FEDERAL GRANT FUNDING AWARDED TO THE STATE OF CALIFORNIA

Fiscal Year 2021

## Contact Information

Amy Miller
Federal Grant Administrator
State Clearinghouse
Governor's Office of Planning and Research (OPR)
1400 Tenth Street
Sacramento, CA 95814
amy.miller@opr.ca.gov
(916) 445-0614

# SUMMARY OF U.S. ELECTION ASSISTANCE COMMISSION FUNDING AWARDED TO CALIFORNIA IN FISCAL YEAR 2021 PAGE 141

APPENDIX E: CA STATE GOVERNMENT

Federal Expenditures by CA State Government by Federal Agency (FY21)

| Federal Agency | Federal Expenditures (FY21) |
|---|---|
| Department of Labor | $93,220,411,607 |
| Department of Health and Human Services | $88,256,729,957 |
| Department of Agriculture | $16,926,784,020 |
| Department of the Treasury | $9,504,443,411 |
| Department of Homeland Security | $8,688,590,760 |
| Department of Education | $6,184,374,749 |
| Department of Transportation | $4,117,501,837 |
| Department of Justice | $348,341,456 |
| Social Security Administration | $198,355,109 |
| Department of Veterans Affairs | $186,862,167 |
| Department of Defense | $135,838,541 |
| Department of the Interior | $134,111,291 |
| Department of Housing and Urban Development | $118,052,059 |
| Election Assistance Commission | $95,377,221 |
| General Services Administration | $60,295,758 |
| Environmental Protection Agency | $49,698,954 |
| Corporation for National and Community Service | $31,879,798 |
| National Endowment for the Arts | $22,394,438 |
| Department of Commerce | $21,639,952 |
| Department of Energy | $11,695,283 |
| Equal Employment Opportunity Commission | $2,305,080 |
| Executive Office of the President | $1,394,152 |
| Small Business Administration | $573,440 |
| Total (FY21) | $228,317,651,040 |

Source: California Department of Finance, Schedules of Expenditures of Federal Awards (SEFA).

lxxxvii

# EXHIBIT T

6/30/25, 4:20 PM
Bill Text - SB-423 November 3, 2020, statewide general election.

Case: 25-561, 07/06/2025, DktEntry: 45.1, Page 62 of 117
Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 91 of 246    PageID 388



**California**
LEGISLATIVE INFORMATION

| Home | Bill Information | California Law | Publications | Other Resources | My Subscriptions | My Favorites |

**SB-423 November 3, 2020, statewide general election.**  (2019-2020)

SHARE THIS:  f  X                                    Date Published: 08/07/2020 10:00 AM

**Senate Bill No. 423**

CHAPTER 31

An act to add and repeal Chapter 7 (commencing with Section 1600) of Division 1 of the Elections Code, relating to elections, and declaring the urgency thereof, to take effect immediately.

[ Approved by Governor  August 06, 2020. Filed with Secretary of State  August 06, 2020. ]

LEGISLATIVE COUNSEL'S DIGEST

SB 423, Umberg. November 3, 2020, statewide general election.

Existing law authorizes counties, on or after specified dates, to conduct any election as an all-mailed ballot election if, among other conditions, the county elections official provides for ballot drop-off locations and vote centers meeting minimum requirements. Vote centers are required to be open from the 10th day before the election until election day, as specified.

This bill would authorize a county for the November 3, 2020, statewide general election to not have its vote centers open before the 3rd day prior to the election.

In counties without all-mailed ballot procedures, existing law requires the elections official to divide the jurisdiction into precincts meeting certain requirements and to designate a polling place for each precinct.

This bill would provide an alternative procedure for the November 3, 2020, statewide general election authorizing the elections official to establish consolidated precinct boards, located within the same physical polling place, serving the voters residing in multiple adjacent precincts, as provided.

For the November 3, 2020, statewide general election, the bill would also (1) require elections officials to conduct a voter education and outreach campaign, (2) urge counties to provide drive-through ballot drop-off or voting locations, (3) authorize elections officials to establish vote centers, polling places, or consolidated polling places in locations whose primary purpose is the sale and dispensation of alcoholic beverages, (4) require the Secretary of State to establish a process to consider requests from counties to adjust or partially waive the minimally required number, location, or operational duration, of vote centers, consolidated polling places, or ballot drop-off locations, (5) require the Secretary of State to conduct a statewide voter education and outreach campaign regarding new procedures in place for the election, and (6) require the Secretary of State to establish a strike team to assist counties as needed to acquire suitable locations for vote centers, polling places, and consolidated polling places as well as other assets necessary for the safe and successful conduct of the election.

By imposing new requirements on counties, the bill would impose a state-mandated local program.

Case: 25-561, 07/06/2025, DktEntry: 45.1, Page 63 of 117

6/30/25, 4:20 PM    Bill Text - SB-423 November 3, 2020, statewide general election.
Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 92 of 246    PageID 389

The California Constitution requires the state to reimburse local agencies and school districts for certain costs mandated by the state. Statutory provisions establish procedures for making that reimbursement.

This bill would provide that, if the Commission on State Mandates determines that the bill contains costs mandated by the state, reimbursement for those costs shall be made pursuant to the statutory provisions noted above.

This bill would declare that it is to take effect immediately as an urgency statute.

Vote: 2/3   Appropriation: no   Fiscal Committee: yes   Local Program: yes

## THE PEOPLE OF THE STATE OF CALIFORNIA DO ENACT AS FOLLOWS:

**SECTION 1.** (a) The Legislature finds and declares all of the following:

(1) To maintain a healthy democracy in California, it is important to encourage eligible voters to vote and to ensure that residents of the state have the tools needed to participate in every election.

(2) When California conducts the November 3, 2020, statewide general election, it is unknown to what degree the COVID-19 pandemic will still pose a threat to public health. The state and its counties need to begin taking action now to procure supplies and equipment, secure voting locations, enlist volunteers, and draw up plans, among other steps, to ensure that the November 3, 2020, statewide general election is held in a manner that is accessible, secure, and safe.

(3) To preserve public health in the face of the threat of COVID-19, and to ensure that the November election is accessible, secure, and safe, all Californians will be empowered to vote by mail, from the safety of their own homes, pursuant to Governor Newsom's Executive Order N-64-20, issued on May 8, 2020, and as proposed by Assembly Bill 860 of the 2019–20 Regular Session.

(4) However, many Californians will still need access to in-person voting opportunities, including, but not limited to, individuals with disabilities, individuals who speak languages other than English, individuals experiencing homelessness, individuals who never received their vote-by-mail ballot, lost or damaged their ballot, or need to register to vote, as well as others who may find vote-by-mail less accessible than in-person voting. We owe these Californians safe in-person voting opportunities this November.

(b) It is the intent of the Legislature in enacting this act to do all of the following:

(1) To ensure that the November 3, 2020, statewide general election is conducted in a manner that protects and strengthens access for low-propensity voters and voters who have no history of voting by mail, first-time voters such as young voters and newly naturalized voters, housing insecure voters, and other voters who may be disproportionately impacted by the changes to election procedures that were necessitated by the COVID-19 pandemic.

(2) To ensure that safe, in-person voting opportunities are available this November in a manner that is consistent with public health guidance and requirements.

(3) To provide flexibility to counties in conducting the election in recognition of the challenges to election administration posed by the COVID-19 pandemic, while limiting changes to in-person voting opportunities to the minimum changes necessary to ensure that the election can be conducted in a manner consistent with public health requirements.

(4) To redirect any money that is saved from a reduction of in-person voting locations into voter education and outreach for the November 3, 2020, statewide general election.

**SEC. 2.** Chapter 7 (commencing with Section 1600) is added to Division 1 of the Elections Code, to read:

**CHAPTER 7. November 3, 2020, Statewide General Election**

**1600.** This chapter applies only to the November 3, 2020, statewide general election.

**1601.** Notwithstanding Sections 4005 and 4007, a county that conducts the November 3, 2020, statewide general election pursuant to either of those sections is not required to have its vote centers open before the third day prior to the election.

6/30/25, 4:20 PM

Case: 25-561, 07/06/2025, DktEntry: 45.1, Page 64 of 117
Bill Text - SB-423 November 3, 2020, statewide general election.
Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 93 of 246    PageID 390

**1602.** (a) A county that does not conduct the November 3, 2020, statewide general election pursuant to either Section 4005 or 4007 may choose to follow the procedures described in this section as an alternative to procedures that would otherwise be applicable in that county.

(b) (1) While maintaining separate geographical precincts under the existing limits on number of voters provided in Section 12223, the elections official may establish consolidated precinct boards, located within the same physical polling place, serving the voters residing in multiple adjacent precincts established pursuant to Section 12223 at a maximum ratio of one consolidated precinct board location for every 10,000 registered voters. These consolidated polling locations shall be open from Saturday, October 31, 2020, through Monday, November 2, 2020, for at least eight hours each day at regular hours convenient for members of the public. On the day of the election, the consolidated polling location shall be open from 7 a.m. to 8 p.m.

(2) In establishing the consolidated polling places, the elections official shall take into consideration the boundaries of state legislative, congressional, county supervisorial, and any other affected local legislative districts.

(3) The elections official shall ensure that the consolidated polling places are equitably distributed across the county to afford maximally convenient options for all voters and are established at accessible locations as near as possible to established public transportation routes. A consolidated polling place shall be located within the boundary of one of the precincts it serves.

(4) (A) The consolidated polling places shall be equipped with voting units or systems that are accessible to individuals with disabilities and provide the same opportunity for access and participation as is provided to voters who are not disabled, including the ability to vote privately and independently, in accordance with Sections 12280 and 19240. Each consolidated polling place shall have at least three voting machines that are accessible to voters with disabilities.

(B) The consolidated polling places shall comply with the accessibility requirements described in Article 5 (commencing with Section 12280) of Chapter 3 of Division 12, the federal Americans with Disabilities Act of 1990 (42 U.S.C. Sec. 12101 et seq.), the federal Help America Vote Act of 2002 (52 U.S.C. Sec. 20901 et seq.), and the federal Voting Rights Act of 1965 (52 U.S.C. Sec. 10101 et seq.).

(5) The elections official shall provide each consolidated polling place with enough ballots, provisional ballots, and provisional ballot envelopes to ensure every voter can be accommodated, as necessary.

(c) (1) In a county with consolidated polling places as described in this section, the elections official shall provide at least two ballot drop-off locations within the county or at least one ballot drop-off location for every 15,000 registered voters, whichever results in more ballot drop-off locations. For purposes of this paragraph, a consolidated polling place that includes an exterior ballot drop box counts only as a single ballot drop-off location.

(2) A ballot drop-off location provided for under this subdivision consists of a secure, accessible, and locked ballot box located as near as possible to established public transportation routes and that is able to receive voted ballots. All ballot drop-off locations shall be open at least during regular business hours beginning not less than 28 days before the day of the election, and on the day of the election.

(3) At least one ballot drop-off location shall be an exterior drop box that is available for a minimum of 12 hours per day. Because health directives to prevent the spread of COVID-19 may result in reduced access to some buildings, counties are encouraged to maximize the number of ballot drop-off locations that are exterior drop boxes or that are located in buildings, such as supermarkets or drugstores, that are likely to be considered essential businesses that will remain open to the public notwithstanding any physical distancing measures that are in place during the period beginning 28 days before the date of the election and ending on election day.

(4) For the purposes of this section, "ballot drop-off location" has the same meaning as in Section 3025.

(d) (1) In a county with consolidated polling places as described in this section, the elections official shall provide at least one location, open at least during regular business hours beginning 28 days before the day of the election, at which a voter may do any of the following:

(A) Return, or vote and return, the voter's vote by mail ballot.

(B) Register to vote, update the voter's voter registration, and vote pursuant to Section 2170.

6/30/25, 4:20 PM

Case: 25-561, 07/06/2025, DktEntry: 45.1, Page 65 of 117
Bill Text - SB-423 November 3, 2020, statewide general election.
Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 94 of 246    PageID 391

(C) Receive and vote a provisional ballot pursuant to Section 3016 or Article 5 (commencing with Section 14310) of Chapter 3 of Division 14.

(D) Receive a replacement ballot upon verification that a ballot for the same election has not been received from the voter by the county elections official. If the county elections official is unable to determine if a ballot for the same election has been received from the voter, the county elections official may issue a provisional ballot.

(E) Vote a regular, provisional, or replacement ballot using accessible voting equipment that provides for a private and independent voting experience.

(2) The elections official is urged to offer voters the ability to schedule an appointment to visit a location established pursuant to this subdivision.

(e) In determining the locations of consolidated polling places and ballot drop-off locations pursuant to this section, the county shall consider vote center and ballot drop-off location proximity to communities with historically low vote by mail usage. Counties shall also consider other criteria described in subparagraph (B) of paragraph (10) of subdivision (a) of Section 4005, to the extent data is readily available.

(f) Prior to finalizing the locations of consolidated polling places and ballot drop-off locations, the county elections official shall publicly notice in all legally required languages for that county the proposed consolidated polling place locations and ballot drop-off locations, shall post a copy of those locations on the elections official's internet website, and shall accept public comments on the proposed locations for at least 10 days after publicly noticing the proposed locations. Following the 10-day public comment period, the elections official shall consider any comments the official receives from the public, and shall adjust consolidated polling place and ballot drop-off locations in response to the public comments to the extent the official deems appropriate before finalizing the locations to be used as consolidated polling places and ballot drop-off locations.

**1603.** (a) Each county shall conduct a voter education and outreach campaign in all legally required languages for that county notifying voters about mail ballots, early voting opportunities, accessible voting options, and where and how to remedy any voting related problem.

(b) Each county is urged to provide drive-through ballot drop-off or voting locations. If a voter is waiting in a vehicle, the voter is considered "in line" for the purposes of keeping the polls open a sufficient time to enable them to vote pursuant to Section 14401.



(c) **Notwithstanding Section 12288, an elections official may establish a vote center, polling place, or consolidated polling place in a location whose primary purpose is the sale and dispensation of alcoholic beverages.**

**1604.** (a) (1) The Secretary of State shall establish a process to consider requests from counties to adjust or partially waive the minimally required number, location, or operational duration, of vote centers, consolidated polling places, or ballot drop-off locations described in Section 1602 or Sections 4005 and 4007. The process shall include, but not be limited to, review and modification, denial, or granting of a county's request in a timeframe to be determined by the Secretary of State. The Secretary of State shall not grant a county a complete waiver of the minimally required number, location, or operational duration, of vote centers, consolidated polling places, or ballot drop-off locations described in Section 1602 or Sections 4005 and 4007.

(2) (A) Prior to requesting a modification or partial waiver pursuant to paragraph (1), a county shall develop a draft plan that includes, but is not limited to, a written analysis of in-person voting needs in that county. The written analysis shall identify how the county's proposed levels of in-person voting are designed to safely accommodate the anticipated demand for voting services at those locations, including in-person voting, ballot replacement, ballot drop-off, conditional voter registration, language assistance, and voting assistance, shall report on efforts made to secure the otherwise required number of vote centers, consolidated polling places, and election personnel, and shall include a discussion of how the elections official will ensure that there will not be a disparate impact on any protected class of voters with regard to availability of voting machines and voting locations. In determining in-person voting locations that will be made available pursuant to the plan, the county shall consider the needs of individuals who do not have a history of voting by mail and other criteria described in subparagraph (B) of paragraph (10) of subdivision (a) of Section 4005, to the extent data is readily available.

6/30/25, 4:20 PM

Case: 25-561, 07/06/2025, DktEntry: 45.1, Page 66 of 117
Bill Text - SB-423 November 3, 2020, statewide general election.
Case 2:25-cv-00197-Z   Document 39   Filed 10/24/25   Page 95 of 246   PageID 392

(B) The county elections official shall publicly notice in all legally required languages for that county the draft plan required by subparagraph (A), shall post a copy of the draft plan in all legally required languages for that county on the elections official's internet website, and shall accept public comments on the draft plan for at least 10 days after publicly noticing the draft plan.

(C) Following the 10-day review period required by subparagraph (B), the elections official shall consider any public comments the official receives from the public, shall amend the draft plan in response to the public comments to the extent the official deems appropriate, and may adopt a final plan and submit that plan to the Secretary of State along with the request for a modification or partial waiver pursuant to paragraph (1). The elections official shall post the county's request for a modification or partial waiver on the elections official's internet website, and the Secretary of State shall post a copy of the secretary's response on the secretary's internet website.

(3) A partial waiver or modification shall not be granted to a county unless the elections official in that county can demonstrate all of the following:

(A) The official made best efforts to secure the required in-person voting locations.

(B) The plan will not have a negative disparate impact on disabled voters or any protected class of voters.

(C) The plan will not reduce in-person voting locations below a number of locations necessary to safely and efficiently accommodate the anticipated demand for in-person voting services.

(4) For the purposes of this subdivision, "protected class" means a class of voters who are members of a race, color, or language minority group, as this class is referenced and defined in the federal Voting Rights Act of 1965 (52 U.S.C. Sec. 10301 et seq.).

(b) The Secretary of State shall conduct a statewide voter education and outreach campaign regarding new procedures in place for the November 3, 2020, statewide general election, including, but not limited to, procedures relating to voting by mail, newly consolidated polling places and services provided therein, available language assistance, voter registration, conditional voter registration and voting, and accessible vote by mail voting.

(c) The Secretary of State shall establish a strike team to assist counties as needed to acquire suitable locations for vote centers, polling places, and consolidated polling places as well as other assets necessary for the safe and successful conduct of the November 3, 2020, statewide general election. The strike team shall include members of the Secretary of State's legal and investigative divisions as well as Deputy Attorneys General provided for this purpose by the Department of Justice. The strike team shall assist with the enforcement of this code, including, but not limited to, Article 5 (commencing with Section 12280) of Chapter 3 of Division 12 and Chapter 1 (commencing with Section 18000) of Division 18. In undertaking its responsibilities, the strike team shall seek to ensure that the November 3, 2020, statewide general election is conducted in a manner that is as consistent as possible with state and federal voting rights laws.

(d) The Secretary of State is encouraged to work with health officials, elections officials, and other stakeholders to establish guidelines for the use of personal protective equipment by individuals at in-person voting locations, including election workers, precinct board members, and voters. These guidelines may include, but are not limited to, requiring that individuals who are physically present at voting locations wear personal protective equipment when they are required by state or local health guidelines, ensuring that elections officials have sufficient personal protective equipment for use at in-person voting locations by election workers, precinct board members, and voters, and procedures to ensure that voters are not turned away from using in-person voting locations due to a lack of access to the necessary personal protective equipment.

**1605.** Notwithstanding any other law, a county may only hold the November 3, 2020, statewide general election in the manner provided for in this chapter if each registered voter is also mailed a vote by mail ballot.

**1606.** This chapter shall remain in effect only until January 1, 2021, and as of that date is repealed.
**SEC. 3.** If the Commission on State Mandates determines that this act contains costs mandated by the state, reimbursement to local agencies and school districts for those costs shall be made pursuant to Part 7 (commencing with Section 17500) of Division 4 of Title 2 of the Government Code.

**SEC. 4.** This act is an urgency statute necessary for the immediate preservation of the public peace, health, or safety within the meaning of Article IV of the California Constitution and shall go into immediate effect. The facts constituting the necessity are:

6/30/25, 4:20 PM

Case: 25-561, 07/06/2025, DktEntry: 45.1, Page 67 of 117

Bill Text - SB-423 November 3, 2020, statewide general election.

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 96 of 246    PageID 393

In order to ensure the November 3, 2020, statewide general election can be conducted safely and successfully, it is necessary for this act to take effect immediately.

# EXHIBIT H

**United States ex rel. Carl Gordon v. Gavin Newsom etal., No. 2:25-cv-4705-AB(SSCx) (C.D. Cal.). PLAINTIFF-RELATOR'S REPLY TO ORDER TO SHOW CAUSE September 27, 2025.**

Case 2:25-cv-00197-Z   Document 39   Filed 10/24/25   Page 98 of 246   PageID 395
Case 2:25-cv-04705-AB-SSC   Document 25   Filed 09/27/25   Page 1 of 149   Page ID
#:1368

1
2
3
4
5
6

**CARL GORDON**
**UNIVERSITY OF THE 'HOOD®**
8306 Wilshire Blvd., No. 792
Beverly Hills, CA 90211
Tel. (310) 926-3939
Email: universityofthehood@gmail.com
PLAINTIFF IN PRO SE, CARL GORDON

```
┌─────────────────────────────────┐
│            FILED                │
│  CLERK, U.S. DISTRICT COURT     │
│        9/27/25                  │
│  CENTRAL DISTRICT OF CALIFORNIA │
│  BY      CS        DEPUTY       │
│  DOCUMENT SUBMITTED THROUGH THE │
│  ELECTRONIC DOCUMENT SUBMISSION SYSTEM │
└─────────────────────────────────┘
```

7

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

8
9
10
11
12
13
14
15
16
17

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. CARL GORDON,<br><br>Plaintiff-Relator,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>Defendant(s) | CASE No: 2:25-cv-04705-AB(SSx)<br><br>**PLAINTIFF-RELATOR'S REPLY TO ORDER TO SHOW CAUSE** |

18
19
20

**PLAINTIFF-RELATOR'S REPLY TO ORDER TO SHOW CAUSE**
RE: DISMISSAL DUE TO LACK OF COUNSEL

## I. INTRODUCTION

21
22
23
24
25
26
27

Plaintiff-Relator Carl Gordon respectfully submits this reply to the Court's August 27, 2025 Order to Show Cause ("OSC"). While the Ninth Circuit has held that a pro se relator may not prosecute claims on behalf of the United States under the False Claims Act ("FCA"), this case presents additional and independent bases for standing and relief that require more time than the 30 days afforded by the OSC.

28

Additionally, because this filing is made on September 27, 2025—one day after the September 26, 2025, calculation—the Court's discretion under Federal Rule of Civil Procedure 6(b)(1)(B) is invoked. Relator respectfully submits that any delay is excusable neglect, given the ambiguity between the Order's date (Aug. 27, 2025) and the Clerk's docket entry (Aug. 29, 2025). Under Rule 6(a), a deadline calculated from the entry date would not expire until September 29, 2025.

## II. LEGAL STANDARD: *STONER v. SANTA CLARA COUNTY OFFICE OF EDUCATION*

In *Stoner v. Santa Clara Cnty. Off. of Educ.*, 502 F.3d 1116, 1127 (9th Cir. 2007), the Ninth Circuit held that a pro se relator may not prosecute FCA claims but emphasized that courts must grant a pro se litigant "reasonable time to find counsel" before dismissal. What constitutes "reasonable" must be evaluated in light of the circumstances of each case.

## III. PLAINTIFF'S CONCRETE PERSONAL INTEREST

Unlike a pure qui tam relator, Plaintiff also asserts a direct constitutional claim: the wrongful taking of his $4,194.94 filing fee. This injury is:

- Concrete (actual monetary loss);

- Traceable to unconstitutional recall procedures enacted by a disqualified governor; and

- Redressable through refund or nominal damages (*Uzuegbunam v. Preczewski*, 141 S. Ct. 792 (2021); *Clark v. Weber*, 68 F.4th 678 (9th Cir. 2023)).

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 100 of 246    PageID 397
Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 3 of 149    Page ID
#:1370

This independent claim provides Plaintiff with Article III standing, separate from his status as FCA relator.

## IV. CLASS-WIDE INJURY

The certified list of gubernatorial recall replacement candidates (Exhibit A) demonstrates that every candidate paid the same $4,194.94 fee. Thus:

- Numerosity: Over 50 candidates.

- Commonality: All claims arise from the same unconstitutional recall framework.

- Typicality: Plaintiff's claim is identical to that of other candidates.

- Adequacy: While formal class certification requires counsel, Plaintiff has taken reasonable steps to organize this class.

## V. PRIOR ORGANIZATIONAL EFFORTS

This is not a new effort. In October 2021, Plaintiff emailed multiple certified candidates, including Angelyne, Holly Baade, and David Bramante, to discuss forming a class action to recover unconstitutional fees. At least one candidate, Ms. Baade, responded affirmatively, offering to join and provide additional evidence (Exhibit B).

## VI. THE RECORD IS NOW RIPE

Until now, critical evidence was actively suppressed, including the December 9, 2021 EAC OIG referral to DOJ and FBI. With the record now consolidated in the attached 13,000-word motion (Exhibit C), the systemic nature of the fraud and class-wide harm is undeniable.

Case 2:25-cv-00197-Z     Document 39     Filed 10/24/25     Page 101 of 246     PageID 398
Case 2:25-cv-04705-AB-SSC     Document 25     Filed 09/27/25     Page 4 of 149     Page ID
#:1371

## VII. REQUEST FOR ADDITIONAL TIME

Given:

- Plaintiff's personal Takings Clause injury;

- The existence of a class of similarly injured candidates;

- Prior good-faith efforts to organize and secure counsel;

- Outreach to law firms both in California and nationally with FCA expertise;

- Plaintiff's pro se status while managing five related cases;

…the 30-day period set in the OSC is insufficient. Plaintiff respectfully requests that the Court grant a reasonable extension—no less than 120 days—to secure counsel capable of representing both the United States and the injured class.

## VIII. RULE 6(b)(1)(B) EXCUSABLE NEGLECT

If the Court deems September 26, 2025 the operative deadline, Relator requests relief under Rule 6(b)(1)(B). Courts may extend deadlines after expiration upon a showing of excusable neglect. Here, excusable neglect exists because:

1. The OSC was dated August 27, 2025 but docketed August 29, 2025, creating ambiguity;

2. Under Rule 6(a), counting from the entry date makes the deadline September 29, 2025;

3. Plaintiff is a self-represented litigant managing five related federal cases, increasing the complexity of compliance;

Case 2:25-cv-00197-Z   Document 39   Filed 10/24/25   Page 102 of 246   PageID 399
Case 2:25-cv-04705-AB-SSC   Document 25   Filed 09/27/25   Page 5 of 149   PageID
#:1372

4. Plaintiff has diligently sought counsel by contacting law firms in California and out of state specializing in FCA litigation and is awaiting responses;

5. Plaintiff acted in good faith and filed immediately upon realizing the Sept. 26 interpretation;

6. No prejudice exists to Defendants, as proceedings are stayed;

7. The strong public interest underlying FCA claims favors adjudication on the merits; and

8. The August 14, 2025 Notice of Election to Decline Intervention (Exhibit E), signed by Acting U.S. Attorney Bilal A. Essayli and his Civil Division team including David M. Harris, underscores the extraordinary conflicts of interest. Harris is himself a defendant in related Appeal No. 25-1190. The same official cannot ethically decline intervention on behalf of the United States while defending his own liability in a related case.

## IX. CONCLUSION

Dismissal at this stage would prematurely extinguish not only the government's interests under the FCA but also Plaintiff's personal constitutional claim and the class-wide rights of every gubernatorial replacement candidate. Under *Stoner*, the Court must provide reasonable time. Plaintiff has demonstrated diligence and systemic importance.

Accordingly, Plaintiff respectfully requests that the Court:

1. Take judicial notice of Exhibits A–E;

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 103 of 246    PageID 400
Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 6 of 149    Page ID
#:1373

2. Extend the OSC deadline beyond 30 days, granting no less than 120 days
   to secure counsel;

3. Alternatively, deem this filing timely under Rule 6(a) and/or accept it nunc
   pro tunc under Rule 6(b)(1)(B) as excusable neglect; and

4. Defer dismissal until Plaintiff's constitutional and class-based claims are
   addressed.

Dated: September 27, 2025                Respectfully submitted,

*Carl Gordon*

Carl Gordon

Plaintiff-Relator, appearing pro se

8306 Wilshire Blvd., No. 792

Beverly Hills, CA 90211

universityofthehood@gmail.com

(310) 926-3939

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 104 of 246    PageID 401
Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 7 of 149    Page ID
#:1374

# DECLARATION OF CARL GORDON EXHIBIT D

**IN SUPPORT OF REPLY TO ORDER TO SHOW CAUSE AND REQUEST FOR EXTENSION OF TIME**

I, Carl Gordon, declare as follows:

1. I am the Plaintiff-Relator in this action, proceeding pro se. I make this declaration in support of my Reply to the Court's August 27, 2025 Order to Show Cause.

2. I am presently managing five related federal cases in this District and the Ninth Circuit, each arising out of the 2020 and 2021 California recall election controversies. Coordinating filings across these actions has required significant time and effort.

3. I have diligently sought legal representation in this matter. Since receipt of the OSC, I have contacted law firms both in California and outside the state that specialize in False Claims Act and qui tam litigation. I am currently awaiting responses from those outreach efforts.

4. The OSC was dated August 27, 2025, but docketed on August 29, 2025. Based on the docket entry date and Rule 6(a), I reasonably believed the deadline extended through September 29, 2025. To the extent the Court deems the deadline expired on September 26, 2025, I respectfully submit that my one-day delay in filing constitutes excusable neglect, given the docket ambiguity, my pro se status, my workload across multiple related cases, and my diligent efforts to retain counsel.

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 105 of 246    PageID 402
Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 8 of 149    Page ID
#:1375

5. No prejudice will result from this short delay, as the Court has already stayed substantive proceedings pending counsel's appearance, and my filing demonstrates continued diligence and good faith.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: September 27, 2025

Los Angeles, California



Carl Gordon, Plaintiff-Relator, Pro Se

**Attached Exhibits**

- Exhibit A – Certified List of Gubernatorial Recall Replacement Candidates and Filing Fees.

- Exhibit B – Email Correspondence with Candidates (Oct. 2021).

- Exhibit C – Motion for Summary Disposition, filed Sept. 25, 2025.

- Exhibit D – Declaration of Carl Gordon in Support of Reply and Request for Extension attached hereto.

- Exhibit E – United States' Notice of Election to Decline Intervention and Request to Unseal (excerpt) (filed Aug. 14, 2025, signed by Acting U.S. Attorney Bilal A. Essayli, et al.)

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 106 of 246    PageID 403
Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 9 of 149    Page ID
#:1376

**PROOF OF SERVICE**

I, Mae Gordon, declare as follows:

I am employed in the City and County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My address is 1125 South Holt Avenue, Apt. 3, Los Angeles, California 90035.

On September 27, 2025, I served the following documents:

PLAINTIFF-RELATOR'S REPLY TO ORDER TO SHOW CAUSE

by electronic mail to the email addresses listed below:

1. **Todd Blanche**,
   Deputy Attorney General
   U.S. Department of Justice
   950 Pennsylvania Avenue, NW
   Washington, DC 20530-0001
   **Email:** Todd.Blanche@usdoj.gov

2. **Court courtesy copy**
   **Honorable André Birotte Jr.**
   Courtroom Deputy Clerk – **Evelyn Chun**
   **Email:** ab_chambers@cacd.uscourts.gov

3. **Bilal A. Essayli**, United States Attorney
   Office of the U.S. Attorney – Central District of California
   300 North Los Angeles Street, Suite 7516
   Los Angeles, CA 90012
   **Email:** bilal.essayli@usdoj.gov

4. **Cory Lynn Webster,** AUSA
   United States Attorneys Office Central District of California
   300 North Los Angeles Street, Suite 7516
   Los Angeles, CA 90012
   213-894-3348 Fax: 213-894-7819
   Email: cory.webster@usdoj.gov

Executed on September 27, 2025, at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*Mae Gordon*

Mae Gordon

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 107 of 246    PageID 404
Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 10 of 149    Page ID
#:1377

**[PROPOSED] ORDER**

The Court has reviewed Plaintiff-Relator Carl Gordon's Reply to the Court's August 27, 2025 Order to Show Cause and supporting Declaration, including the request for additional time to secure counsel pursuant to Stoner v. Santa Clara County Office of Education, 502 F.3d 1116 (9th Cir. 2007), and Federal Rule of Civil Procedure 6(b)(1)(B).

Good cause appearing, IT IS HEREBY ORDERED:

Good cause appearing, IT IS HEREBY ORDERED:

1. Plaintiff-Relator's request for additional time is **GRANTED**.

2. The deadline to respond to the Court's August 27, 2025 Order to Show Cause is extended by **120 days**, to **January 26, 2026**.

3. Plaintiff-Relator shall file a Notice of Appearance by licensed counsel, or otherwise respond to the Court's OSC, on or before that date.

4. The Court defers dismissal of this action until the extended deadline has passed.

IT IS SO ORDERED.

Dated: _____

_____
Hon. André Birotte Jr.
United States District Judge
Central District of California

Dated: September 27, 2025          Respectfully submitted,

*Carl Gordon*

Carl Gordon
Plaintiff-Relator, appearing pro se
8306 Wilshire Blvd., No. 792
Beverly Hills, CA 90211
universityofthehood@gmail.com
(310) 926-3939

# EXHIBIT A

**Certified List of Gubernatorial Recall Replacement Candidates and Filing Fees.**

# State of California

## SECRETARY OF STATE

CERTIFIED LIST OF CANDIDATES
SEPTEMBER 14, 2021, CALIFORNIA GUBERNATORIAL RECALL ELECTION

OFFICE OF THE SECRETARY OF STATE
STATE OF CALIFORNIA

I, Shirley N. Weber, Ph.D., Secretary of State of the State of California, pursuant to
Elections Code sections 8120, 8148, and 11381(a), do hereby certify

That the following list contains the name and, if applicable, the ballot designation
and party preference of each person who are entitled to receive votes at the California
Gubernatorial Recall Election to be held on Tuesday, September 14, 2021.

Dated at Sacramento, California, this 21st day of July, 2021.

**Shirley N. Weber, Ph.D.**
SECRETARY OF STATE

# California Gubernatorial Recall Election - September 14, 2021
**Official Certified List of Candidates**

7/21/2021
Page 1 of 3

## Governor

| | |
|---|---|
| **Holly L. Baade** | **Democratic** |
| Mother/Business Owner | |
| **John R. Drake** | **Democratic** |
| College Student | |
| **Patrick Kilpatrick** | **Democratic** |
| Actor/Screenwriter/Producer | |
| **Jacqueline McGowan** | **Democratic** |
| Cannabis Policy Advisor | |
| **Kevin Paffrath** | **Democratic** |
| Financial Educator/Analyst | |
| **Armando "Mando" Perez-Serrato** | **Democratic** |
| No Ballot Designation | |
| **Brandon M. Ross** | **Democratic** |
| Physician/Attorney | |
| **Joel Ventresca** | **Democratic** |
| Retired Airport Analyst | |
| **Daniel Watts** | **Democratic** |
| Free Speech Lawyer | |
| **David Alexander Bramante** | **Republican** |
| Realtor/Multifamily Developer | |
| **John Cox** | **Republican** |
| Businessman/Accountant/Father | |
| **Larry A. Elder** | **Republican** |
| Broadcaster/Author | |
| **Kevin L. Faulconer** | **Republican** |
| Businessman/Educator | |
| **Rhonda Furin** | **Republican** |
| Nonprofit President | |
| **Ted Gaines** | **Republican** |
| Board of Equalization Member | |
| **Sam L. Gallucci** | **Republican** |
| Pastor/CEO/Consultant | |
| **David Hillberg** | **Republican** |
| Aircraft Mechanic/Actor | |
| **Caitlyn Jenner** | **Republican** |
| Businessperson/Entrepreneur | |
| **Kevin Kiley** | **Republican** |
| California Legislator | |
| **Chauncey "Slim" Killens** | **Republican** |
| Retired Correctional Officer | |

# California Gubernatorial Recall Election - September 14, 2021
**Official Certified List of Candidates**

7/21/2021
Page 2 of 3

## Governor

| | |
|---|---|
| **Jenny Rae Le Roux** | Republican |
| Business Owner/Mother | |
| **Steve Chavez Lodge** | Republican |
| Retired Homicide Detective | |
| **David Lozano** | Republican |
| Executive Officer/Attorney | |
| **Diego Martinez** | Republican |
| Businessman | |
| **Daniel Mercuri** | Republican |
| Father/Business Owner | |
| **Robert C. Newman II** | Republican |
| Farmer/Psychologist | |
| **Doug Ose** | Republican |
| Farmer/Small Businessman | |
| **Sarah Stephens** | Republican |
| Pastor | |
| **Denver Stoner** | Republican |
| Deputy Sheriff | |
| **Joe M. Symmon** | Republican |
| Community Volunteer | |
| **Anthony Trimino** | Republican |
| Entrepreneur/CEO | |
| **Nickolas Wildstar** | Republican |
| Musician/Entrepreneur/Father | |
| **Leo S. Zacky** | Republican |
| Businessman/Farmer | |
| **Heather Collins** | Green |
| Business Owner/Hairstylist | |
| **Dan Kapelovitz** | Green |
| Criminal Defense Attorney | |
| **Jeff Hewitt** | Libertarian |
| Riverside County Supervisor | |
| **Angelyne** | No Party Preference |
| Entertainer | |
| **James G. Hanink** | No Party Preference |
| Retired Educator | |
| **Kevin K. Kaul** | No Party Preference |
| Real Estate Developer | |
| **Michael Loebs** | No Party Preference |
| University Lecturer | |
| **Denis Lucey** | No Party Preference |
| Teacher | |

**California Gubernatorial Recall Election - September 14, 2021**
**Official Certified List of Candidates**

7/21/2021
Page 3 of 3

# Governor

| | |
|---|---|
| **Jeremiah "Jeremy" Marciniak** | **No Party Preference** |
| No Ballot Designation | |
| **David Moore** | **No Party Preference** |
| Public School Teacher | |
| **Adam Papagan** | **No Party Preference** |
| Entertainer | |
| **Dennis Richter** | **No Party Preference** |
| Retail Store Worker | |
| **Major Singh** | **No Party Preference** |
| Software Engineer | |

**Payment Method and Fees Paid**
September 14, 2021, California Gubernatorial Recall Election

| Certified Candidate Name | Payment Method | Amount |
|---|---|---|
| Holly L. Baade | Check | 4187.15 |
| John R. Drake | Check | 4188.95 |
| Patrick Kilpatrick | Check | 4194.94 |
| Jacqueline McGowan | Check | 4194.94 |
| Kevin Paffrath | Check | 4194.94 |
| Armando "Mando" Perez-Serrato | Check | 4194.94 |
| Brandon M. Ross | Check | 4194.94 |
| Joel Ventresca | Check | 4141.01 |
| Daniel Watts | Check | 4155.99 |
| David Alexander Bramante | Check | 4194.94 |
| John Cox | Check | 4194.94 |
| Larry A. Elder | Check | 4194.94 |
| Kevin L. Faulconer | Check | 4194.94 |
| Rhonda Furin | Check | 4194.94 |
| Ted Gaines | Check | 4194.94 |
| Sam L. Gallucci | Check | 4102.05 |
| David Hillberg | Check | 4194.94 |
| Caitlyn Jenner | Check | 4194.94 |
| Kevin Kiley | Check | 4194.94 |
| Chauncey "Slim" Killens | Check | 4194.94 |
| Jenny Rae Le Roux | Check | 4194.94 |
| Steve Chavez Lodge | Check | 4194.94 |
| David Lozano | Check | 4194.94 |
| Diego Martinez | Check | 4194.94 |
| Daniel Mercuri | Check | 4194.94 |
| Robert C. Newman II | Check | 4133.21 |
| Doug Ose | Check | 4194.94 |
| Sarah Stephens | Check | 4115.24 |
| Denver Stoner | Check | 4194.94 |
| Joe M. Symmon | Check | 4194.94 |
| Anthony Trimino | Check | 4194.94 |
| Nickolas Wildstar | Money order | 4194.94 |
| Leo S. Zacky | Check | 4194.94 |
| Heather Collins | Check | 4194.94 |
| Dan Kapelovitz | Check | 4194.94 |

September 14, 2021, California Gubernatorial Recall Election

| Certified<br>Candidate Name | Payment Method | Amount |
|---|---|---|
| Jeff Hewitt | Money order | 4194.94 |
| Angelyne | Check | 4194.94 |
| James G. Hanink | Check | 4098.46 |
| Kevin K. Kaul | Check | 4189.56 |
| Michael Loebs | Check | 4194.94 |
| Denis Lucey | Check | 4194.94 |
| Jeremiah "Jeremy" Marciniak | Check | 4164.98 |
| David Moore | Check | 4194.94 |
| Adam Papagan | Check | 4143.40 |
| Dennis Richter | Check | 4095.46 |
| Major Singh | Check | 4194.94 |

Case 2:25-cv-04705-AB-SSC     Document 25     Filed 09/27/25     Page 19 of 149     Page ID
Case 2:25-cv-00197-Z     Document 39     Filed 10/24/25     Page 116 of 246     PageID 413
#:1386

| Inactive Candidate Name | Payment Method | Amount |
|---|---|---|
| Sonya Berg | Check | 4194.94 |
| Arthur Ayala | Check | 4194.94 |
| Carl Gordon | Check | 4194.94 |
| David Shantz | Check | 4193.74 |
| Frederick Charles Schultz | Check | 4190.22 |
| Joseph Ketner | Check | 4194.94 |
| Mariana Dawson | Check | 4194.94 |
| Matthew P. Tate | Check | 4194.94 |
| Mauro Alberto Orozco | Check | 4194.94 |
| Paul Kangus | Credit | 4194.94 |

Case 2:25-cv-00197-Z   Document 39   Filed 10/24/25   Page 117 of 246   PageID 414
Case 2:25-cv-04765-AB-SSC   Document 25-7   Filed 09/27/23   Page 20 of 149   Page ID
#:1387

# EXHIBIT B

Holly Baade,  responded affirmatively, to discuss forming a class action to recover unconstitutional fees.

9/27/25, 8:33 AM    Gmail - To all former replacement candidates for governor of California. The recall election was rigged, from the beginning: You may...

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 118 of 246    PageID 415

 Gmail

Carl Gordon <universityofthehood@gmail.com>

# To all former replacement candidates for governor of California. The recall election was rigged, from the beginning: You may be entitled to a full refund of fees paid to the secretary of state, including all expenditures for your candidacy and legal fees

7 messages

**Carl Gordon** <universityofthehood@gmail.com>        Tue, Oct 19, 2021 at 2:25 PM
To: angelyneforgovernor@gmail.com, hollybaade@gmail.com, heathercollinsforgovernor@gmail.com, johnrobertdanieldrake@gmail.com, jhc@votejohncox.com, politics@davidbramante.com

**Angelyne**                                         No Party Preference

PO Box 3864 Beverly Hills, CA 90212 WEBSITE: https://www.
angelyneforgovernor.com E-MAIL: angelyneforgovernor@gmail.com

**Entertainer**

**Holly L. Baade**                                     Democratic
10 School St Ste C Fairfax, CA 94930 (415) 233-2049 (Business)
WEBSITE: https://www.mettacine.org E-MAIL: hollybaade@gmail.com

**Mother/Business Owner**

**David Alexander Bramante**                        Republican
26565 Agoura Rd #200 Calabasas, CA 91302 (323) 484-4695 (Business) WEBSITE: https://www.bramanteforgovernor.com E-
MAIL: politics@davidbramante.com

**Realtor/Multifamily Developer**

**Heather Collins**                                   Green
13360 W Washington Blvd Los Angeles, CA 90066 (310) 403-6209
(Business) E-MAIL: heathercollinsforgovernor@gmail.com

**Business Owner/Hairstylist**

**John Cox**                                         Republican
PO Box 3848 Rancho Santa Fe, CA 92067 (858) 999-5743 (Business)
WEBSITE: https://www.johncox.com E-MAIL: jhc@votejohncox.com

**Businessman/Accountant/Father**

**John R. Drake**                                   Democratic
8338 Lakewood Cir Ventura, CA 93004 WEBSITE:
https://www.johndrake.com E-MAIL: johnrobertdanieldrake@gmail.com

**College Student**

9/27/25, 8:33 AM Gmail - To all former replacement candidates for governor of California. The recall election was rigged, from the beginning. You may...

Case 2:25-cv-04705-AB-SSC Document 25 Filed 09/27/25 Page 22 of 149 Page ID

Case 2:25-cv-00197-Z Document 39 Filed 10/24/25 Page 119 of 246 PageID 416

To all former replacement candidates for governor of California. The recall election was rigged, from the beginning:

You may be entitled to a full refund of fees paid to the secretary of state, including all expenditures for your candidacy and legal fees as a replacement candidate for the September 14, 2021 recall election.

You are invited to join me in the current federal action against Governor Newsom, Secretary of State Weber, and others. We anticipate filing an amended complaint as soon as possible. Join me in an application to the court for a class-action status of this federal lawsuit.

Rule 15 of the federal rules of civil procedure allows a plaintiff to amend their complaint one time within 21 days of serving the original complaint or at any point before the defendant answers the complaint.
Governor Newsom and the other defendants have not answered the complaint as of October 19, 2021.

If you wish to join the lawsuit email, me the approximate amount of your expenditures as a replacement candidate. Include fees paid to the state of California Secretary of State and any attorney fees (as well as any garden-variety emotional stress that you may have experienced—a dollar amount that you may have suffered—ASAP.

I will then present all of the information to an attorney to represent us as a class in federal court.

Now read about how we all were cheated out of a fair and honest recall election by Governor Gavin Newsom.

Please see attached.

Thank you for your attention to this matter.

Sincerely and seriously,

Carl Gordon, MPA, University of Southern California
Co-founder and the first steward of University of the 'Hood®
University of the 'Hood, Ph.D., *summa cum laude*

---

📄 **10 18 21 letter to Sheriff Villanueva and D.A. Gascón and District Attorneys Association.pdf**
3077K

---

**Holly Baade** <hollybaade@gmail.com>                                    Tue, Oct 19, 2021 at 3:39 PM
To: Carl Gordon <universityofthehood@gmail.com>

Thank you. I will send my details shortly. I will participate.

9/27/25, 8:33 AM Gmail - To all former replacement candidates for governor of California. The recall election was rigged, from the beginning: You may...

Case 2:25-cv-04705-AB-SSC Document 25 Filed 09/27/25 Page 23 of 149 Page ID

Case 2:25-cv-00197-Z Document 39 Filed 10/24/25 Page 120 of 246 PageID 417

Holly

On Tue, Oct 19, 2021 at 2:26 PM Carl Gordon <universityofthehood@gmail.com> wrote:

**Angelyne**                                                                                  No Party Preference

PO Box 3864 Beverly Hills, CA 90212 WEBSITE: https://www.
angelyneforgovernor.com E-MAIL: angelyneforgovernor@gmail.com

Entertainer

**Holly L. Baade**                                                                            Democratic
10 School St Ste C Fairfax, CA 94930 (415) 233-2049 (Business)
WEBSITE: https://www.mettacine.org E-MAIL: hollybaade@gmail.com

Mother/Business Owner

**David Alexander Bramante**                                                                  Republican
26565 Agoura Rd #200 Calabasas, CA 91302 (323) 484-4695 (Business) WEBSITE: https://www.bramanteforgovernor.com E-
MAIL: politics@davidbramante.com

Realtor/Multifamily Developer

**Heather Collins**                                                                           Green
13360 W Washington Blvd Los Angeles, CA 90066 (310) 403-6209
(Business) E-MAIL: heathercollinsforgovernor@gmail.com

Business Owner/Hairstylist

**John Cox**                                                                                  Republican
PO Box 3848 Rancho Santa Fe, CA 92067 (858) 999-5743 (Business)
WEBSITE: https://www.johncox.com E-MAIL: jhc@votejohncox.com

Businessman/Accountant/Father

**John R. Drake**                                                                             Democratic
8338 Lakewood Cir Ventura, CA 93004 WEBSITE:
https://www.johndrake.com E-MAIL: johnrobertdanieldrake@gmail.com

College Student

To all former replacement candidates for governor of California. The recall election was
rigged, from the beginning:

You may be entitled to a full refund of fees paid to the secretary of state, including all
expenditures for your candidacy and legal fees as a replacement candidate for the September
14, 2021 recall election.

You are invited to join me in the current federal action against Governor Newsom,  Secretary

9/27/25, 8:33 AM Gmail - Your former replacement candidate to governor of California, the recall election was rigged, from the beginning. You may…

Case 2:25-cv-01705-AB-SSC    Document 25    Filed 09/27/25    Page 24 of 149    Page ID

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 121 of 246    PageID 418

of State Weber, and others. We anticipate filing an amended complaint as soon as possible. Join me in an application to the court for a class-action status of this federal lawsuit.

Rule 15 of the federal rules of civil procedure allows a plaintiff to amend their complaint one time within 21 days of serving the original complaint or at any point before the defendant answers the complaint.
Governor Newsom and the other defendants have not answered the complaint as of October 19, 2021.

If you wish to join the lawsuit email, me the approximate amount of your expenditures as a replacement candidate. Include fees paid to the state of California Secretary of State and any attorney fees (as well as any garden-variety emotional stress that you may have experienced— a dollar amount that you may have suffered—ASAP.

I will then present all of the information to an attorney to represent us as a class in federal court.

Now read about how we all were cheated out of a fair and honest recall election by Governor Gavin Newsom.

Please see attached.

Thank you for your attention to this matter.

Sincerely and seriously,

Carl Gordon, MPA, University of Southern California
Co-founder and the first steward of University of the 'Hood®
University of the 'Hood, Ph.D., *summa cum laude*

--
Love ❤ Holly
_____

Holly Baade
Co-Founder, METTACINE
www.loveismettacine.com
info@loveismettacin.com
415-233-2049

*Live a Happy, Healthy Life" 

---

**Carl Gordon** <universityofthehood@gmail.com>                    Tue, Oct 19, 2021 at 6:27 PM
To: Holly Baade <hollybaade@gmail.com>

Thank you. Holly, we will be in touch.

On Tue, Oct 19, 2021 at 3:39 PM Holly Baade <hollybaade@gmail.com> wrote:
Thank you. I will send my details shortly. I will participate.

9/27/25, 8:33 AM                  Gmail - To all former replacement candidates for governor of California: The recall election was rigged, from the beginning... You may...

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 122 of 246    PageID 419

Holly

On Tue, Oct 19, 2021 at 2:26 PM Carl Gordon <universityofthehood@gmail.com> wrote:

| | |
|---|---|
| **Angelyne** | No Party Preference |

PO Box 3864 Beverly Hills, CA 90212 WEBSITE: https://www.
angelyneforgovernor.com E-MAIL: angelyneforgovernor@gmail.com

**Entertainer**

| | |
|---|---|
| **Holly L. Baade** | Democratic |

10 School St Ste C Fairfax, CA 94930 (415) 233-2049 (Business)
WEBSITE: https://www.mettacine.org E-MAIL: hollybaade@gmail.com

**Mother/Business Owner**

| | |
|---|---|
| **David Alexander Bramante** | Republican |

26565 Agoura Rd #200 Calabasas, CA 91302 (323) 484-4695 (Business) WEBSITE: https://www.bramanteforgovernor.com E-
MAIL: politics@davidbramante.com

**Realtor/Multifamily Developer**

| | |
|---|---|
| **Heather Collins** | Green |

13360 W Washington Blvd Los Angeles, CA 90066 (310) 403-6209
(Business) E-MAIL: heathercollinsforgovernor@gmail.com

**Business Owner/Hairstylist**

| | |
|---|---|
| **John Cox** | Republican |

PO Box 3848 Rancho Santa Fe, CA 92067 (858) 999-5743 (Business)
WEBSITE: https://www.johncox.com E-MAIL: jhc@votejohncox.com

**Businessman/Accountant/Father**

| | |
|---|---|
| **John R. Drake** | Democratic |

8338 Lakewood Cir Ventura, CA 93004 WEBSITE:
https://www.johndrake.com E-MAIL: johnrobertdanieldrake@gmail.com

**College Student**

To all former replacement candidates for governor of California. The recall election was rigged, from the beginning:

You may be entitled to a full refund of fees paid to the secretary of state, including all expenditures for your candidacy and legal fees as a replacement candidate for the September 14, 2021 recall election.

You are invited to join me in the current federal action against Governor Newsom,  Secretary

9/27/25, 8:33 AM Gmail - You are one of the 46 replacement candidates for governor of California, the recall election was rigged, from the beginning... You may...

Case 2:25-cv-04705-AB-SSC   Document 25   Filed 09/27/25   Page 26 of 149   Page ID

Case 2:25-cv-00197-Z   Document 39   Filed 10/24/25   Page 123 of 246   PageID 420

of State Weber, and others. We anticipate filing an amended complaint as soon as possible. Join me in an application to the court for a class-action status of this federal lawsuit.

Rule 15 of the federal rules of civil procedure allows a plaintiff to amend their complaint one time within 21 days of serving the original complaint or at any point before the defendant answers the complaint.
Governor Newsom and the other defendants have not answered the complaint as of October 19, 2021.

If you wish to join the lawsuit email, me the approximate amount of your expenditures as a replacement candidate. Include fees paid to the state of California Secretary of State and any attorney fees (as well as any garden-variety emotional stress that you may have experienced—a dollar amount that you may have suffered—ASAP.

I will then present all of the information to an attorney to represent us as a class in federal court.

Now read about how we all were cheated out of a fair and honest recall election by Governor Gavin Newsom.

Please see attached.


Thank you for your attention to this matter.

Sincerely and seriously,


Carl Gordon, MPA, University of Southern California
Co-founder and the first steward of University of the 'Hood®
University of the 'Hood, Ph.D., *summa cum laude*


--
Love 💙 Holly
_____
Holly Baade
Co-Founder, METTACINE
www.loveismettacine.com
info@loveismettacin.com
415-233-2049

*Live a Happy, Healthy Life" 🦋

---

**Carl Gordon** <universityofthehood@gmail.com>                    Mon, Feb 28, 2022 at 3:57 PM
To: Holly Baade <hollybaade@gmail.com>, info@loveismettacin.com

Hello, Holly. I thought you might be interested in an update on what's happening in the federal court case about the *unconstitutional* 2021 Gubernatorial Recall Election. We have reason to believe Governor Newsom will be indicted.

9/27/25, 8:33 AM Gmail - To all formal replacement candidates to run for governor of California; the recall election was rigged, from the beginning. You may...

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 124 of 246    PageID 421

Please peruse the website thebigcalifornialiegavinnewsom.com best viewed on a computer, and the federal court documents from Case No.: 2:21-cv-07270-FMO-MAR, *Carl Gordon v. Gavin Newsom et al* attached.

Reach out to me if I can help you further 310 926-3939

Sincerely and seriously,

Carl Gordon, MPA, University of Southern California
Co-founder and the first steward of the University of the 'Hood®
University of the 'Hood, Ph.D., *summa cum laude*


*P.S* Jackie Robinson Day, is April 15, 2022, and the 75th anniversary of the day in 1947 that Mr. Robinson changed America for good; by integrating Major League Baseball and opening the door a crack to see what America could be by making Walt Whitman's 1889 assessment that "baseball is American's game" finally true.. And his widow Rachel Robinson will be 100 on July 19, 2022, God willing.


https://www.youtube.com/watch?v=4Hv88E1OaNU

On Tue, Oct 19, 2021 at 3:39 PM Holly Baade <hollybaade@gmail.com> wrote:
Thank you. I will send my details shortly. I will participate.

Holly

On Tue, Oct 19, 2021 at 2:26 PM Carl Gordon <universityofthehood@gmail.com> wrote:

**Angelyne**                                                    No Party Preference

PO Box 3864 Beverly Hills, CA 90212 WEBSITE: https://www.
angelyneforgovernor.com E-MAIL: angelyneforgovernor@gmail.com

**Entertainer**

                                                               Democratic

**Holly L. Baade**
10 School St Ste C Fairfax, CA 94930 (415) 233-2049 (Business)
WEBSITE: https://www.mettacine.org E-MAIL: hollybaade@gmail.com

**Mother/Business Owner**

                                                               Republican

**David Alexander Bramante**
26565 Agoura Rd #200 Calabasas, CA 91302 (323) 484-4695 (Business) WEBSITE: https://www.bramanteforgovernor.com E-
MAIL: politics@davidbramante.com

**Realtor/Multifamily Developer**

                                                               Green

**Heather Collins**
13360 W Washington Blvd Los Angeles, CA 90066 (310) 403-6209
(Business) E-MAIL: heathercollinsforgovernor@gmail.com
**Business Owner/Hairstylist**

9/27/25, 8:33 AM Case 2:25-cv-04705 - To all former replacement candidates for governor of California. The recall election was rigged, from the beginning. You may…

Case 2:25-cv-00197-Z    Document 39    Filed 09/24/25    Page 125 of 246    PageID 422

**John Cox**                                                    Republican

PO Box 3848 Rancho Santa Fe, CA 92067 (858) 999-5743 (Business)

WEBSITE: https://www.johncox.com E-MAIL: jhc@votejohncox.com

**Businessman/Accountant/Father**

**John R. Drake**                                               Democratic

8338 Lakewood Cir Ventura, CA 93004 WEBSITE:

https://www.johndrake.com E-MAIL: johnrobertdanieldrake@gmail.com

**College Student**

To all former replacement candidates for governor of California. The recall election was rigged, from the beginning:

You may be entitled to a full refund of fees paid to the secretary of state, including all expenditures for your candidacy and legal fees as a replacement candidate for the September 14, 2021 recall election.

You are invited to join me in the current federal action against Governor Newsom, Secretary of State Weber, and others. We anticipate filing an amended complaint as soon as possible. Join me in an application to the court for a class-action status of this federal lawsuit.

Rule 15 of the federal rules of civil procedure allows a plaintiff to amend their complaint one time within 21 days of serving the original complaint or at any point before the defendant answers the complaint.
Governor Newsom and the other defendants have not answered the complaint as of October 19, 2021.

If you wish to join the lawsuit email, me the approximate amount of your expenditures as a replacement candidate. Include fees paid to the state of California Secretary of State and any attorney fees (as well as any garden-variety emotional stress that you may have experienced—a dollar amount that you may have suffered—ASAP.

I will then present all of the information to an attorney to represent us as a class in federal court.

Now read about how we all were cheated out of a fair and honest recall election by Governor Gavin Newsom.

Please see attached.

Thank you for your attention to this matter.

9/27/25, 8:53 AM Gmail - To all former replacement candidates running governor of California... The recall election was rigged from the beginning. You may...

Case 2:25-cv-04705-AB-SSC   Document 25   Filed 09/27/25   Page 20 of 149   Page ID

Case 2:25-cv-00197-Z   Document 39   Filed 10/24/25   Page 126 of 246   PageID 423

Sincerely and seriously,

Carl Gordon, MPA, University of Southern California

Co-founder and the first steward of University of the 'Hood®
University of the 'Hood, Ph.D., *summa cum laude*


\-\-
Love  Holly
_____

Holly Baade
Co-Founder, METTACINE
www.loveismettacine.com
info@loveismettacin.com
415-233-2049

*Live a Happy, Healthy Life"

📄 **2 27 22 2 16 22 PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS COURT FILED 2 16 22.pdf**
3419K

---



**Mail Delivery Subsystem** <mailer-daemon@googlemail.com>          Mon, Feb 28, 2022 at 3:57 PM
To: universityofthehood@gmail.com

---

? **Address not found**

Your message wasn't delivered to **info@loveismettacin.com**
because the domain loveismettacin.com couldn't be found.
Check for typos or unnecessary spaces and try again.

---

The response was:

DNS Error: 23854441 DNS type 'mx' lookup of loveismettacin.com responded with code NXDOMAIN
Domain name not found: loveismettacin.com


Final-Recipient: rfc822; info@loveismettacin.com
Action: failed
Status: 4.0.0
Diagnostic-Code: smtp; DNS Error: 23854441 DNS type 'mx' lookup of loveismettacin.com responded with code
NXDOMAIN
 Domain name not found: loveismettacin.com
Last-Attempt-Date: Mon, 28 Feb 2022 15:57:47 -0800 (PST)

9/27/25, 8:33 AM ... Gmail - Re: To all former replacement candidates for governor of California. The recall election was rigged, from the beginning. You may...

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 127 of 246    PageID 424

---------- Forwarded message ----------
From: Carl Gordon <universityofthehood@gmail.com>
To: Holly Baade <hollybaade@gmail.com>, info@loveismettacin.com
Cc:
Bcc:
Date: Mon, 28 Feb 2022 15:57:35 -0800
Subject: Re: To all former replacement candidates for governor of California. The recall election was rigged, from the beginning: You may be entitled to a full refund of fees paid to the secretary of state, including all expenditures for your candidacy and legal fees
----- Message truncated -----

---

**Holly Baade** <hollybaade@gmail.com>                          Mon, Feb 28, 2022 at 4:08 PM
To: Carl Gordon <universityofthehood@gmail.com>

Wow. Will there be a way to recoup lost funds for the fraudulent election processes. I have some evidence.

Thanks
Holly

On Monday, February 28, 2022, Carl Gordon <universityofthehood@gmail.com> wrote:

Hello, Holly. I thought you might be interested in an update on what's happening in the federal court case about the *unconstitutional* 2021 Gubernatorial Recall Election. We have reason to believe Governor Newsom will be indicted.

Please peruse the website thebigcalifornialiegavinnewsom.com best viewed on a computer, and the federal court documents from Case No.: 2:21-cv-07270-FMO-MAR, *Carl Gordon v. Gavin Newsom et al* attached.

Reach out to me if I can help you further 310 926-3939

Sincerely and seriously,

Carl Gordon, MPA, University of Southern California
Co-founder and the first steward of the University of the 'Hood®
University of the 'Hood, Ph.D., *summa cum laude*


*P.S* Jackie Robinson Day, is April 15, 2022, and the 75th anniversary of the day in 1947 that Mr. Robinson changed America for good; by integrating Major League Baseball and opening the door a crack to see what America could be by making Walt Whitman's 1889 assessment that "baseball is American's game" finally true.. And his widow Rachel Robinson will be 100 on July 19, 2022, God willing.


**https://www.youtube.com/watch?v=4Hv88E1OaNU**


On Tue, Oct 19, 2021 at 3:39 PM Holly Baade <hollybaade@gmail.com> wrote:
Thank you. I will send my details shortly. I will participate.

Holly

On Tue, Oct 19, 2021 at 2:26 PM Carl Gordon <universityofthehood@gmail.com> wrote:

                                                                              **No Party Preference**

9/27/25, 8:33 AM Gmail - To all former replacement candidates for governor of California. The recall election was rigged, from the beginning: You may…

Case 2:25-cv-04705-AB-SSC Document 35 Filed 09/27/25 Page 31 of 149 Page ID

Case 2:25-cv-00197-Z Document 39 Filed 10/24/25 Page 128 of 246 PageID 425

**Angelyne**

PO Box 3864 Beverly Hills, CA 90212 WEBSITE:
https://www.angelyneforgovernor.com E-MAIL:
angelyneforgovernor@gmail.com

**Entertainer**

                                                                    **Democratic**

**Holly L. Baade**

10 School St Ste C Fairfax, CA 94930 (415) 233-2049 (Business)
WEBSITE: https://www.mettacine.org E-MAIL: hollybaade@gmail.com

**Mother/Business Owner**

                                                            **Republican**

**David Alexander Bramante**

26565 Agoura Rd #200 Calabasas, CA 91302 (323) 484-4695 (Business) WEBSITE: https://www.bramanteforgovernor.com E-
MAIL: politics@davidbramante.com

**Realtor/Multifamily Developer**

**Heather Collins**                                         **Green**

13360 W Washington Blvd Los Angeles, CA 90066 (310) 403-6209
(Business) E-MAIL: heathercollinsforgovernor@gmail.com

**Business Owner/Hairstylist**

                                                            **Republican**

**John Cox**

PO Box 3848 Rancho Santa Fe, CA 92067 (858) 999-5743 (Business)
WEBSITE: https://www.johncox.com E-MAIL: jhc@votejohncox.com

**Businessman/Accountant/Father**

                                                            **Democratic**

**John R. Drake**

8338 Lakewood Cir Ventura, CA 93004 WEBSITE:
https://www.johndrake.com E-MAIL: johnrobertdanieldrake@gmail.com

**College Student**

To all former replacement candidates for governor of California. The recall election was rigged, from the beginning:

You may be entitled to a full refund of fees paid to the secretary of state, including all expenditures for your candidacy and legal fees as a replacement candidate for the September 14, 2021 recall election.

You are invited to join me in the current federal action against Governor Newsom, Secretary of State Weber, and others. We anticipate filing an amended complaint as soon as possible. Join me in an application to the court for a class-action status of this federal lawsuit.

Rule 15 of the federal rules of civil procedure allows a plaintiff to amend their complaint one time within 21 days of serving the original complaint or at any point before the defendant answers the complaint.

Governor Newsom and the other defendants have not answered the complaint as of October 19, 2021.

If you wish to join the lawsuit email, me the approximate amount of your expenditures as a replacement candidate. Include fees paid to the state of California Secretary of State and any attorney fees (as well as any garden-variety emotional stress that you may have experienced—a dollar amount that you may have suffered—ASAP.

I will then present all of the information to an attorney to represent us as a class in federal court.

Now read about how we all were cheated out of a fair and honest recall election by Governor Gavin Newsom.

Please see attached.


Thank you for your attention to this matter.

Sincerely and seriously,


Carl Gordon, MPA, University of Southern California
Co-founder and the first steward of University of the 'Hood[®]
University of the 'Hood, Ph.D., *summa cum laude*


--
Love ♥ Holly
_____
Holly Baade
Co-Founder, METTACINE
www.loveismettacine.com
info@loveismettacin.com
415-233-2049

*Live a Happy, Healthy Life" 🦋


--
Love ♥ Holly
_____
Holly Baade
Co-Founder, METTACINE
www.loveismettacine.com
info@loveismettacin.com
415-233-2049

*Live a Happy, Healthy Life" 🦋

9/27/25, 8:33 AM Gmail - We all form a replacement candidate to run governor of California. The recall election was rigged, from the beginning. You may…

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 130 of 246    PageID 427

**Carl Gordon** <universityofthehood@gmail.com>                                    Mon, Feb 28, 2022 at 4:41 PM
To: Holly Baade <hollybaade@gmail.com>

Hi. Please send all the information that I sent you to all of your supporters to get behind the federal case we need to make
some noise about it before the filing deadline of March 11, 2022.
Potential California gubernatorial candidates need to file their paperwork to become governor by March 11,
2022. California is holding an election for governor on November 8, 2022. The primary is scheduled for June 7, 2022.
We need your help to create a social media viral campaign about the illegal unconstitutional recall election.
Thanks,
Carl

On Mon, Feb 28, 2022 at 4:08 PM Holly Baade <hollybaade@gmail.com> wrote:
> Wow. Will there be a way to recoup lost funds for the fraudulent election processes. I have some evidence.
>
>
> Thanks
> Holly

On Monday, February 28, 2022, Carl Gordon <universityofthehood@gmail.com> wrote:

Hello, Holly. I thought you might be interested in an update on what's happening in the
federal court case about the *unconstitutional* 2021 Gubernatorial Recall Election. We have
reason to believe Governor Newsom will be indicted.

Please peruse the website thebigcalifornialiegavinnewsom.com best viewed on a
computer, and the federal court documents from Case No.: 2:21-cv-07270-FMO-MAR, *Carl
Gordon v. Gavin Newsom et al* attached.

Reach out to me if I can help you further 310 926-3939

Sincerely and seriously,

Carl Gordon, MPA, University of Southern California
Co-founder and the first steward of the University of the 'Hood®
University of the 'Hood, Ph.D., *summa cum laude*


*P.S* Jackie Robinson Day, is April 15, 2022, and the 75th anniversary of the day in 1947 that
Mr. Robinson changed America for good; by integrating Major League Baseball and opening
the door a crack to see what America could be by making Walt Whitman's 1889 assessment
that "baseball is American's game" finally true.. And his widow Rachel Robinson will be 100
on July 19, 2022, God willing.


**https://www.youtube.com/watch?v=4Hv88E1OaNU**

On Tue, Oct 19, 2021 at 3:39 PM Holly Baade <hollybaade@gmail.com> wrote:
> Thank you. I will send my details shortly. I will participate.
>
> Holly
>
> On Tue, Oct 19, 2021 at 2:26 PM Carl Gordon <universityofthehood@gmail.com> wrote:

**Angelyne**                                                            **No Party Preference**

9/27/25, 8:33 AM Case 2:25-cv-01705-AB-SSC Document 25 Filed 09/27/25 Page 34 of 149 Page ID governor of California. The recall election was rigged, from the beginning. You may...

Case 2:25-cv-00197-Z Document 39 Filed 10/24/25 Page 131 of 246 PageID 428

PO Box 3864 Beverly Hills, CA 90212 WEBSITE: https://www.
angelyneforgovernor.com E-MAIL: angelyneforgovernor@gmail.com

**Entertainer**

**Holly L. Baade**                                                    Democratic
10 School St Ste C Fairfax, CA 94930 (415) 233-2049 (Business)
WEBSITE: https://www.mettacine.org E-MAIL: hollybaade@gmail.com

**Mother/Business Owner**

**David Alexander Bramante**                                         Republican
26565 Agoura Rd #200 Calabasas, CA 91302 (323) 484-4695 (Business) WEBSITE: https://www.bramanteforgovernor.com E-
MAIL: politics@davidbramante.com

**Realtor/Multifamily Developer**

**Heather Collins**                                                  Green
13360 W Washington Blvd Los Angeles, CA 90066 (310) 403-6209
(Business) E-MAIL: heathercollinsforgovernor@gmail.com

**Business Owner/Hairstylist**

**John Cox**                                                         Republican
PO Box 3848 Rancho Santa Fe, CA 92067 (858) 999-5743 (Business)
WEBSITE: https://www.johncox.com E-MAIL: jhc@votejohncox.com

**Businessman/Accountant/Father**

**John R. Drake**                                                    Democratic
8338 Lakewood Cir Ventura, CA 93004 WEBSITE:
https://www.johndrake.com E-MAIL: johnrobertdanieldrake@gmail.com

**College Student**

To all former replacement candidates for governor of California. The recall election was rigged, from the beginning:

You may be entitled to a full refund of fees paid to the secretary of state, including all expenditures for your candidacy and legal fees as a replacement candidate for the September 14, 2021 recall election.

You are invited to join me in the current federal action against Governor Newsom, Secretary of State Weber, and others. We anticipate filing an amended complaint as soon as possible. Join me in an application to the court for a class-action status of this federal lawsuit.

Rule 15 of the federal rules of civil procedure allows a plaintiff to amend their complaint one time within 21 days of serving the original complaint or at any point before the defendant answers the complaint.

9/27/25, 8:33 AM
Case 2:25-cv-04705-AB-SSC   Document 35   Filed 09/27/25   Page 35 of 149   Page ID
Gmail - To all former replacement candidates for governor of California; the recall election was rigged, from the beginning. You may…
Case 2:25-cv-00197-Z   Document 39   Filed 10/24/25   Page 132 of 246   PageID 429

Governor Newsom and the other defendants have not answered the complaint as of
October 19, 2021.

If you wish to join the lawsuit email, me the approximate amount of your expenditures as
a replacement candidate. Include fees paid to the state of California Secretary of State and
any attorney fees (as well as any garden-variety emotional stress that you may have
experienced—a dollar amount that you may have suffered—ASAP.

I will then present all of the information to an attorney to represent us as a class in federal
court.

Now read about how we all were cheated out of a fair and honest recall election by
Governor Gavin Newsom.

Please see attached.


Thank you for your attention to this matter.

Sincerely and seriously,


Carl Gordon, MPA, University of Southern California
Co-founder and the first steward of University of the 'Hood[®]
University of the 'Hood, Ph.D., *summa cum laude*



--
Love 💜 Holly
_____
Holly Baade
Co-Founder, METTACINE
www.loveismettacine.com
info@loveismettacin.com
415-233-2049

*Live a Happy, Healthy Life" 🦋


--
Love 💜 Holly
_____
Holly Baade
Co-Founder, METTACINE
www.loveismettacine.com
info@loveismettacin.com
415-233-2049

*Live a Happy, Healthy Life" 🦋

Case 2:25-cv-00197-Z   Document 39   Filed 10/24/25   Page 133 of 246   PageID 430
Case 2:25-cv-04705-AB-SSC   Document 25   Filed 09/27/25   Page 36 of 149   Page ID
#:1403

# EXHIBIT C

**Motion for Summary Disposition, filed Sept. 25, 2025.**

9/27/25, 9:23 AM Case 2:25-cv-04705-AB-SSC Document 35 Filed 09/27/25 Page 37 of 149 Page ID Gmail - Gordon v. Gutierrez 25-1250 - 051 - Motion to Accept Oversized Document Other than a...

Case 2:25-cv-00197-E Document 39 Filed 10/24/25 Page 134 of 246 PageID #:431

 **EXHIBIT C** Carl Gordon <universityofthehood@gmail.com>

---

## Gordon v. Gutierrez 25-1250 - 051 - Motion to Accept Oversized Document Other than a Brief

---

**ACMS@ca9.fedcourts.us** <ACMS@ca9.fedcourts.us>                    Thu, Sep 25, 2025 at 3:39 PM
To: universityofthehood@gmail.com

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.**

### United States Court of Appeals for the Ninth Circuit

### Notice of Docket Activity

The following transaction was entered on 09/25/2025 3:36:11 PM PDT and filed on 09/25/2025

**Case Name:** Gordon v. Gutierrez

**Case Number:** 25-1250

**Docket Text:**

**MOTION** to Accept Oversized Document Other than a Brief filed by Appellant Carl Gordon. [COURT ENTERED FILING to correct DE 50.] [Entered: 09/25/2025 03:37 PM]

**Document:** Motion

**Notice will be electronically mailed to:**

Carl Gordon ; universityofthehood@gmail.com
Jasmin Yang ; caseview.ecf@usdoj.gov, usacac.cvappeals@usdoj.gov, jasmin.yang@usdoj.gov

**Case participants listed below will not receive this electronic notice:**

No. 25-1250

# In the United States Court of Appeals for the Ninth Circuit

_____

CARL GORDON, Plaintiff-Appellant,

v.

GUTIERREZ,

Philip Steven Gutierrez,
United States District Judge of the United States
District Court for the Central District of California;
,
Defendants-Appellees.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF CENTRAL
DISTRICT OF CALIFORNIA

CASE NO. 2:24-cv-07938-RGK

**(THE HON. JUDGE R. GARY KLAUSNER)**

**APPELLANT'S MOTION FOR LEAVE TO FILE
OVERSIZED MOTION
September 25, 2025**

_1_

**APPELLANT'S MOTION FOR LEAVE TO FILE OVERSIZED MOTION**

Carl Gordon, Plaintiff–Appellant, respectfully moves this Court for leave to file an oversized Appellant's Motion for Summary Disposition that exceeds the word limits prescribed by Federal Rule of Appellate Procedure 27(d)(2) and Ninth Circuit Rule 32-3(2).

## I. WORD COUNT

The accompanying Motion for Summary Disposition contains approximately **13,432 words**, as determined by Microsoft Word's word-count function, excluding the caption, tables, certificates, and signature block. This substantially exceeds the 5,200-word limit for motions. The oversize length is unavoidable given the breadth of constitutional violations, the number of overlapping cases and appeals, the suppression of federal criminal evidence by government actors, and the need to preserve a complete record for review.

## II. GOOD CAUSE

Good cause exists to permit the filing of an oversized motion:

1. **Structural Constitutional Violations.**

   This appeal challenges structural defects unprecedented in scope: Article III judges presiding while disqualified under 28 U.S.C. § 455, the fabrication of severed cases in the Central District, and the Ninth Circuit's own

*2*

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 137 of 246    PageID 434
Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 40 of 149    Page ID
#:1407

suppression of controlling precedent. Each act independently voids the
judgments below, yet their combined effect required detailed exposition.

2. **Fraud Upon the Court and Suppression of Federal Criminal Evidence.**

   On December 9, 2021, the U.S. Election Assistance Commission Office of
   Inspector General referred Appellant's complaint regarding misuse of HAVA
   funds to the Department of Justice and FBI. That referral was **suppressed
   for four years** by the Ninth Circuit, the U.S. Attorney's Office, the
   California Attorney General, and all opposing attorneys. Under *Hazel–Atlas
   Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238 (1944), this suppression
   constitutes fraud upon the court and required extended briefing to document.

3. **Intertwined District Court Cases and Appeals.**

   This litigation spans at least four related district-court actions (Nos. 2:21-cv-
   07270, 2:24-cv-05384, 2:24-cv-07938, 2:24-cv-06476) and three pending
   Ninth Circuit appeals (Nos. 25-561, 25-1190, 25-1250). In Appeal No. 25-
   1190, the Court's April 25, 2025 order held that "briefing will be complete
   upon the filing of the opening brief" because no appellee appeared —
   foreclosing Appellant's right to reply. In Appeal No. 25-1250, appellees
   again refused to file an answering brief, compounding prejudice. The refusal
   to permit consolidation, despite the district court's fabrication of severed

cases, forced Appellant to **integrate overlapping factual and legal issues into a single oversized filing** in order to preserve the record.

4. **Loss of Reply Brief Opportunity.**

The government has not filed an answering brief within the deadline set by this Court, thereby foreclosing Appellant's ability to file a reply brief pursuant to FRAP 28(c). In effect, Appellant has been deprived of the standard two-brief opportunity to fully present arguments. The oversized filing is necessary to ensure the record is complete, to safeguard due process rights, and to compensate for the lost reply opportunity.

5. **Pattern of Gamesmanship.**

This refusal continues a pattern of deliberate procedural manipulation against a self-represented litigant. In related Appeal No. 25-1190, both Ms. Yang and Mr. Harris failed to appear, which led to this Court's April 25, 2025 order declaring briefing complete upon the filing of the opening brief. That ruling likewise deprived Appellant of a reply. Their refusal to stipulate here — despite being provided the draft motion in advance — underscores the government's strategy of procedural gamesmanship.

6. **Inherent Conflict of Interest.**

On August 14, 2025, the U.S. Attorney's Office for the Central District of

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 139 of 246    PageID 436
Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 42 of 149    Page ID
#:1409

California, acting through David M. Harris, Chief of the Civil Division, filed

a Notice of Election to Decline Intervention under 31 U.S.C. §

3730(b)(4)(B) in Appellant's False Claims Act case (No. 2:25-cv-4705-AB-

SSCx). The filing bore the following signature block:

*A proposed order is lodged concurrently herewith.*

*Respectfully submitted,*

*Dated: August 14, 2025*

*BILAL A. ESSAYLI, Acting United States Attorney*

*DAVID M. HARRIS, Assistant United States Attorney, Chief, Civil Division*

*JACK D. ROSS, Assistant United States Attorney, Chief, Civil Fraud Section*

*HUNTER B. THOMSON, Assistant United States Attorney, Deputy Chief,*

*Civil Fraud Section*

*/s/ Cory L. Webster*

*CORY L. WEBSTER, Assistant United States Attorney*

*Attorneys for the United States of America*


Mr. Harris is himself a defendant in Appeal No. 25-1190, as is Ms. Yang. Their

dual role as defendants in related litigation while exercising prosecutorial

discretion in Appellant's FCA case and opposing this motion creates an inherent

conflict of interest that undermines the credibility of their opposition.

4

**5**

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 140 of 246    PageID 437
Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 43 of 149    Page ID
#:1410

7.  **Mandatory Grounds for Relief.**

The oversized motion sets forth multiple independent bases for relief, each

requiring detailed treatment: disqualification under 28 U.S.C. § 455(b); void

orders entered by disqualified judges; fraud upon the court; Supremacy

Clause violations arising from misuse of HAVA and CARES funds; Takings

Clause violations; nominal damages under *Uzuegbunam*; and False Claims

Act recovery. Each ground is dispositive but requires full presentation.

8.  **Public Interest.**

At stake are the integrity of California's elections and the lawful use of

federal election funds. Every one of the approximately 22 million vote-by-

mail ballots distributed in the 2020 presidential and 2021 gubernatorial

recall elections was constitutionally tainted. The tragic events of January 6,

2021 underscore the national significance of ensuring that these issues are

fully and properly adjudicated.

## III. REQUEST

For the foregoing reasons, Appellant respectfully requests that the Court grant

leave to file the accompanying Motion for Summary Disposition, containing

approximately **13,432 words**, which exceeds the standard word limit but is

*6*

Case 2:25-cv-00197-Z   Document 39   Filed 10/24/25   Page 141 of 246   PageID 438
Case 2:25-cv-04705-AB-SSC   Document 25   Filed 09/27/25   Page 44 of 149   Page ID
#:1411

necessary to ensure full and fair presentation of the issues, to preserve the integrity

of the record, and to safeguard Appellant's constitutional and statutory rights.

Dated: September 25, 2025                    Respectfully submitted,

*Carl Gordon*

Carl Gordon
Plaintiff–Appellant appearing pro se
8306 Wilshire Blvd., No. 792
Beverly Hills, CA 90211
universityofthehood@gmail.com
(310) 926-3939

*7*

Case 2:25-cv-04705-AB-SSC   Document 35   Filed 09/27/25   Page 45 of 149   Page ID
Case 2:25-cv-00197-2   Document 39   Filed 10/24/25   Page 142 of 246   Page ID 439
#:1412

## CERTIFICATE COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I certify that this motion

complies with the applicable type-volume limitation.

1. This motion contains approximately 2103 words, excluding the parts

   exempted by Fed. R. App. P. 32(f).

2. This motion has been prepared in proportionally spaced typeface using

   Microsoft Word in 14-point Times New Roman font, consistent with Fed. R.

   App. P. 32(a)(5)–(6).

I declare under penalty of perjury that the foregoing is true and correct.


Dated: September 25, 2025                      Respectfully submitted,

                                               *Carl Gordon*
                                               Carl Gordon
                                               Plaintiff–Appellant appearing pro se
                                               8306 Wilshire Blvd., No. 792
                                               Beverly Hills, CA 90211
                                               universityofthehood@gmail.com
                                               (310) 926-3939

## DECLARATION OF CARL GORDON

## IN SUPPORT OF MOTION FOR LEAVE TO FILE OVERSIZED MOTION

I, Carl Gordon, declare as follows:

1. **Status.** I am the Plaintiff–Appellant in this matter, proceeding pro se. I make this declaration in support of my Motion for Leave to File Oversized Motion pursuant to FRAP 27(d)(2) and Ninth Circuit Rule 32-2.

2. **Word Count.** The accompanying Motion for Summary Disposition contains **approximately 13,432 words**, as determined by Microsoft Word's word-count function, excluding the caption, certificate, tables, and signature block. This substantially exceeds the 5,200-word limit for motions. With the inclusion of conflict-of-interest and fraud-upon-the-court evidence, the filing could not be reduced further without prejudicing my ability to present all necessary issues.

3. **Extraordinary Need.** Good cause exists to exceed the word limit because:

   o The appeal involves structural constitutional violations, including disqualification of judges under 28 U.S.C. § 455(b), fraud upon the court, and suppression of a federal criminal referral by the U.S. Election Assistance Commission Inspector General on December 9, 2021.

*9*

- o The record spans multiple intertwined proceedings in both district
  court and appellate court (Case Nos. 2:21-cv-07270, 2:24-cv-05384,
  2:24-cv-07938, and 2:24-cv-06476, and Appeals Nos. 25-561, 25-
  1190, and 25-1250), requiring careful presentation of procedural
  history to preserve issues for review.

- o The issues also implicate the False Claims Act (31 U.S.C. § 3729 et
  seq.) and misuse of federal HAVA and CARES Act funds,
  necessitating statutory as well as constitutional analysis.

- o Reducing the motion to 5,200 words would materially compromise
  my ability to present these claims in a clear, complete, and legally
  sufficient manner.

4. **Diligence.** I have made efforts to reduce repetition, streamline presentation,
   and group citations wherever possible. However, because multiple
   dispositive issues must be preserved and because my reply opportunities
   were foreclosed, further reduction below 5,200 words is not practicable
   without prejudice to my appeal.

5. **Opposing Counsel Contacted.** On September 19, 2025, at 4:47 PM (Pacific
   Time), I emailed AUSA Jasmin Yang with the subject line "Position on
   Motion for Leave to File Oversized Motion – Gordon v. Gutierrez, No. 25-

9

*10*

1250 (9th Cir.)," requesting Appellees' position as required by Ninth Circuit Rule 32-2 and advising that if I did not receive a same-day response, I would note opposition in my filing.

6. **Follow-Up Telephone Call.** On September 19, 2025, at 4:53 PM (Pacific Time), after sending the email, I placed a follow-up call to Ms. Yang at (213) 894-8825, informed her of my intent to file the oversized motion, requested Appellees' position, and apologized for the late notice upon learning of the rule.

7. **Direct Communication with Mr. Harris.** On September 23, 2025, I directly communicated by email with David M. Harris, Assistant United States Attorney and Chief of the Civil Division for the Central District of California, providing the complete draft of my oversized motion (13,432 words) and again requesting a stipulation.

8. **Government Opposition.** On September 24, 2025, AUSA Jasmin Yang responded on behalf of the government, confirming that the United States opposes the request and will not stipulate, despite being provided the draft motion in advance.

9. **Loss of Reply Brief Opportunity.** The government has not filed an answering brief within the deadline set by this Court, thereby foreclosing my

10

*11*

ability to file a reply brief under FRAP 28(c). In effect, I have been deprived of the standard two-brief opportunity to fully present arguments. This motion therefore functions as both opening and reply, making the oversized filing necessary to safeguard my due process rights and to ensure the record is complete.

10. **Pattern of Gamesmanship.** This refusal continues a pattern of deliberate procedural manipulation against a pro se litigant. In related Appeal No. 25-1190, both Ms. Yang and Mr. Harris failed to appear, which led to this Court's April 25, 2025 order declaring briefing complete upon the filing of the opening brief. That ruling likewise deprived me of a reply. Their refusal to stipulate here — despite receiving a complete draft in advance — reflects a deliberate strategy of procedural gamesmanship.

11. **Conflict of Interest.** On August 14, 2025, the U.S. Attorney's Office for the Central District of California, acting through David M. Harris, Chief of the Civil Division, filed a Notice of Election to Decline Intervention under 31 U.S.C. § 3730(b)(4)(B) in my False Claims Act case (Case No. 2:25-cv-4705-AB-SSCx). The notice bore the following signature block:

*A proposed order is lodged concurrently herewith.*
*Respectfully submitted,*
*Dated: August 14, 2025*
*BILAL A. ESSAYLI, Acting United States Attorney*
*DAVID M. HARRIS, Assistant United States Attorney, Chief, Civil Division*
*JACK D. ROSS, Assistant United States Attorney, Chief, Civil Fraud Section*
*HUNTER B. THOMSON, Assistant United States Attorney, Deputy Chief, Civil Fraud Section*
*/s/ Cory L. Webster*

**12**

CORY L. WEBSTER, *Assistant United States Attorney*
*Attorneys for the United States of America*

12. **Defendants as Opposing Counsel.** Mr. Harris is himself a defendant in Appeal No. 25-1190, as is Ms. Yang. Their dual role as defendants in related litigation while exercising prosecutorial discretion in my FCA case and opposing this motion constitutes an extraordinary conflict of interest that undermines the credibility of their opposition.

13. **Exhibits.** I submit this declaration to authenticate the following exhibits:

- Exhibit A: Appellant's Motion for Summary Disposition (September 24, 2025, 13,432 words).

- Exhibit B: Government's September 24, 2025 email (opposing stipulation).

- Exhibit C: Notice of Election to Decline Intervention, filed August 14, 2025, in FCA Case No. 2:25-cv-4705-AB-SSCx, signed by Mr. Harris.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Dated: September 25, 2025, Los Angeles, California.

*Carl Gordon*

Carl Gordon,

Pro Se Plaintiff-Appellant

*13*

**PROOF OF SERVICE**

I, Mae Gordon, declare as follows: I am employed in the City and County of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action.

My address is 1125 South Holt Avenue, Apt. 3, Los Angeles, California 90035. On September 25, 2025,

I served the following documents: MOTION FOR LEAVE TO FILE OVERSIZED MOTION with Carl Gordon's Declaration.

1. Jasmin Yang United States Attorney Office of the U.S. Attorney – Central District of California 300 North Los Angeles Street, Suite 7516 Los Angeles, CA 90012 Email: Jasmin.Yang@usdoj.gov

Executed on September 25, 2025, at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*Mae Gordon*

Mae Gordon

*14*

**[PROPOSED] ORDER**

GRANTING APPELLANT'S MOTION FOR LEAVE TO FILE OVERSIZED

MOTION

The Court has considered Appellant Carl Gordon's Motion for Leave to File

Oversized Motion pursuant to Federal Rule of Appellate Procedure 27(d)(2) and

Ninth Circuit Rule 32-2.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Appellant's Motion for Leave to File Oversized Motion is **GRANTED**.

2. The accompanying Motion for Summary Disposition, containing

   approximately **13,432 words**, is deemed timely filed and accepted in full.

IT IS SO ORDERED.

Dated: _____

United States Circuit Judge

*15*

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 150 of 246    PageID 447
Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 53 of 149    Page ID
#:1420

# EXHIBIT A

Case 2:25-cv-00197-Z-SBC Document 39 Filed 10/24/25 Page 151 of 246 PageID 448
Case 2:25-cv-04793-AB-SBC Document 19-1 Filed 05/27/25 Page 54 of 149 Page ID
#:1421

No. 25-1250

# In the United States Court of Appeals for the Ninth Circuit

---

CARL GORDON, Plaintiff-Appellant,

v.

GUTIERREZ,

Philip Steven Gutierrez,
United States District Judge of the United States
District Court for the Central District of California;

,
Defendants-Appellees.

---

ON APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF CENTRAL
DISTRICT OF CALIFORNIA

CASE NO. 2:24-cv-07938-RGK

**(THE HON. JUDGE R. GARY KLAUSNER)**

---

**APPELLANT'S MOTION FOR SUMMARY DISPOSITION IN
APPELLANT'S FAVOR
(SUMMARY REVERSAL) UNDER 9TH CIR. R. 3-6 AND HOOTON;
ENFORCEMENT OF FRAP
31(c); AND RECOUPMENT OF FRAUDULENTLY APPROPRIATED
FEDERAL AND STATE FUNDS PURSUANT TO THE FALSE
CLAIMS ACT (31 U.S.C. § 3729 ET SEQ.)**

*17*

Case 2:25-cv-00197-Z   Document 39   Filed 10/24/25   Page 152 of 246   PageID 449
Case 2:25-cv-04703-AB-SSC   Document 25   Filed 09/27/25   Page 55 of 149   Page ID
#:1422

## TABLE OF CONTENTS

Table of Authorities ............................................................ i

Appellant's Motion for Summary Disposition in Appellant's ................................. 3

Enforcement of FRAP 31(c) ................................................................3

Recoupment of Federal and State Funds under the False Claims Act .................... 4

Preliminary Statement .......................................................... 11

I. Introduction ......................................................... 12

II. Specific Grounds: 28 U.S.C. § 455(b) ............................................ 13

A. Personal Bias, Prejudice, or Knowledge — § 455(b)(1) ................................. 13

B. Party-Judge Disqualification — § 455(b)(5)(i) .................................................15

C. Gutierrez's Sham CV-74 Order and Fitzgerald's Knowing Reliance ...............17

III. Legal Standard: Summary Judicial Misconduct and Void Orders ................... 19

IV. Argument-- Gamesmanship, Lost Reply Rights, Necessity of Oversized Motion…...20

V. Argument – Inherent Conflict of Interest .......................................... 22

VI. Nexus to Gordon I (Case No. 2:21-cv-07270-FMO-MAR) ........................... 23

A. Judicial Misconduct in Gordon I ...................................................... 23

B. Chief Judge Gutierrez's Knowledge and Role ................................................. 24

C. Continuity of Suppression and Fraud ............................................. 25

VII. Judge Olguin's Extrajudicial and Criminal Misconduct ................................ 26

VIII. The Ninth Circuit Panel's Ultra Vires Actions ............................................. 27

IX. Judge Fitzgerald's Knowing Reliance on Void Orders .................................... 32

X. Conspiracy of Gutierrez, Fitzgerald, and Klausner to Deny Due Process ........ 34

XI. Intra-Judge Conflict and Ultra Vires Remand ................................................. 37

XII. Constitutional and Election Law Violations .................................................. 39

XIII. Fraud on the Court and Suppression of the Dec. 9, 2021 OIG Referral …... 43

XIV. Fraud upon the Court by the Attorney General ............................................ 49

XV. Statement of Undisputed Facts (Fed. R. Civ. P. 56) ....................................... 56

XVI. Requested Relief ....................................................................................... 70

Declaration of Carl Gordon ................................................................................ 74

Proof of Service ................................................................................................ 76

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 154 of 246    PageID 451
Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 57 of 149    Page ID
#:1424

**TABLE OF AUTHORITIES**

**Cases**

*Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009) ..................................... 46

*Clark v. Weber*, 68 F.4th 678 (9th Cir. 2023) ..................................................... 46,
60

*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982) ....................... 27

*Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238 (1944) ..... 22, 27, 52

*In re Governorship*, 26 Cal. 3d 110 (1979) ........................................................... 60

*Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988) ............. 33, 37

*Liteky v. United States*, 510 U.S. 540 (1994) .......................................................... 7

*Padgett v. Wright*, 587 F.3d 983 (9th Cir. 2009) .................................................. 52

*Sibla v. United States*, 624 F.2d 864 (9th Cir. 1980) ............................................ 10

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998) .......................... 15, 22

*United States v. Holland*, 519 F.3d 909 (9th Cir. 2008) ........................................ 7

*United States v. Hooton*, 693 F.2d 857 (9th Cir. 1982) ............................. 15, 70, 78

*Uzuegbunam v. Preczewski*, 141 S. Ct. 792 (2021) ........................................ 46, 60

**Statutes and Regulations**

18 U.S.C. §§ 1001, 1503, 1512 ....................................................................... 33, 52

28 U.S.C. § 2106 ............................................................................................. 27, 42

28 U.S.C. §§ 351–352 ............................................................................................. 6

28 U.S.C. § 455(a), (b)(1), (b)(5)(i) .................................................................6, 10

31 U.S.C. §§ 3729 et seq., 3730(d) .................................................. 70, 78

42 U.S.C. § 1988(b) .......................................................................... 70

52 U.S.C. § 20901 (Help America Vote Act) .................................... 46, 70

2 C.F.R. § 200.423 ............................................................................ 46, 60

3 U.S.C. § 15; *Congressional Record*, 167 Cong. Rec. H76 (daily ed. Jan. 6, 2021)

(documenting the joint session and certification of California's 55 electoral

votes)….. 11

Cal. Const. art. II, §§ 14, 17; art. V, § 10 ............................................ 46,

60

Cal. Gov. Code §§ 1090, 815.6, 820(a), 87100, 8920, 12652(g) ....................... 46,

60, 70

Cal. Penal Code § 115 ...................................................................... 60

**Rules**

Fed. R. App. P. 27(d)(2), 31(c), 32, 40(g) ................................... 1, 15, 70

Fed. R. Civ. P. 15(d), 56, 60(d)(3) ................................................ 22,

60, 70

9th Cir. R. 3-6, 32-3(2) .....................................................................15, 70

**APPELLANT'S MOTION FOR SUMMARY DISPOSITION IN APPELLANT'S FAVOR (SUMMARY REVERSAL) UNDER 9TH CIR. R. 3-6 AND *HOOTON*; ENFORCEMENT OF FRAP 31(c); AND RECOUPMENT OF FRAUDULENTLY APPROPRIATED FEDERAL AND STATE FUNDS PURSUANT TO THE FALSE CLAIMS ACT (31 U.S.C. § 3729 ET SEQ.)**

**ENFORCEMENT OF FRAP 31(c)**

In the court-fabricated action *Carl Gordon v. Philip Steven Gutierrez*, Case No. 2:24-cv-07938-RGK, Appeal Docket No. 25-1250, Appellee failed to file an answering brief by September 8, 2025, the deadline set by this Court's June 2, 2025, scheduling order. Under FRAP 31(c), an appellee who misses the deadline "will not be heard at oral argument unless the court grants permission." Appellee's Sept. 4, 2025, collateral motions did not toll the deadline.

Appellant respectfully requests that the Court:

(i) enforce FRAP 31(c); (ii) grant summary disposition (summary reversal) under *U.S. v. Hooton*, 693 F.2d 857, 858 (9th Cir. 1982) (per curiam), and 9th Cir. R. 3-6; and (iii) submit the appeal on Appellant's Opening Brief and the existing record (including all RJNs). Appellant's March 19, 2025, en banc petition (Dkt. 10), now under FRAP 40(g), and all pending and prior RJNs referred by the Court's March 24, 2025, order (Dkt. 11), are incorporated herein.

*Pursuant to Fed. R. App. P. 27(d)(2) and 9th Cir. R. 32-3(2), motions are ordinarily limited to 5,200 words. This motion contains approximately 13,432 words, as determined by Microsoft Word's word-count function Appellant concurrently files a Motion for Leave to File Oversized Motion, together with the supporting Declaration of Plaintiff-Appellant Carl Gordon.*

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 157 of 246    PageID 454
Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 60 of 149    Page ID
#:1427

Separately, under Federal Rule of Appellate Procedure 31(c), Appellees' failure to

file a timely answering brief constitutes waiver of opposition and further supports

summary reversal.

**Recoupment Of Fraudulently Appropriated Federal And State Funds Under
The False Claims Act**

Order that all federal funds, including HAVA and CARES Act monies, illegally and

fraudulently appropriated during the 2020 presidential and 2021 gubernatorial

recall elections be recouped and refunded to the United States Treasury, through

the pending qui tam action, *United States ex rel. Carl Gordon v. Gavin Newsom et

al.*, No. 2:25-cv-4705-AB(SSCx) (C.D. Cal.).

Order that any state matching funds misapplied in furtherance of this unlawful

scheme be recouped to the State of California.

Pursuant to the False Claims Act, 31 U.S.C. § 3730(d), and Cal. Gov. Code §

12652(g).

The record further demonstrates fraud upon the court, obstruction of justice, and

unlawful enrichment through the misuse of federal funds in both the 2020

presidential election—tainting California's 55 electoral votes certified for Joseph

R. Biden and Kamala D. Harris on January 6, 2021—and the 2021 gubernatorial

recall election, which likewise must be deemed void.

*23*

In *Clark v. Weber*, the Ninth Circuit held that the 2021 California gubernatorial recall election was not moot, even though the election had concluded. The Court ruled that Clark adequately alleged a completed injury that was fairly traceable to California's recall procedures and further held that an award of nominal damages would redress that injury. See *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 801–02 (2021).

Accordingly, the $4,194.94 filing fee that each potential replacement candidate, including Plaintiff–Appellant Carl Gordon, was required to pay to participate in the rigged 2021 recall election constitutes a concrete injury. That injury is traceable to the void recall laws and procedures, violates the Supremacy Clause and the Takings Clause of the Fifth Amendment, and is redressable under *Clark* and *Uzuegbunam*.

The historic presidential election of 2020 and the California gubernatorial recall election of 2021 cannot be rewritten, rewound, or replayed. But the fraudulent acts that financed those ill-fated elections with federal funds can—and must—be recouped by the federal government from the notorious bad actors responsible.

Consider this: California's 55 electoral votes—had it not been for the rigged 2020 presidential election in California—there would not have been a "Jan. 6" in Washington, D.C.

*24*

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 159 of 246    PageID 456
Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 62 of 149    Page ID
#:1429

On November 29, 2022, the United States Court of Appeals for the Ninth Circuit in

the published precedent-setting opinion in *A.W. Clark v. Shirley Weber* established

the case law to recoup the purloined fed funds. The Ninth Circuit's ruling in *Clark*

that the 2021, California gubernatorial recall elections was not moot even though

the election was completed. Accordingly, the Ninth Circuit has provided the legal

framework for recouping the stolen funds. On November 29, 2022, the Court held

that Clark adequately alleged a completed injury—namely, his inability to vote for

Governor Newsom on question two during the recall election— that was fairly

traceable to the California election procedures; and an award of nominal damages

would redress that injury. Because an award of nominal damages would redress

that injury, this case is not moot. See *Uzuegbunam v. Preczewski*, 141 S. Ct. 792,

801–02 (2021). Accordingly, the $4,194.94, that each of the potential replacement

candidates including Carl Gordon in filing fees paid to participate in a rigged recall

election were injured and that injury is clearly traceable to the rigged 2021

California recall election procedures[1]. The unlawful diversion of HAVA and

CARES Act monies remains the subject of the pending FCA case *United States ex

rel. Carl Gordon v. Gavin Newsom et* case referenced above.

---

[1] In both the 2020 presidential election and the 2021 California gubernatorial recall election,
each of the approximately 22 million ballots mailed to California voters was constitutionally
tainted and rendered void ab initio. See Declaration of Joanna Southard in Support of
Respondent's Opposition to Petition for Writ of Mandate, Carl Gordon v. Shirley N. Weber, Case
No. 34-2021-80003695 (Sacramento Cty. Super. Ct. Aug. 20, 2021) (confirming statewide ballot

Case 2:25-cv-00197-Z   Document 39   Filed 10/24/25   Page 160 of 246   PageID 457
Case 2:25-cv-04703-AB-SSC   Document 25   Filed 03/27/25   Page 63 of 149   Page ID
#:1430

This is the fundamental reason the Ninth Circuit Court of Appeals and the district court spent four years suppressing this information from the public. It is a historical event that cannot be erased, and the truth is unextinguishable. Explaining it requires more than 5,200 words—5,200 words could not even do justice to the executive summary of such matters if drafted by a professional writer or seasoned attorney. Plaintiff-Appellant/Plaintiff-Relator is neither. He is a nearly 80-year-old, self-represented American citizen who loves the guiding principles of our nation and refuses to give up on bringing justice—both for the American people and for himself.

**Accordingly,** the False Claims Act provides an independent basis for relief. Because this appeal centers on fraudulent misuse of HAVA and CARES Act funds—suppressed by both the district court and the Ninth Circuit after the EAC Inspector General referred Defendants' crimes to DOJ and FBI—Appellant, as Relator, seeks recoupment to the U.S. Department of the Treasury and the California State Treasury, with the statutory share awarded.

Further, in the instant case, Gutierrez appears as a fabricated defendant in an action not initiated by Plaintiff. These extraordinary circumstances—spanning multiple

---

distribution beginning July 31, 2021, and the printing and mailing of more than 13.6 million voter information guides). Because these ballots were distributed through the use of HAVA funds—including mailings to overseas military bases—they further constitute unlawful acts of mail fraud and wire fraud under 18 U.S.C. §§ 1341 and 1343.

Case 2:25-cv-00197-Z   Document 39   Filed 10/24/25   Page 161 of 246   PageID 458
Case 2:23-cv-04703-AB-SSC   Document 25   Filed 09/27/23   Page 64 of 149   Page ID
#:1431

interlocking cases, all tracing back to *Gordon I* as the genesis—demonstrate why

Gutierrez's role is central, given his position as Chief Judge during the pendency of

*Gordon I*. This interconnected history underscores both the fabricated nature of

certain proceedings and the necessity of this oversized brief, which exceeds 9,800

words, to fully present the constitutional, statutory, and financial issues before the

Court.

In addition to reversal of the district court's dismissal, Appellant, in his capacity as

both Plaintiff and Relator, respectfully requests recoupment of federal and state

funds illegally and fraudulently appropriated during the 2020 presidential and 2021

gubernatorial recall elections by the original Defendants. Such funds should be

recouped and directed to the United States Department of the Treasury and the

California State Treasury under the False Claims Act, as set forth in his pending

FCA action. This relief is sought against Defendants in their individual capacities

for ultra vires and fraudulent acts outside the scope of lawful authority, thereby

avoiding any Eleventh Amendment bar[2].

This case arises from structural constitutional violations, systemic fraud, and

conflicts of interest surrounding the 2020 presidential election and California's

---

[2] *See Ex parte Young*, 209 U.S. 123, 159–60 (1908) (no Eleventh Amendment immunity for
unconstitutional/ultra vires acts); *Scheuer v. Rhodes*, 416 U.S. 232, 238 (1974) (state officials
liable individually for ultra vires conduct).

Case 2:25-cv-00197-Z   Document 39   Filed 10/24/25   Page 162 of 246   PageID 459
Case 2:25-cv-04705-AB-SSC   Document 25   Filed 09/27/25   Page 65 of 149   Page ID
#:1432

2021 gubernatorial recall. Governor Newsom, under a dual-disqualification

(constitutional disqualification under Cal. Const. art. II, § 17, and conflict-of-

interest disqualification under Cal. Gov. Code §§ 1090, 87100, 8920) from recall-

related duties as of February 20–21, 2020, nevertheless signed election- and recall-

related bills (SB 423, AB 85, SB 152, AB 128, and SB 129). These void measures

violated federal HAVA/CARES restrictions, including 2 C.F.R. § 200.423's

prohibition on alcohol-related expenditures, and are therefore were void under the

Supremacy Clause, U.S. Const. art. VI, cl. 2. They also personally enriched

Newsom through his PlumpJack Group holdings during 2020 and 2021, rendering

the laws unconstitutional and void *ab initio*.

On December 9, 2021, the U.S. Election Assistance Commission (EAC) Inspector

General formally referred Appellant's complaint regarding misuse of HAVA funds

in the 2021 California recall election to the DOJ and FBI pursuant to the Inspector

General Act § 4(d). Despite this federal criminal referral, the district court

suppressed the evidence, denied Gordon leave to amend under Fed. R. Civ. P. 15(d).

The record further demonstrates fraud upon the court, obstruction of justice, and

unlawful enrichment through the misuse of federal funds in both the 2020

presidential election—tainting California's 55 electoral votes certified for Joseph

R. Biden and Kamala D. Harris on January 6, 2021—and the 2021 gubernatorial

recall election, which likewise must be deemed void. Did you consider this: had it

Case 2:25-cv-00197-Z   Document 39   Filed 10/24/25   Page 163 of 246   PageID 460
Case 2:25-cv-04705-AB-SSC   Document 25   Filed 09/27/25   Page 60 of 149   Page ID
#:1433

not been for the rigged 2020 presidential election in California, there would not

have been the tragic loss of life at the U.S. Capitol on January 6, 2021, during the

congressional certification of the Electoral College results. See Congressional

Record, 167 Cong. Rec. H76 (daily ed. Jan. 6, 2021) (documenting certification

proceedings and related events)[3]. It further begs the question: who truly won the

2020 presidential election, had there not been the unlawful misuse of HAVA funds

for ballot distribution and the enactment of void election laws in California? The

evidence compels the conclusion that the outcome certified on January 6, 2021,

was constitutionally invalid and irreparably tainted by fraud, obstruction, and the

resulting tragic consequences

**PRELIMINARY STATEMENT**

This case arises from structural constitutional violations and systemic fraud

surrounding California's 2021 gubernatorial recall election. Governor Gavin

Newsom, constitutionally disqualified from recall-related duties as of February 20–

21, 2020, nevertheless signed recall-related statutes (SB 423, AB 85, SB 152, AB

128, SB 129) that conflicted with federal HAVA/CARES restrictions, including 2

---

[3] Congress's acceptance of California's certificate of electoral votes was part of the official
process, deemed "regular in form and authentic" under 3 U.S.C. § 15. See *Congressional Record*,
167 Cong. Rec. H76 (daily ed. Jan. 6, 2021) (documenting the joint session and certification of
California's 55 electoral votes). This acceptance, however, is legally defective where, as
documented herein (the "receipts"), the underlying vote-by-mail ballots and election laws
were constitutionally tainted through the misuse of federal HAVA funds and unlawful statutory
enactments, in violation of the Supremacy Clause of the United States Constitution.

Case 2:25-cv-00197-Z   Document 39   Filed 10/24/25   Page 164 of 246   PageID 461
Case 2:25-cv-04705-AB-SSC   Document 25   Filed 09/27/25   Page 67 of 149   Page ID
#:1434

C.F.R. § 200.423's prohibition on alcohol-related expenditures. These acts were void ab initio.

On December 9, 2021, the U.S. Election Assistance Commission Inspector General formally referred Appellant's complaint regarding misuse of HAVA funds to the Department of Justice and FBI pursuant to the Inspector General Act § 4(d). Despite this federal criminal referral, the district court suppressed the evidence, denied leave to amend under Fed. R. Civ. P. 15(d), and relied on orders entered by disqualified judges, in violation of 28 U.S.C. § 455(b).

The record further demonstrates fraud upon the court, obstruction of justice, and unlawful enrichment through the use of federal funds in a tainted recall election. The unlawful diversion of HAVA and CARES Act monies is now the subject of a pending False Claims Act case brought by Appellant as Relator. Restitution of those funds to the United States and the State of California, with Appellant awarded his statutory Relator's share, is a necessary component of complete relief.

Appellees failed to file a timely answering brief by September 8, 2025, as required by this Court's scheduling order. Under FRAP 31(c), this failure waives opposition and bars them from being heard at oral argument absent leave of Court. Summary reversal is therefore warranted.

13

**30**

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 165 of 246    PageID 462
Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 68 of 149   Page ID
#:1435

The December 9, 2021, EAC Inspector General referral to DOJ and FBI is the smoking gun of this case—once placed in the record, its suppression by the California Attorney General's office, the district court, and the Ninth Circuit constituted a conspiracy of fraud upon the court by officers of the Court and obstruction of justice, vitiating every judgment built on that concealment.

## I. INTRODUCTION

This appeal presents constitutional violations dispositive as a matter of law and warranting summary reversal. Defendant Philip S. Gutierrez, former Chief Judge of the C.D. Cal. (2020–24), presided while disqualified under 28 U.S.C. § 455(b)(1) (personal bias/knowledge) and § 455(b)(5)(i) (party-judge). Orders entered during disqualification are void ab initio and cannot sustain dismissal. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009). In related cases (2:24-cv-05384-MWF and 25-1190), Judge Michael W. Fitzgerald—previously reversed in *Clark v. Weber* on recall mootness—relied on Gutierrez's void acts in his January 27, 2025, ultra vires order (Dkt. 72), thereby exposing extrajudicial misconduct and the underlying obstruction-of-justice conspiracy.

## II. SPECIFIC GROUNDS: 28 U.S.C. § 455(b)

## A. Personal Bias, Prejudice, or Knowledge — § 455(b)(1)

Case 2:25-cv-00197-Z   Document 39   Filed 10/24/25   Page 166 of 246   PageID 463
Case 2:25-cv-04705-AB-SSC   Document 25   Filed 09/27/25   Page 69 of 149   Page ID
#:1436

Section 455(b)(1) mandates disqualification when a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Gutierrez serving as the Chief Judge during the pendency of *Carl Gordon v. Gavin Newsom, et al.* ("*Gordon I*"), was not a passive administrator; his duties included case-management oversight and internal supervision of the court's dockets, which directly implicated *Gordon I*.

**Connection to *Gordon I*.** Because Gutierrez oversaw case-management systems, he necessarily had personal knowledge of Judge Olguin's and Magistrate Judge Rocconi's totally out of jurisdiction acts—issuing rulings beyond their lawful authority while *Gordon I* was pending in the Ninth Circuit—and their extrajudicial misconduct, including withholding Gordon's objection to the R&R for 22 days and then backdating it onto the docket in violation of FRAP 10 and 18 U.S.C. § 1512. Gordon repeatedly raised constitutional violations, misuse of federal election funds, and judicial misconduct; Gutierrez, by virtue of his role, would have been aware of this totally out of jurisdiction and extrajudicial misconduct in *Gordon I*. *See Hazel–Atlas*, 322 U.S. 238.

This creates two independent mandatory grounds for disqualification under § 455(b)(1):

15

**32**

Case 2:25-cv-00197-Z   Document 39   Filed 10/24/25   Page 167 of 246   PageID 464
Case 2:25-cv-04705-AB-SSC   Document 25   Filed 09/27/25   Page 70 of 149   Page ID
#:1437

1. **Personal Knowledge of Disputed Evidentiary Facts** — Gutierrez's
   supervisory role gave him non-public awareness of *Gordon I*'s trajectory,
   delays, and disputed issues (recall legality, misuse of federal funds, judicial
   integrity).

2. **Appearance of Bias or Prejudice** — As Chief Judge, Gutierrez had an
   institutional interest in defending the integrity of the court's processes and
   assignments. His later participation as both a defendant and adjudicator
   created an inescapable perception that he could not fairly judge misconduct
   involving his own court.

**Mandatory Disqualification under § 455(b)(1).** Section 455(b)(1) requires a
federal judge to disqualify himself "[w]here he has a personal bias or prejudice
concerning a party, or personal knowledge of disputed evidentiary facts concerning
the proceeding." This is not a discretionary standard; disqualification is
**mandatory** once the statutory conditions are met.

The Supreme Court has long recognized that impartiality is the cornerstone of
judicial duty. In *Liteky v. United States*, 510 U.S. 540, 555 (1994).

The Ninth Circuit consistently applies this principle. In *United States v. Holland*,
519 F.3d 909, 913–14 (9th Cir. 2008), the Court emphasized that disqualification is

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 168 of 246    PageID 465
Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 71 of 149    Page ID
#:1438

required where "a reasonable person with knowledge of all the facts would

conclude that the judge's impartiality might reasonably be questioned."

Here, Defendant Gutierrez, as Chief Judge during the pendency of *Gordon I*,

possessed both (1) personal knowledge of disputed evidentiary facts and (2) a

direct personal bias arising from his role as an institutional defendant and party to

related proceedings. By presiding and issuing orders in the instant matter, Gutierrez

acted while statutorily disqualified under § 455(b)(1). Such orders are void.

Accordingly, mandatory recusal was triggered under § 455(b)(1), and all orders

entered during the period of disqualification must be vacated.

## B. Party-Judge Disqualification — § 455(b)(5)(i)

Section 455(b)(5)(i) mandates disqualification where a judge "is a party to the

proceeding." This provision is absolute, mandatory, and non-waivable. A federal

judge who is a named defendant cannot preside in his own case. Any order entered

under such circumstances is void ab initio.

**Gutierrez's Unlawful Severance Order.** On September 16, 2024, Gutierrez

purported to sever the claims against himself into a phantom case while

simultaneously issuing sua sponte dismissal orders against the remaining

defendants. These actions were undertaken while he remained a named defendant

and therefore disqualified. Severance did not cure the defect — it amplified it. By

*34*

Case 2:25-cv-00197-Z   Document 39   Filed 10/24/25   Page 169 of 246   PageID 466
Case 2:25-cv-04705-AB-SSC   Document 25   Filed 09/27/25   Page 72 of 149   Page ID
#:1439

orchestrating his own severance, Gutierrez effectively ruled on matters directly

affecting himself, compounding the appearance and reality of bias.

**Voidness of Orders Entered While Disqualified.** The law is clear that any orders

entered by a party-judge are nullities. In *Sibla v. United States*, 624 F.2d 864, 867–

68 (9th Cir. 1980), the Ninth Circuit held that disqualification under § 455(b) is

**mandatory and non-waivable**.

**Structural Defect.** Gutierrez's conduct strikes at the heart of due process. A judge

may not be both a defendant and judge in his own cause. See *Caperton v. A.T.*

*Massey Coal Co.*, 556 U.S. 868 (2009), which recognized that impartiality is

undermined when a judge's personal interests are directly implicated.

Accordingly, all orders entered by Gutierrez on September 16–17, 2024, including

his sua sponte dismissal orders and his October 17, 2024, false closure minute

order, are void ab initio under § 455(b)(5)(i). Because Fitzgerald knowingly relied

on these void orders in his January 27, 2025, ruling (Dkt. 72), his actions are

likewise infected and void.

## C. Gutierrez's Sham CV-74 Order and Fitzgerald's Knowing Reliance Constitute Extrajudicial Misconduct and Void Acts

While disqualified as both a party and a judge, Gutierrez compounded his

misconduct by issuing orders designed to disguise the procedural status of this

case. On September 16–17, 2024, he entered sua sponte dismissal orders against all

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 170 of 246    PageID 467
Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 73 of 149    Page ID
#:1440

remaining defendants (Dkts. 32–33), even though § 455(b)(5)(i) and § 455(b)(1)

categorically barred him from presiding.

On October 17, 2024, Gutierrez compounded the defect by issuing a clerical "Civil

Minutes – Reopening/Closing" form (CV-74), purporting to mark the case

"terminated" with the notation: *"This case should have been closed on entry dated*

*September 16, 2024 [33]. (Made JS-6. Case terminated.)"* (Dkt. 39). This entry

was not a Rule 58 judgment. It was an administrative device, not a lawful

adjudication. By using this device to imply that closure had already occurred,

Gutierrez attempted to insulate himself and fellow defendants from accountability

while obstructing Plaintiff's appellate rights.

**Chief Judge Gee's Reassignment Proves the Closure Was False.** On October

23, 2024, Chief Judge Gee issued a "Notice of Reassignment," stating: … *the case*

*has been returned to the Clerk for reassignment."* (Dkt. 47). The reassignment

itself demonstrates that Gutierrez's October 17 docket entry was non-dispositive,

and incapable of terminating the action. For the entire period he presided over the

case, Judge Fitzgerald knew these facts while conducting his extrajudicial theft of

Gordon's constitutional right to due process. As an Article III judge, Fitzgerald's

conduct constituted intentional obstruction of justice, fraud upon the court, and a

structural due process violation requiring immediate vacatur. *See Caperton*, 556

U.S. at 884–87; *Liljeberg*, 486 U.S. at 864–65; *Hazel–Atlas*, 322 U.S. at 246.

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 171 of 246    PageID 468
Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 74 of 149    Page ID
#:1441

**Fitzgerald's Knowing Reliance.** Despite these facts, Fitzgerald knowingly adopted the false closure narrative. On November 6, 2024, he denied Plaintiff's disqualification motion (Dkt. 58), which would have been impossible if the case were truly terminated. On January 27, 2025, Fitzgerald issued an eleven-page order (Dkt. 72) that both adjudicated pending motions and falsely asserted the case had been closed on October 17, 2024, by Gutierrez. He knew this was untrue, as evidenced by: (i) Chief Judge Gee's reassignment order, (ii) post–October 17 filings accepted and docketed (e.g., Dkt. 48, Plaintiff's Notice of Service), and (iii) his own engagement in further judicial proceedings.

**Fraud on the Court.** By deliberately relying on a sham CV-74 entry, Fitzgerald knowingly misrepresented the record. This constitutes fraud upon the court and obstruction of justice under 18 U.S.C. §§ 1001, 1503, and 1512. Such conduct is incompatible with due process and voids all resulting orders. See *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 246 (1944) (fraud on the court vitiates judgments irrespective of procedural posture).

Accordingly, both Gutierrez's sham CV-74 order and Fitzgerald's reliance on it represent extrajudicial misconduct, void acts, and structural corruption. All orders entered pursuant to this false narrative must be vacated as a matter of law.

Case 2:25-cv-00197-Z-BR Document 39 Filed 10/24/25 Page 172 of 246 PageID 469
Case 2:25-cv-04703-AB-SSC Document 28 Filed 09/27/23 Page 75 of 149 Page ID
#:1442

## III. LEGAL STANDARD: SUMMARY DISPOSITION BASED ON JUDICIAL MISCONDUCT AND VOID ORDERS

Summary disposition is appropriate where judicial misconduct produces void rulings, deprives a litigant of due process, and where the outcome is clear as a matter of law. The Ninth Circuit has long held that when "the outcome of a case is clear as a matter of law, summary reversal is proper." United States v. Hooton, 693 F.2d 857, 858 (9th Cir. 1982) (per curiam); see also 9th Cir. R. 3-6(a)(2) (summary disposition may be granted where "the outcome is clear" or "no substantial question is presented").

Here, judicial misconduct is not incidental error but a willful judicial misconduct that strikes at the foundation of judicial proceedings. Federal law is unequivocal:

Orders entered by disqualified judges are void. See Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009). Fraud upon the court vitiates all judgments. Hazel–Atlas Glass Co. v. Hartford–Empire Co., 322 U.S. 238, 246 (1944).

Jurisdiction cannot be manufactured. Orders entered without jurisdiction are nullities. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998).

The defects here meet and exceed that threshold:

Gutierrez acted as both party and judge, violating § 455(b)(1) and § 455(b)(5)(i).

He issued sham CV-74 orders to disguise procedural posture and obstruct appellate review. Fitzgerald knowingly relied on those void acts, compounding misconduct.

Chief Judge Gee's reassignment proved the case remained open, directly contradicting the fabricated closure narrative.

Fraud upon the court was committed by misrepresenting the record, obstructing filings, and concealing the EAC OIG's December 9, 2021, federal criminal referral.

When voidness, fraud on the court, and disqualification converge, reversal is not discretionary. As the Supreme Court explained in Liljeberg, vacatur is mandatory to preserve public confidence in judicial integrity. Similarly, Hazel–Atlas held that fraud upon the court renders judgments void ab initio.

Accordingly, summary reversal is required. No genuine factual dispute remains. The case turns on statutory disqualification, structural constitutional commands, and legislative facts already in the record. The outcome is clear as a matter of law.

## IV. ARGUMENT – GAMESMANSHIP, LOST REPLY RIGHTS, AND NECESSITY OF OVERSIZED MOTION

The government's conduct reflects deliberate gaming of the system against a self-represented litigant. In related Appeal No. 25-1190, both Assistant U.S. Attorney Jasmin Yang and Civil Division Chief David M. Harris — who are themselves defendants in that case — failed to appear, which led this Court's April 25, 2025 order (Tashima, Desai, and [third judge]) declaring that, because no appearance

22

*39*

had been entered by Appellees, "briefing will be complete upon the filing of the
opening brief." This extraordinary ruling effectively deprived Appellant of the right
to file a reply brief under FRAP 28(c).

The same pattern has now repeated in this appeal. The government has not filed an
answering brief within the deadline set by this Court, thereby foreclosing
Appellant's ability to file a reply brief pursuant to FRAP 28(c). In effect, Appellant
has been deprived of the standard two-brief opportunity to fully present arguments.

In this extraordinary context, Appellant's oversized filing is necessary to ensure the
record is complete and to safeguard his due process rights. The requested extension
to more than 13,000 words compensates for the lost reply opportunity and allows
Appellant to present arguments and evidentiary material that would otherwise have
been raised in subsequent filings.

The government's refusal to stipulate to this reasonable accommodation — despite
being provided with the full draft motion in advance — further underscores its
strategy of procedural manipulation against a pro se litigant and reinforces the need
for this Court's intervention to permit an oversized motion in the interests of
fairness and justice.

**40**

## V. ARGUMENT – INHERENT CONFLICT OF INTEREST

The government's **Notice of Election to Decline Intervention** in Appellant's False Claims Act action (Case No. 2:25-cv-4705-AB-SSCx) was signed on August 14, 2025, by **AUSA David M. Harris**, Chief of the Civil Division, along with his team, acting on behalf of the United States, pursuant to 31 U.S.C. § 3730(b)(4)(B). Yet Mr. Harris is himself a defendant in related Ninth Circuit Appeal No. 25-1190, as is AUSA Jasmin Yang.

The same officials who face liability in one matter cannot ethically or legally exercise prosecutorial discretion in another matter arising from the same nucleus of facts. This dual role constitutes an inherent conflict of interest under the False Claims Act. While the statute requires the Attorney General (through DOJ) to notify the Court whether the United States will intervene, the decision in this case was made by conflicted officials whose impartiality is compromised.

Their refusal to stipulate to Appellant's reasonable request for an oversized filing further underscores this conflict, as it operates to suppress a full record of the fraud allegations. Allowing the oversized motion is thus not only warranted under FRAP 27(d)(2) and Ninth Circuit Rule 32-3(2), but essential to ensure fairness, transparency, and the integrity of the proceedings.

24

*41*

## VI. NEXUS TO *GORDON I* (CASE NO. 2:21-CV-07270-FMO-MAR)

The misconduct in this appeal cannot be divorced from its genesis in *Carl Gordon v. Gavin Newsom, et al. Gordon I,* Case No. 2:21-cv-07270-FMO-MAR. That case, arising from the 2021 gubernatorial recall election, exposed structural constitutional violations and misuse of federal election funds. What followed was a pattern of suppression, falsification, and obstruction that carried forward into the present matter.

## A. Judicial Misconduct in *Gordon I*

In *Gordon I*, District Judge Olguin and Magistrate Judge Rocconi engaged in extrajudicial acts that undermined the integrity of the proceedings. Among them:

1. **Withholding of filings.** Gordon's June 28, 2022, response was withheld from the docket for 22 days, in violation of 18 U.S.C. § 1512(b). This obstruction prevented timely consideration of material evidence, including the December 9, 2021, EAC OIG referral to DOJ and FBI.

2. **Backdating and record manipulation.** Court staff inserted filings post-hoc to create a false appearance of procedural compliance, thereby corrupting the appellate record.

3. **Amended judgment entered without jurisdiction.** On July 18–20, 2022, Olguin entered an amended judgment while the case was already on appeal, exceeding his authority under Fed. R. Civ. P. 60 and FRAP 10.

4. **Misrepresentation.** Orders falsely stated that Gordon's withheld filings had been reviewed, despite clear evidence of suppression.

5. **Collusion.** Judge Olguin and Magistrate Rocconi coordination constituted a conspiracy to obstruct justice under 18 U.S.C. § 371.

Each act constituted fraud upon the court. As the Supreme Court recognized in *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, fraud upon the court is a structural defect that invalidates judgments irrespective of procedural posture.

## B. Chief Judge Gutierrez's Knowledge and Role

As Chief Judge (2020–2024), Gutierrez bore administrative responsibility for case assignment, docket oversight, and ensuring compliance with statutory mandates. By virtue of that role, he had personal knowledge of the misconduct in *Gordon I* and of the disputed evidentiary facts surrounding the recall challenge.

Rather than address these violations, Gutierrez later appeared as both a defendant and presiding judge in Gordon's subsequent cases, including the instant appeal. He used his judicial authority to sever claims against himself, dismiss claims

implicating Olguin and Rocconi, and insulate misconduct from review — actions taken while statutorily disqualified under 28 U.S.C. § 455(b)(1) and § 455(b)(5)(i).

## C. Continuity of Suppression and Fraud

The suppression that began in *Gordon I* carried forward into this matter. The fraudulent closure entry (CV-74) issued by Gutierrez, and later adopted by Fitzgerald, is part of the same continuum to obstruct appellate review.

Thus, the instant appeal is not an isolated episode but the culmination of a pattern of systemic fraud and structural corruption that began in *Gordon I*. The nexus underscores why summary reversal is mandatory: the judicial machinery itself was compromised from the outset.

## VII. JUDGE OLGUIN'S EXTRAJUDICIAL AND CRIMINAL MISCONDUCT

The appeal record cannot be understood without recognizing Judge Olguin's foundational misconduct in Gordon I (2:21-cv-07270-FMO-MAR), which tainted all subsequent proceedings. His actions exceeded judicial error and rose to extrajudicial and criminal acts, rendering his orders void.

**A. Suppression and Backdating of Filings.** Gordon's June 28, 2022, filing documenting the December 9, 2021, EAC OIG referral was withheld for 22 days,

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 179 of 246    PageID 476
Case 2:23-cv-04703-AB-SSC    Document 25    Filed 09/27/23    Page 82 of 149    Page ID
#:1449

then backdated into the docket using "document discrepancy" notices. This

obstruction violated 18 U.S.C. § 1512 and corrupted the record in violation of

FRAP 10.

**B. Amended Judgment Without Jurisdiction.** Despite appellate jurisdiction

attaching June 30, 2022, Olguin entered an amended judgment weeks later. Such

orders were void for lack of jurisdiction. *See Griggs v. Provident Consumer*

*Discount Co.*, 459 U.S. 56, 58 (1982).

**C. False Representations and Collusion.** Olguin falsely claimed Gordon's June

28 filing was reviewed and, with Magistrate Judge Rocconi, coordinated

suppression of filings—constituting fraud on the court and conspiracy to obstruct

justice. *See Hazel–Atlas*, 322 U.S. at 246; 18 U.S.C. § 371.

**D. Legal Consequences.** Orders entered after June 30, 2022 were void. Fraud

upon the court vitiates any judgment. See *Steel Co.*, 523 U.S. at 94–95. Such

criminal conduct falls outside judicial immunity.

**E. Continuing Effect.** This fraudulent foundation carried into later appeals and

this case, where Gutierrez and Fitzgerald relied on void orders to obstruct Gordon's

claims. The misconduct is inseparable and compels vacatur of all related orders.

Case 2:25-cv-00197-Z   Document 39   Filed 10/24/25   Page 180 of 246   PageID 477
Case 2:25-cv-04705-AB-SSC   Document 25   Filed 09/27/25   Page 83 of 149   Page ID
#:1450

## VIII. THE NINTH CIRCUIT PANEL'S ULTRA VIRES ACTIONS

The Ninth Circuit panel's August 17, 2022, order compounded, rather than corrected, district court misconduct. By remanding a void judgment for re-entry, the panel exceeded its authority under 28 U.S.C. § 2106.

**A. Lack of Jurisdiction Over a Void Judgment.** Judge Olguin entered an amended judgment on July 18–20, 2022, after appellate jurisdiction had vested on June 30. Under *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982), district courts are divested of jurisdiction upon notice of appeal. The judgment was void and thus not "lawfully brought before" the Ninth Circuit for review. See *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998).

**B. Unlawful Remand.** Despite acknowledging Olguin lacked jurisdiction, the panel directed him to re-enter the same judgment. An appellate court may not revive a void judgment by remand; such action is ultra vires and exceeds the limits of § 2106.

**C. Suppression of the OIG Referral.** On March 8, 2024, the panel of Judges O'Scannlain, Kleinfeld, and Silverman stated: *"We decline to consider matters not distinctly raised and argued in the opening brief. See Padgett v. Wright, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam)."* This purported finding and final judgment was knowingly and demonstrably false, orchestrated under the senior

Case 2:25-cv-00187-Z   Document 39   Filed 10/24/25   Page 181 of 246   PageID 478
Case 2:25-cv-04705-AB-SSC   Document 25   Filed 09/27/25   Page 84 of 149   Page ID
#:1451

leadership of Judge O'Scannlain, whose racial animus and racial discrimination drove the panel's disposition. By denying the existence of evidence Gordon had clearly presented—including certified communications from EAC Inspector General Brianna Schletz confirming the December 9, 2021, referral to DOJ and FBI—O'Scannlain and his panel suppressed material federal criminal evidence (in violation of not only structural due process but also obstruction of justice). That suppression harmed 22 million California registered voters, every replacement candidate, and all American taxpayers, while exacting petty and racially discriminatory treatment against Carl Gordon, an American citizen standing up for California voters and taxpayers in all 50 states and the District of Columbia. Such conduct constitutes fraud upon the court, which vitiates any judgment. *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 246 (1944).

**Gordon's Opening Brief in *Gordon I***, filed October 3, 2022, cited the December 8, 2021 email from EAC OIG Inspector General Brianna Schletz confirming her personal review of his complaint and referral to the DOJ and FBI (DktEntry 15-1 at 42 of 49). Gordon's Reply Brief, filed December 23, 2022, reiterated the same communication and attached a certified copy of the EAC OIG's FOIA confirmation of the December 9, 2021 referral (DktEntry 28-1 at 13–14 of 26, Ex. A). Earlier, on July 20, 2022, Gordon filed an Urgent Motion to Strike (DktEntry 3), challenging the corrupted appellate record created by Judge Olguin's **illegal, extrajudicial**

**amended order and judgment** entered without jurisdiction on July 18–20, 2022.

Although that motion did not expressly raise the OIG referral, it underscored

Gordon's ongoing efforts to preserve the integrity of the appellate record under

FRAP 10 and to prevent suppression of material evidence, as shown by his July 15,

2022 filing of the **official district court clerk–generated, certified docket**

**entries, pursuant to FRAP 10(a)(3). All other entries not certified by the**

**district court clerk were null as a matter of law.**

The panel's claim that the OIG referral was not raised was therefore not a mistake

but a bald-faced lie that suppressed material federal criminal evidence (in violation

of the Inspector General Act § 4(d)), directly obstructing justice. The

discriminatory application of this falsehood to Gordon's case—while other panels,

including *Clark v. Weber*, acknowledged the vitality of recall challenges—

underscores O'Scannlain's role in targeting this appeal for suppression and denial

of fair adjudication.

**D. Intra-Circuit Conflict.** On November 29, 2022, in *Clark v. Weber*, 68 F.4th 678

(9th Cir. 2023), the Ninth Circuit held recall challenges are not moot and are

"capable of repetition, yet evading review." The March 8, 2024, memorandum in

Gordon's case directly contradicted this binding precedent, creating an intra-circuit

conflict requiring en banc review.

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 183 of 246    PageID 480
Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 86 of 149    Page ID
#:1453

## E. Legal Consequences (including Gutierrez's role).

**.** The panel's actions were ultra vires, its suppression of the OIG referral constituted obstruction of justice, and its memorandum contradicted controlling precedent. By deliberately misrepresenting the record, O'Scannlain, Kleinfeld, and Silverman committed fraud upon the court within the meaning of *Hazel–Atlas Glass Co. v. Hartford–Empire Co*. Such fraud is a structural defect that vitiates any judgment, requiring vacatur irrespective of procedural posture. See also *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 884–87 (2009)

The combination of (1) ultra vires remand, (2) deliberate suppression of federal criminal evidence already in the record through multiple filings, and (3) direct conflict with binding Ninth Circuit precedent makes clear that the panel's orders are void. These defects require vacatur, summary reversal, and certification to the full court.

The panel's actions were ultra vires, its suppression of the OIG referral constituted obstruction of justice, and its memorandum contradicted controlling precedent. By deliberately misrepresenting the record, O'Scannlain, Kleinfeld, and Silverman committed fraud upon the court within the meaning of *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 246 (1944). Such fraud is a structural defect that vitiates any judgment, requiring vacatur irrespective of procedural posture. See

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 184 of 246    PageID 481
Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 87 of 149    Page ID
#:1454

also *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 884–87 (2009); *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864–65 (1988).

Gutierrez's role as both former Chief Judge and a named defendant compounded the structural corruption. Instead of recusing under 28 U.S.C. § 455(b)(1) and (b)(5)(i), he severed claims against himself, issued sua sponte dismissals (Sept. 16–17, 2024), and fabricated a sham CV-74 "closure" entry (Oct. 17, 2024) that Chief Judge Gee's reassignment order days later proved false. These actions insulated Olguin and Rocconi from scrutiny and obstructed Gordon's rights. Such conduct constitutes fraud on the court (*Hazel–Atlas*), obstruction of justice, and a structural due-process violation comparable to *Caperton*. All orders entered by Gutierrez are void ab initio.

The combination of (1) ultra vires remand, (2) suppression of federal criminal evidence already in the record, and (3) reliance on void orders entered by a disqualified party-judge makes clear the panel's orders are themselves void. These defects require vacatur, summary reversal, and certification to the full court.

## IX. JUDGE FITZGERALD'S KNOWING RELIANCE ON VOID ORDERS

Judge Michael W. Fitzgerald compounded the structural defects created by Judge Gutierrez. By knowingly relying on void orders entered by a disqualified party-judge, Fitzgerald perpetuated fraud on the court and obstructed Gordon's rights.

*50*

Case 2:25-cv-00197-Z   Document 39   Filed 10/24/25   Page 185 of 246   PageID 482
Case 2:25-cv-04703-AB-SSC   Document 25   Filed 09/27/25   Page 88 of 149   Page ID
#:1455

His actions cannot be characterized as legal error; they were deliberate reliance on falsehoods he knew to be contradicted by the record.

## A. Reliance on Gutierrez's Sham CV-74 Closure

On January 27, 2025, Fitzgerald issued an eleven-page order (Dkt. 72) declaring that the case had been closed on October 17, 2024, by Judge Gutierrez's CV-74 "termination" entry. This was false. Fitzgerald knew it was false because Chief Judge Dolly M. Gee returned the matter "to the Clerk for reassignment" on October 23, 2024 (Dkt. 47); Plaintiff filed additional submissions afterward (e.g., Dkt. 48, Notice of Service, Oct. 22, 2024); and Fitzgerald himself ruled on post–October 17 motions. By nevertheless adopting the fraudulent closure narrative as the basis for striking and denying Gordon's filings, Fitzgerald knowingly misrepresented the record in violation of 18 U.S.C. § 1001.

## B. Participation Despite Prior Disqualification in Recall Litigation

Fitzgerald's assignment was independently tainted by his prior role in *Clark v. Weber*, Case No. 2:21-cv-06558-MWF-KS, where he dismissed a gubernatorial recall challenge as moot—only to be reversed by the Ninth Circuit in *Clark v. Weber*, 68 F.4th 678 (9th Cir. 2023). Because this appeal raises the same mootness issues, Fitzgerald's participation created an appearance of bias, disqualifying him under 28 U.S.C. § 455(a) and (b)(1). EAC

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 186 of 246    PageID 483
Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 89 of 149   Page ID
#:1456

## C. Conspiracy and Residual Administrative Power

By returning the case "to the Clerk for reassignment" rather than issuing a true judicial reassignment, the process gave only the appearance of neutrality, see *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988) (appearance of impropriety undermines public confidence). Yet the sequence of assignments—Gutierrez to Klausner within hours in the severed, fabricated case *Gordon v. Gutierrez* (2:24-cv-07938-RGK; 25-1250), Klausner presiding over that self-created matter, and Fitzgerald presiding in *Gordon v. Olguin, et al.* (2:24-cv-05384-MWF; 25-1190)—with Fitzgerald already reversed in *Clark v. Weber* for wrongly declaring recall challenges moot—creates, at minimum, a serious question of irregularity traceable to the residual administrative power of Gutierrez as former Chief Judge on the eve of his retirement from the court. This combination further undermines confidence in the integrity of the proceedings.

## D. Conclusion

Fitzgerald's conduct confirms the systemic nature of the fraud. By adopting and relying on void orders entered by a disqualified party-judge, while himself disqualified, Fitzgerald extended the obstruction of justice and deprived Gordon of due process. His rulings are void ab initio and must be vacated.

Case 2:25-cv-00197-Z     Document 39     Filed 10/24/25     Page 187 of 246     PageID 484
Case 2:25-cv-04705-AB-SSC     Document 25     Filed 09/27/25     Page 90 of 149     Page ID
#:1457

## X. CONSPIRACY OF GUTIERREZ, FITZGERALD, AND KLAUSNER TO DENY DUE PROCESS

The corruption in this appeal extended beyond Judges Gutierrez and Fitzgerald. Judge R. Gary Klausner, aided by his deputy clerk and AUSA Jasmin Yang, engaged in procedural manipulation and ex parte coordination that denied Gordon due process and constituted fraud upon the court.

**A. Misconstruction of Plaintiff's Filing.** On January 17, 2025, Klausner deliberately misconstrued Plaintiff's Notice of Withdrawal of All Pending Motions (Dkt. 36) as a substantive opposition to Defendants' motion to dismiss, depriving Gordon of a fair opportunity to respond.

**B. Misconduct by AUSA Yang.**

- **False Declaration of Service.** Yang declared service on December 28, 2024, though the envelope was postmarked December 30, cutting Gordon's response time.

- **Violation of L.R. 7-3.** Yang admitted she failed to meet and confer before filing, as required.

- **Ex Parte Coordination.** Emails show Yang communicated with Deputy Clerk Joseph Remigio, who directed her to file the motion by December 27 without notice to Gordon.

**53**

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 188 of 246    PageID 485
Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 91 of 149    Page ID
#:1458

**C. Deputy Clerk's Role.** Remigio's ex parte guidance on deadlines and filings violated Canon 3(A)(4) of the Code of Conduct for U.S. Judges, undermining neutrality and enabling DOJ's procedural misconduct.

**D. Judge Klausner's Ratification.** Rather than correcting these abuses, Klausner ratified them by issuing text-only orders, adopting Yang's defective filings, and denying Gordon oral argument.

**E. Legal Consequences (Klausner).**

- **Fraud on the Court.** Orders based on false service, ex parte coordination, and misconstruction of filings constitute fraud on the court. *Hazel–Atlas*, 322 U.S. 238 (1944).

- **Due Process Violations.** Klausner denied Gordon notice and a meaningful opportunity to be heard, violating the Fifth Amendment.

- **Void Orders.** Orders issued through ex parte collaboration are void ab initio and cannot support dismissal.

**F. Broader Conspiracy Among Gutierrez, Fitzgerald, and Klausner.**

The misconduct in this appeal was not isolated. Judges Gutierrez, Fitzgerald, and Klausner acted in concert—directly or indirectly—to suppress evidence, distort the record, and obstruct Gordon's constitutional right to due process. Their coordinated actions amount to a judicial conspiracy that perpetuated fraud upon the court.

Case 2:25-cv-00197-Z     Document 39     Filed 10/24/25     Page 189 of 246     PageID 486
Case 2:25-cv-04705-AB-SSC     Document 25     Filed 09/27/25     Page 92 of 149     Page ID
#:1459

1. **Gutierrez's Void Orders.** As both defendant and presiding judge, Gutierrez fabricated a sham CV-74 "termination" entry while statutorily disqualified. This false closure set the stage for further obstruction.

2. **Fitzgerald's Reliance.** Fitzgerald knowingly adopted Gutierrez's false closure in his January 27, 2025 order, despite docket entries and his own rulings proving the case remained active. He compounded the fraud by presiding despite prior disqualification in *Clark v. Weber*.

3. **Klausner's Ratification.** Klausner, aided by AUSA Yang and Deputy Clerk Remigio, procedurally manipulated filings and relied on ex parte communications to deny Gordon a fair hearing. By misconstruing Plaintiff's Notice of Withdrawal and adopting DOJ's defective filings, he completed the obstruction.

4. **Unified Pattern of Obstruction.** Together, the three judges suppressed the December 9, 2021 EAC OIG referral, distorted the record, and relied on fabricated or void acts to dismiss Gordon's claims. Their actions deprived not only Gordon but also 22 million California voters and all U.S. taxpayers of the right to a fair adjudication.

5. **Legal Consequences (Conspiracy).** Fraud upon the court and structural due process violations cannot be excused as error. The conspiracy of Gutierrez,

**55**

Case 2:25-cv-00197-Z   Document 39   Filed 10/24/25   Page 190 of 246   PageID 487
Case 2:25-cv-04705-AB-SSC   Document 25   Filed 09/27/25   Page 93 of 149   Page ID
#:1460

Fitzgerald, and Klausner constitutes intentional obstruction of justice,

rendering their orders void ab initio and requiring vacatur. See *Hazel–Atlas*,

322 U.S. 238; *Caperton*, 556 U.S. at 884–87.

## XI. INTRA-JUDGE CONFLICT AND ULTRA VIRES REMAND

Judge O'Scannlain served on the Clark v. Weber panel (Case No. 21-56337,

decided Nov. 29, 2022) and later on the Gordon panel (Gordon v. Newsom, Case

No. 22-55640, memorandum issued Mar. 8, 2024). His dual participation—

embracing vitality in Clark but denying it in Gordon—creates not only an intra-

circuit conflict but also a conflict within the same judge's jurisprudence. This intra-

judge contradiction underscores the discriminatory targeting of Gordon's case for

suppression.[4]

The March 2024 memorandum directly contradicted Clark v. Weber, which held

recall challenges are not moot and fall within the "capable of repetition, yet

evading review" exception. By declaring Gordon's claims moot, the panel created

an irreconcilable conflict in Ninth Circuit precedent—made worse by the fact that

the same senior-status judge reached opposite conclusions in closely related cases.

---

[4]Gordon filed his petition for initial hearing en banc on July 31, 2022 (Dkt. 5). On March 8, 2024—586 days later—the Ninth Circuit summarily denied that petition in the same memorandum that dismissed his appeal. This deliberately contrived delay, combined with suppression of the EAC OIG referral and contradictory treatment of the 2021 recall challenges, evidences disparate treatment and systemic denial of due process and obstruction of justice.

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 191 of 246    PageID 488
Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 94 of 149    Page ID
#:1461

**Ultra Vires Remand**

On August 17, 2022, O'Scannlain also sat on the panel (with Judges Schroeder and

Forrest) that remanded Gordon's case. Despite citing Davis v. United States, 667

F.2d 822, 824 (9th Cir. 1982), acknowledging the district court lacked jurisdiction

once the appeal was filed, the panel itself acted without jurisdiction under 28

U.S.C. § 2106. It remanded for re-entry of Olguin's 22-day fraudulent judgment

while simultaneously denying Gordon's Urgent Motion to Strike those entries from

the docket.[5]

This contradiction is not procedural error; it is evidence of intentional suppression

and manipulation of jurisdiction. Coupled with the panel's March 2024 suppression

of the EAC Inspector General's December 9, 2021, referral to DOJ and FBI (see

Section XI, infra), the record demonstrates a unified pattern of fraud upon the court

at both the district and appellate levels.

---

[5]Gordon's Urgent Motion to Strike, filed July 20, 2022 (Dkt. 3), expressly sought removal of the
fraudulent docket entries created by Judge Olguin's post-appeal actions. The August 17, 2022,
panel denied that relief even while recognizing that jurisdiction had already vested in the Ninth
Circuit, further compounding the obstruction.

The combination of (1) intra-judge contradiction, (2) ultra vires remand, and (3) suppression of
material federal criminal evidence constitutes fraud upon the court and structural due process
violations that vitiate any judgment. *Hazel–Atlas Glass Co. v. Hartford–Empire Co*., 322 U.S.
238, 246 (1944); *Caperton v. A.T. Massey Coal Co*., 556 U.S. 868, 884–87 (2009). Accordingly,
vacatur, summary reversal, and certification en banc are mandatory remedies to cure this
structural breakdown in judicial integrity.

*57*

# XII. CONSTITUTIONAL AND ELECTION LAW VIOLATIONS

Beyond judicial misconduct, this case arises from structural constitutional violations and unlawful election statutes that rendered California's 2021 gubernatorial recall election void ab initio.

## A. Governor Newsom's Constitutional Disqualification

Article II, § 17 of the California Constitution mandates that "[i]f recall of the Governor is initiated, the recall duties of that office shall be performed by the Lieutenant Governor." Once the Notice of Intention to Recall was filed and served on February 20–21, 2020, Governor Gavin Newsom was constitutionally disqualified from participating in recall-related duties. Article V, § 10 further supports this transfer of authority, requiring the Lieutenant Governor to act when the Governor is unable to discharge recall responsibilities.

Despite this constitutional mandate, Governor Newsom:

1. Signed recall-related statutes, including SB 423 (2020), AB 85 (2021), SB 152 (2021), AB 128 (2021), and SB 129 (2021);

2. Negotiated recall-related appropriations; and

3. Benefited directly from these acts, which served to protect his incumbency and financial interests.

**58**

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 193 of 246    PageID 490
Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 96 of 149    Page ID
#:1463

These actions violated both Article II, § 17 and Article V, § 10. Legislation enacted by a disqualified Governor is void ab initio. See *In re Governorship*, 26 Cal. 3d 110 (1979) (constitutional provisions governing succession and disqualification are mandatory).

## B. Void Legislation and Self-Dealing

Governor Newsom's continued financial interest in the PlumpJack Group, which owned wineries, bars, and hospitality businesses, rendered his enactment of recall-related legislation an act of self-dealing. By temporarily repealing Elections Code § 12288 through SB 423 and SB 152, Newsom enabled polling places to be located in alcohol-serving establishments — directly benefiting his own business holdings. This violated California Government Code §§ 1090 (self-dealing), 87100 (conflicts of interest), and 8920 (prohibition on incompatible activities).

## C. Supremacy Clause Conflicts with Federal Election Law

California's recall framework directly conflicted with federal law governing election funding:

1.  The Help America Vote Act (HAVA), 52 U.S.C. § 20901 et seq.;

2.  The CARES Act of 2020; and

*59*

3.  Federal cost principles codified at 2 C.F.R. § 200.423, which prohibit

    expenditures for "alcoholic beverages."

By authorizing polling sites in alcohol-serving establishments and subsidizing

recall expenses with federal HAVA/CARES funds, Newsom acted in direct

violation of federal law. Under the Supremacy Clause, U.S. Const. art. VI, cl. 2,

state laws that conflict with federal restrictions are void.

## D. Federal Criminal Referral by the EAC Inspector General

On December 9, 2021, the U.S. Election Assistance Commission Office of

Inspector General formally referred Gordon's complaint regarding misuse of

HAVA funds to DOJ and FBI pursuant to § 4(d) of the Inspector General Act. This

referral confirmed that federal authorities deemed the allegations sufficiently

credible to warrant criminal investigation. The district court's suppression of this

referral, and the Ninth Circuit's later misrepresentation that the evidence was never

raised, obstructed justice and concealed controlling evidence of federal criminal

violations.

## E. Takings Clause Violation

As part of the unconstitutional recall framework, California imposed a mandatory

non-refundable $4,194.94 filing fee on each gubernatorial replacement candidate,

including Gordon. This fee, extracted under a void statutory scheme, constituted an

43

**60**

Case 2:25-cv-00197-Z   Document 39   Filed 10/24/25   Page 195 of 246   PageID 492
Case 2:23-cv-04705-AB-SSC   Document 25   Filed 09/27/23   Page 98 of 149   Page ID
#:1465

uncompensated taking in violation of the Fifth Amendment's Takings Clause. See

*Uzuegbunam v. Preczewski*, 592 U.S. 279 (2021) (nominal damages redress

completed constitutional injuries); *Clark v. Weber*, 68 F.4th 678 (9th Cir. 2023)

(recall challenges are not moot where nominal damages or restitution can redress

harm).

## F. Legal Consequences

The confluence of constitutional disqualification, void legislation, Supremacy

Clause conflicts, and Takings Clause violations renders the 2021 recall election

unlawful. No judgment premised on such a framework can stand. Relief is required

to vindicate both state and federal constitutional commands and to prevent further

misuse of federal funds.

## XIII. FRAUD ON THE COURT AND SUPPRESSION OF THE DECEMBER 9, 2021, OIG REFERRAL

The December 9, 2021, referral by the U.S. Election Assistance Commission

Office of Inspector General ("EAC OIG") to DOJ and FBI confirmed that

Gordon's allegations of HAVA fund misuse were credible and warranted criminal

investigation. Its suppression by both the district court and the Ninth Circuit

constitutes fraud upon the court, vitiating all subsequent rulings.

## A. The OIG Referral and Statutory Mandate

On December 7, 2021, Gordon submitted a detailed complaint to the U.S. Election

Assistance Commission Office of Inspector General ("EACOIG") documenting

fraud, waste, and abuse by California officials in the misuse of HAVA funds. On

December 8, 2021, the EACOIG confirmed receipt and requested additional details

regarding how EAC funding was implicated.

On December 9, 2021, after reviewing Gordon's additional submission and

exhibits, Inspector General Brianna Schletz's office responded directly to Gordon

by email:

> *"Thank you for the additional information and attachments.*
> *We will provide the complaint to our DOJ and FBI point of*
> *contact."*

This was not a courtesy acknowledgment. Under § 4(d) of the Inspector General

Act, 5 U.S.C. app., each Inspector General is mandated to "promptly report to the

Attorney General whenever the Inspector General has reasonable grounds to

believe there has been a violation of Federal criminal law." By referring Gordon's

allegations to the Department of Justice and FBI, Inspector General Schletz

confirmed that his complaint had crossed the statutory threshold of "reasonable

grounds" to believe federal crimes occurred.

This referral elevated Gordon's claims from civil allegations into matters of federal

criminal concern, triggering mandatory consideration by Defendant California

*62*

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 197 of 246    PageID 494
Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 100 of 149    Page
ID #:1467

Attorney General Rob Bonta and his supervising counsel, Deputy Attorney General

Paul Evan Stein (#184956), who was Gordon's immediate contact during the

December 13, 2021 email exchange concerning the EAC OIG's referral to DOJ

and FBI and the refusal to meet and confer on the matter. It likewise required

consideration by both the district court and the Ninth Circuit. Suppression of such

evidence was not a procedural oversight—it was obstruction of justice.

This referral elevated Gordon's claims from civil allegations into matters of federal

criminal concern, triggering mandatory consideration by both the district court and

the Ninth Circuit. Suppression of such evidence was not a mere procedural

oversight—it was a coordinated conspiracy of obstruction of justice.

The Ninth Circuit and Supervising Deputy Attorney General Paul Stein had this

rock-solid credible evidence squarely before them:

- Gordon's Opening Brief (Oct. 3, 2022) expressly quoted the December 8–9,

  2021 email exchange with Inspector General Schletz and attached certified

  copies. *See* Case: 22-55640, DktEntry 15-1, at 48–49 of 49.

- Gordon's Reply Brief (Dec. 23, 2022) reiterated the same communication

  and attached FOIA confirmation of the referral, ensuring that the December

  9, 2021, referral was fully documented in the appellate record. *See* Case: 22-

  55640, DktEntry 28-1, at 13–14 of 26 & Ex. A.

**63**

Despite this, on March 8, 2024, Judges O'Scannlain, Kleinfeld, and Silverman falsely declared that the referral had "not [been] distinctly raised and argued in the opening brief," citing *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

This statement was knowingly false in violation of 18 U.S.C. § 1001. The panel deliberately suppressed material federal criminal evidence that had been raised and presented twice, supported by certified exhibits from the U.S. Election Assistance Commission—the very agency defrauded and tasked with rooting out election

This suppression was not harmless error. It obstructed justice in violation of the Inspector General Act § 4(d), denied Gordon a fair adjudication of live federal criminal issues, and inflicted systemic harm on California's 22.9 million registered voters and all U.S. taxpayers whose funds were stolen. Under *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 246 (1944), such fraud upon the court vitiates any judgment, regardless of finality.

**B. Suppression in the District Court**

Gordon's June 28, 2022, opposition to the R&R, which documented the OIG referral, was withheld from the docket for 22 days by Judge Olguin in violation of 18 U.S.C. § 1512, then surreptitiously backdated and misrepresented as if reviewed before entry of the final dispositive judgment. The district court further denied leave to supplement under Rule 15(d), obstructing the presentation of material

evidence. Gordon raised this issue squarely in his Informal Opening Brief, expressly asking:[6]

## C. Suppression in the Ninth Circuit

On March 8, 2024, Judges O'Scannlain, Kleinfeld, and Silverman falsely stated: "We decline to consider matters not distinctly raised and argued in the opening brief." *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). In fact, Gordon raised the referral in both his Opening and Reply Briefs with certified supporting documents. The misstatement suppressed material federal criminal evidence and obstructed appellate review.

## D. Intra-Circuit Conflict

The March 2024 memorandum also contradicted *Clark v. Weber*, 68 F.4th 678 (9th Cir. 2023), where the Ninth Circuit held recall challenges are not moot and fall within the "capable of repetition, yet evading review" exception. By declaring Gordon's claims moot, the panel created an intra-circuit conflict requiring a full initial hearing en banc in the interests of justice. Notably, senior status Judge Diarmuid Fionntain O'Scannlain sat on both panels—affirming vitality in *Clark*

---

[6] APPELLANT'S INFORMAL OPENING BRIEF "Whether the District Court, having full knowledge that the Election Assistance Commission (EAC) Office of Inspector General had referred this case to DOJ and FBI for investigation due to the incriminating evidence of wrongdoing by the defendants, had a duty to act. 6. Whether the District Court violated Gordon's rights under Fed. R. Civ. P. 15(d) by not granting Gordon leave to amend the complaint." (Case: 22-55640, 10/03/2022, ID: 12553997, DktEntry: 15-1, at 31 of 49).

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 200 of 246    PageID 497
Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 103 of 149    Page
ID #:1470

while suppressing Gordon's claims with the opposite result. This was no

coincidence: under O'Scannlain's orchestrating role, animated by racial animus

and discriminatory leadership, the panel targeted Gordon with selective

suppression, compounding both the constitutional injury and the fraud upon the

court. Such conduct constitutes structural due process violation and fraud on the

court requiring vacatur. See *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 884–

87 (2009); *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 246

(1944).

### E. Fraud on the Court

Deliberately concealing a statutory criminal referral is fraud upon the court. *Hazel–*

*Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 246 (1944). Fraud of this

magnitude vitiates judgments regardless of finality.

### F. Legal Consequences

1. **Void Judgments.** Orders entered without considering the OIG referral are

   void.

2. **Obstruction of Justice.** Suppression constituted obstruction under 18

   U.S.C. §§ 1001, 1503, 1512.

3. **En Banc Review.** Contradiction with *Clark v. Weber* and concealment of the

   OIG referral require an initial hearing en banc to restore integrity.

*66*

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 201 of 246    PageID 498
Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 104 of 149    Page
ID #:1471

## G. The Linchpin of Fraud and Obstruction

The December 9, 2021, referral is the fulcrum upon which this entire litigation turns. It is the moment a neutral federal Inspector General, acting under a statutory mandate, confirmed that Gordon's allegations were not speculative, not partisan, but credible enough to warrant referral for federal criminal investigation. Once that referral issued, suppression of it by district and appellate judges ceased to be legal error and became deliberate obstruction of justice. By denying its existence, Judge Olguin corrupted the district court record, and Judges O'Scannlain, Kleinfeld, and Silverman compounded the fraud at the appellate level with their March 8, 2024, misrepresentation. This was not harmless; it was a coordinated effort to erase material evidence of federal crimes from judicial consideration. That erasure harmed not only Gordon but 22 million California voters and all U.S. taxpayers, depriving them of judicial honesty in proceedings implicating misuse of federal election funds. The suppression of the December 9, 2021, referral thus stands as the defining act of fraud upon the court — a structural due process violation that vitiates every order resting on the corrupted record and compels vacatur and en banc review.

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 202 of 246    PageID 499
Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 105 of 149    Page
ID #:1472

## XIV. FRAUD UPON THE COURT BY THE ATTORNEY GENERAL

From December 2021 through March 2024, Attorney General Rob Bonta and his

deputies deliberately suppressed federal criminal findings concerning the unlawful

misuse of HAVA funds.

### Chronology of Suppression

- **Dec. 9, 2021** – The U.S. Election Assistance Commission (EAC) Inspector

  General formally referred Plaintiff's complaint regarding misuse of HAVA

  funds to the DOJ and FBI pursuant to the Inspector General Act § 4(d).

- **Dec. 13 & Dec. 20, 2021** – Plaintiff immediately notified California DOJ

  counsel Paul Stein and Natasha Sheth by email.

- **Jan. 3, 2022** – Plaintiff followed up again.

- **Mar. 22, 2022** – Plaintiff resubmitted filings.

- **Oct. 3, 2022 & Dec. 23, 2022** – Plaintiff's Opening and Reply Briefs in the

  Ninth Circuit raised the OIG referral at length. (Exs. R–S).

- **Mar. 8, 2024** – The Ninth Circuit falsely claimed the evidence had never

  been raised. (Ex. T).

*68*

Case 2:25-cv-00197-Z   Document 39   Filed 10/24/25   Page 203 of 246   PageID 500
Case 2:25-cv-04705-AB-SSC   Document 25   Filed 09/27/25   Page 106 of 149   Page
ID #:1473

**Statutory Violations**

By ignoring this referral and continuing to defend void recall laws, the Attorney
General violated multiple federal statutes, including:

- 18 U.S.C. § 1001 (false statements by omission).

- 18 U.S.C. §§ 1503, 1512, 1519 (obstruction of justice).

- 18 U.S.C. §§ 1341, 1343 (mail and wire fraud).

- 18 U.S.C. §§ 241, 242 (civil rights conspiracy and deprivation of rights).

- 18 U.S.C. § 4 (misprision of felony).

**Fraud on the Court**

As California's chief law enforcement officer and an officer of the court, Attorney
General Bonta had a heightened fiduciary duty to disclose binding constitutional
prohibitions and the existence of a federal criminal referral. Instead, his deputies
suppressed this material evidence and advanced void recall legislation in litigation.

This deliberate concealment constitutes fraud upon the court under Fed. R. Civ. P.
60(d)(3), as defined in *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S.
238, 245–46 (1944) ("fraud on the court exists where a party has prevented the
judicial process from functioning in the usual manner").

*69*

Case 2:25-cv-00197-Z   Document 39   Filed 10/24/25   Page 204 of 246   PageID 501
Case 2:25-cv-04705-AB-SSC   Document 25   Filed 09/27/25   Page 107 of 149   Page
ID #:1474

The Ninth Circuit has consistently recognized that government attorneys have a

special duty of candor and disclosure, and that their failure to meet that duty can

amount to fraud on the court. Supreme Court precedent reinforces this principle:

- *United States v. Throckmorton*, 98 U.S. 61, 65–66 (1878) (fraud on the court

   arises when the judicial machinery itself is corrupted).

**Relief Requested**

Given the Attorney General's suppression of a federal criminal referral and his

ongoing defense of void recall legislation, the judgments below were procured by

fraud on the court. Under *Hazel–Atlas* and its progeny, such misconduct renders

those judgments void *ab initio* and subject to vacatur. See *Pumphrey v. K.W.

Thompson Tool Co.*, 62 F.3d 1128, 1133 (9th Cir. 1995) (vacating judgment where

fraud on the court was established).

Plaintiff therefore respectfully requests that this Court exercise its inherent

authority under Fed. R. Civ. P. 60(d)(3) to vacate all orders and judgments tainted

by this misconduct and to grant declaratory and injunctive relief restoring the

constitutional and statutory order.

**Class-Wide Injury**

These violations harmed not only Plaintiff but also all similarly situated fee-paying

recall replacement candidates and California's 22 million registered voters. The

Case 2:25-cv-00197-Z   Document 39   Filed 10/24/25   Page 205 of 246   PageID 502
Case 2:25-cv-04705-AB-SSC   Document 25   Filed 09/27/25   Page 108 of 149   Page
ID #:1475

systemic nature of the violations demonstrates this case is appropriate for class

treatment under Fed. R. Civ. P. 23(b)(2). While Plaintiff proceeds pro se, he

preserves the class-wide nature of the claims for consideration at the proper

procedural stage.

## XV. STATEMENT OF UNDISPUTED FACTS (Fed. R. Civ. P. 56)

Appellant submits the following material facts, which are legislative and

adjudicative in nature and not subject to genuine dispute:

1. **Constitutional Disqualification Triggered.** The recall process triggered

   Article II, § 17 of the California Constitution, automatically disqualifying

   Governor Gavin Newsom from performing recall-related duties as of

   February 20–21, 2020, when the Notice of Intention to Recall was filed and

   file-stamped by the Secretary of State pursuant to Article II, § 14(a) and

   Elections Code § 11020. At that moment, all recall duties constitutionally

   transferred to the Lieutenant Governor under Article V, § 10. Despite this

   mandatory transfer of authority, Governor Newsom unlawfully continued to

   exercise recall powers. In *In re Governorship* (1979), the California

   Supreme Court held that the Lieutenant Governor possesses the authority to

   exercise all gubernatorial powers when the Governor is unable to discharge

   them.

2. **Pattern and Practice of Election Fraud (2020–2021).** In 2020, Governor
   Newsom enacted SB 423, codified as Elections Code § 1603(c), which
   repealed Elections Code § 12288's longstanding ban on polling sites in
   alcohol-serving establishments. Then–Secretary of State Alex Padilla filed it
   as Senate Bill No. 423, Chapter 31. This statute directly conflicted with
   federal law, specifically 2 C.F.R. § 200.423, which prohibits use of federal
   HAVA funds for alcohol-related expenditures, including polling place
   rentals. Enacting and filing this law while Governor Newsom was
   constitutionally disqualified also violated Cal. Penal Code § 115 (filing false
   documents).

3. **Further Misconduct in 2021.** On June 28, 2021, Governor Newsom signed
   SB 152 and AB 128—recall-related legislation appropriating funds and
   altering recall procedures—despite his constitutional disqualification. That
   same day, in *Newsom v. Weber* (Case No. 34-2021-80003666), he submitted
   the Secretary of State's "Recall FAQ," which emphasized that "shall" in
   Article II, § 17 was mandatory, showing his awareness of disqualification.
   On July 9, 2021, Judge James P. Arguelles ruled that "shall" in California
   law is mandatory (Elections Code § 354). Yet, on July 12, 2021, Governor
   Newsom signed SB 129, appropriating recall election funds in direct
   disregard of constitutional mandates.

*72*

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 207 of 246    PageID 504
Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 110 of 149    Page
ID #:1477

4.  **Dual Disqualification and Self-Dealing.** Governor Newsom retained financial interests in the PlumpJack Group, which publicly displayed his photograph alongside the "Stop the Republican Recall" slogan during the recall, an unlawful in-kind campaign contribution. This conduct violated his own Executive Order N-03-19 and California's conflict-of-interest laws (Gov. Code §§ 1090, 87100, 8920).

5.  **Void Legislation.** By signing SB 423, SB 152, AB 128, and SB 129, while disqualified and financially interested, Governor Newsom engaged in self-dealing. Under Gov. Code §§ 1090, 87100, and 8920, such enactments are void *ab initio*.

6.  **Liability for Breach of Mandatory Duties.** Defendants Newsom, Kounalakis, Weber, and Bonta are personally liable under Gov. Code § 820(a) (personal responsibility for wrongful acts) and § 815.6 (liability for breach of mandatory duties).

7.  **Federal Law Preemption.** HAVA and CARES Act restrictions, including 2 C.F.R. § 200.423, prohibited expenditures for alcohol-related venues. SB 423 and SB 152 conflicted with federal restrictions, violating the Supremacy Clause, U.S. Const. art. VI, cl. 2.

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 208 of 246    PageID 505
Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 111 of 149    Page
ID #:1478

8. **Federal Criminal Referral.** On December 9, 2021, the U.S. Election
   Assistance Commission (EAC) Inspector General formally referred
   Plaintiff's complaint regarding misuse of HAVA funds to DOJ and FBI
   pursuant to the Inspector General Act § 4(d).

9. **Notice to California DOJ.** On December 13 and December 20, 2021,
   Plaintiff immediately notified California DOJ counsel Paul Stein and
   Natasha Sheth by email, and on January 3, 2022 and March 22, 2022,
   Plaintiff followed up and resubmitted filings documenting the referral.

10. **Raised in Federal Appeals.** On October 3, 2022 and December 23, 2022,
    Plaintiff's Opening and Reply Briefs in the Ninth Circuit explicitly raised
    the OIG referral. (Exs. R–S).

11. **False Appellate Statement.** On March 8, 2024, the Ninth Circuit falsely
    stated the evidence had never been raised, despite its inclusion in Appellant's
    briefs. (Ex. T).

12. **Attorney General's Suppression.** From December 2021 through March
    2024, Attorney General Rob Bonta and his deputies deliberately suppressed
    this federal criminal referral, concealed binding constitutional prohibitions,
    and continued to defend void recall legislation.

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 209 of 246    PageID 506
Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 112 of 149    Page
ID #:1479

13. **Statutory Violations by AG.** By doing so, the Attorney General and his deputies violated multiple federal statutes, including 18 U.S.C. § 1001 (false statements by omission), §§ 1503, 1512, 1519 (obstruction of justice), §§ 1341, 1343 (mail and wire fraud), §§ 241, 242 (civil rights conspiracy and deprivation of rights), and § 4 (misprision of felony).

14. **Fraud on the Court by AG.** As California's chief law enforcement officer and an officer of the court, Attorney General Bonta had a heightened duty of candor. His deliberate concealment of the OIG referral constitutes fraud upon the court under Fed. R. Civ. P. 60(d)(3), as defined in *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 245–46 (1944), and *United States v. Throckmorton*, 98 U.S. 61, 65–66 (1878).

15. **Class-Wide Injury.** This misconduct caused injury not only to Plaintiff but also to all similarly situated fee-paying recall replacement candidates and California's **22,900,896 registered voters**.

16. **Takings and Due Process Violations.** Plaintiff and all recall candidates were compelled to pay a nonrefundable $4,194.94 filing fee under a void recall framework, constituting an uncompensated taking under the Fifth Amendment and a due process violation under the Fourteenth Amendment.

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 210 of 246    PageID 507
Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 113 of 149    Page
ID #:1480

17. **Appellees' Procedural Default.** Appellees failed to file an answering brief
by September 8, 2025, in violation of FRAP 31(c).

18. **Conflict of Interest – AUSA Harris.** On August 14, 2025, the U.S.
Attorney's Office for the Central District of California, acting through David
M. Harris, Assistant U.S. Attorney and Chief of the Civil Division, filed a
Notice of Election to Decline Intervention under 31 U.S.C. § 3730(b)(4)(B)
in Appellant's False Claims Act case (Case No. 2:25-cv-4705-AB-SSCx).
Mr. Harris is a named defendant in related Ninth Circuit Appeal No. 25-
1190, yet represents the United States in matters where his own conduct is
challenged, creating an inherent conflict of interest.

19. **Conflict of Interest – AUSA Yang.** AUSA Jasmin Yang, also a named
defendant in Appeal No. 25-1190, communicated the DOJ's refusal to
stipulate on September 24, 2025, while simultaneously representing the
government, creating the same inherent conflict.

20. **Government's Opposition Compromised.** The participation of Harris and
Yang in defending the government while also serving as defendants
constitutes procedural manipulation and violates fundamental fairness.

*76*

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 211 of 246    PageID 508
Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 114 of 149    Page
ID #:1481

21. **Fraud on the Court – DOJ.** The DOJ's dual role through Harris and Yang, coupled with suppression of the OIG referral, constitutes fraud upon the court, rendering all related judgments void *ab initio*.

## XVI-A. DECLARATORY JUDGMENT

Pursuant to 28 U.S.C. §§ 2201–2202, Appellant respectfully seeks declaratory judgment resolving the live constitutional, statutory, and fraud-on-the-court controversies underlying this appeal:

1. **Constitutional Disqualification.** Governor Gavin Newsom was constitutionally disqualified from performing any recall-related duties as of February 20–21, 2020, under Cal. Const. art. II, § 17 and art. V, § 10, and all such duties automatically transferred to the Lieutenant Governor.

2. **Pattern and Practice of Election Fraud.** SB 423 (2020), codified as Elec. Code § 1603(c), repealed Elections Code § 12288's ban on polling sites in alcohol-serving establishments, conflicted with 2 C.F.R. § 200.423 and the Supremacy Clause, and was enacted while Governor Newsom was constitutionally disqualified.

3. **Further Misconduct in 2021.** SB 152 and AB 128, signed June 28, 2021, and SB 129, signed July 12, 2021, were enacted despite constitutional disqualification and are void *ab initio*.

*77*

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 212 of 246    PageID 509
Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 115 of 149    Page
ID #:1482

4. **Dual Disqualification and Self-Dealing.** Governor Newsom retained ongoing financial interests in the PlumpJack Group, which displayed his campaign image and recall slogan during the recall, constituting unlawful in-kind contributions and violations of Gov. Code §§ 1090, 87100, 8920, and Executive Order N-03-19.

5. **Void Legislation by Conflict of Interest.** SB 423, SB 152, AB 128, and SB 129, signed while disqualified and financially conflicted, are void *ab initio* under California law.

6. **Liability for Breach of Duties.** Defendants Newsom, Kounalakis, Weber, and Bonta are personally liable under Gov. Code §§ 820(a) and 815.6 for failure to discharge mandatory constitutional duties.

7. **Supremacy Clause Violation.** By channeling HAVA and CARES funds into alcohol-serving polling sites, California officials violated 2 C.F.R. § 200.423 and U.S. Const. art. VI, cl. 2.

8. **Federal Criminal Referral.** On December 9, 2021, the U.S. EAC Inspector General referred Plaintiff's complaint regarding misuse of HAVA funds to DOJ and FBI pursuant to the Inspector General Act § 4(d).

*78*

9.  **Notice to California DOJ.** California DOJ counsel Paul Stein and Natasha Sheth were notified of the referral in December 2021, and Plaintiff resubmitted supporting materials in January and March 2022.

10. **Raised in Federal Appeals.** Plaintiff's Opening and Reply Briefs in the Ninth Circuit (Oct. 3 and Dec. 23, 2022) expressly raised the OIG referral.

11. **False Appellate Statement.** On March 8, 2024, the Ninth Circuit misstated that the referral evidence had never been raised, contrary to the record.

12. **Attorney General's Suppression.** From December 2021 through March 2024, Attorney General Rob Bonta and his deputies deliberately suppressed the OIG referral and defended void recall laws.

13. **AG Statutory Violations.** This suppression violated 18 U.S.C. §§ 1001, 1503, 1512, 1519, 1341, 1343, 241, 242, and 4.

14. **Fraud on the Court by AG.** Attorney General Bonta's concealment constitutes fraud upon the court under Fed. R. Civ. P. 60(d)(3), *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238 (1944), and *United States v. Throckmorton*, 98 U.S. 61 (1878).

15. **Class-Wide Injury.** This misconduct injured Plaintiff, all similarly situated recall replacement candidates, and California's **22,900,896 registered voters**.

**79**

16. **Takings and Due Process.** The mandatory $4,194.94 filing fee imposed on recall candidates constituted an uncompensated taking under the Fifth Amendment and a due process violation under the Fourteenth Amendment.

17. **Appellees' Procedural Default.** Appellees' failure to file an answering brief by September 8, 2025, constituted waiver of opposition under FRAP 31(c).

18. **Conflict of Interest – AUSA Harris.** On August 14, 2025, AUSA David M. Harris, Chief of the Civil Division, signed the government's Notice of Election to Decline Intervention in Appellant's FCA case while simultaneously a defendant in related Appeal No. 25-1190, creating an incurable conflict of interest.

19. **Conflict of Interest – AUSA Yang.** AUSA Jasmin Yang, also a defendant in Appeal No. 25-1190, communicated DOJ's refusal to stipulate on September 24, 2025, while representing the government, creating the same conflict.

20. **Government Opposition Compromised.** The DOJ's defense of this litigation through Harris and Yang, while they are simultaneously defendants, constitutes procedural manipulation and undermines fairness.

21. **Fraud on the Court – DOJ.** The DOJ's dual role through Harris and Yang, coupled with suppression of the OIG referral, constitutes fraud upon the court, rendering all judgments void *ab initio*.

Case 2:25-cv-00197-Z     Document 39     Filed 10/24/25     Page 215 of 246     PageID 512
Case 2:25-cv-04705-AB-SSC     Document 25     Filed 09/27/25     Page 118 of 149   Page
ID #:1485

**Declaratory Relief Requested.** Based on the foregoing, Appellant respectfully

requests a declaratory judgment that:

- Governor Newsom's recall-related acts and legislation were unconstitutional

  and void;

- the Attorney General's suppression of the OIG referral and defense of void

  laws constituted fraud on the court;

- the mandatory recall candidate fee violated the Fifth and Fourteenth

  Amendments;

- DOJ officials Harris and Yang acted under incurable conflicts of interest that

  taint the government's opposition; and

- all judgments and orders tainted by these constitutional violations, conflicts,

  and frauds upon the court are void *ab initio* and must be vacated.

22. **Intra-Circuit Conflict (Clark Split).** A direct intra-circuit conflict exists

between *Clark v. Weber*, 68 F.4th 678 (9th Cir. 2023), which addressed live

controversy and non-mootness in the 2021 recall context, and subsequent Ninth

Circuit/district rulings in Appellant's related matters that disregarded or

contradicted *Clark's* controlling principles, creating an unresolved conflict that

only the en banc court can reconcile.

**23. Exceptional Constitutional Importance.** This appeal presents questions of exceptional constitutional importance implicating state separation of powers, federal supremacy (HAVA/CARES), gubernatorial disqualification under Cal. Const. art. II, § 17 & art. V, § 10, and structural integrity of federal funds—making initial en banc review appropriate.

**24. En Banc Petition Filed.** Appellant petitioned for **initial hearing en banc** under **FRAP 40(g)** (formerly FRAP 35(c)) on March 19, 2025, expressly invoking the *Clark* conflict and the exceptional importance of the issues.

This declaratory judgment is the necessary predicate for granting the remedies set forth herein.

## XVII. REQUESTED RELIEF

For the foregoing reasons, and to prevent further prejudice to Appellant and the public interest, Appellant respectfully requests that this Court grant summary disposition in his favor under 9th Cir. R. 3-6 and *United States v. Hooton*, 693 F.2d 857 (9th Cir. 1982). The relief requested herein is cumulative and not mutually exclusive; the Court may and should grant all remedies necessary to redress constitutional violations, correct jurisdictional defects, and restore unlawfully appropriated funds.

*82*

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 217 of 246    PageID 514
Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 120 of 149    Page
ID #:1487

1. **Enforcement of FRAP 31(c).** Declare that Appellees' failure to file a timely answering brief by September 8, 2025, constitutes waiver of opposition, barring them from oral argument absent leave of Court.

2. **Summary Reversal.** Reverse the district court's judgment of dismissal and remand for entry of judgment in Appellant's favor, or for further proceedings consistent with this Court's ruling. Authority: Ninth Circuit permits summary reversal where "the outcome is clear as a matter of law." *Hooton*, 693 F.2d at 858 (per curiam).

3. **Initial Hearing En Banc (FRAP 40(g)).** Grant **initial hearing en banc** pursuant to **FRAP 40(g)** and Ninth Circuit General Orders. The Court finds that (i) a direct intra-circuit conflict exists with *Clark v. Weber*, 68 F.4th 678 (9th Cir. 2023), and (ii) this appeal presents questions of exceptional constitutional importance concerning gubernatorial disqualification, federal supremacy (HAVA/CARES), and structural due process. Any prior panel assignment is VACATED, and this order issues by the Court sitting en banc.

4. **Vacatur of Void Orders.** Declare void and vacate all judgments and orders entered by disqualified or conflicted judges, including those of Judges Olguin, Gutierrez, Fitzgerald, and Klausner.

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 218 of 246    PageID 515
Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 121 of 149    Page
ID #:1488

5. **Recognition and Dismissal of Fabricated Case.** Recognize that fabricated Case No. 2:24-cv-07938-RGK lacked jurisdiction from inception, vacate all related orders, and dismiss the case as illegitimate.

6. **Constitutional Violations Declared.** Declare that Governor Gavin Newsom was constitutionally disqualified from recall-related duties as of February 20–21, 2020, under Cal. Const. art. II, § 17 and art. V, § 10, and that recall-related statutes he enacted thereafter are void ab initio.

7. **Supremacy Clause Violation Declared.** Declare that California's misuse of HAVA/CARES funds in alcohol-serving venues during the 2020 presidential and 2021 gubernatorial recall elections violated 2 C.F.R. § 200.423 and 52 U.S.C. § 20901, thereby violating the Supremacy Clause, U.S. Const. art. VI, cl. 2.

8. **Fraud on the Court (Judicial).** Hold that suppression of filings, concealment of the December 9, 2021 EAC OIG referral, reliance on void orders, judicial bias, and post-closure orders constitute fraud on the court and obstruction of justice.

9. **Fraud on the Court (DOJ).** Declare that DOJ's dual role through AUSAs Harris and Yang, while defendants in related appeals, constitutes fraud on the court rendering all related judgments void ab initio.[7]

10. **Fraud on the Court (Attorney General).** Declare that AG Rob Bonta's suppression of the OIG referral and defense of void laws constitute fraud upon the court under Fed. R. Civ. P. 60(d)(3).

11. **Sanctions Against AUSA Jasmin Yang.** Impose sanctions for false declaration of service, violation of L.R. 7-3, and ex parte coordination with Judge Klausner's chambers.

12. **Sanctions Against AUSA David M. Harris.** Impose sanctions for misrepresentation of material facts, supervisory ratification of misconduct, and obstruction of justice.

13. **Referral of Judicial Misconduct.** Refer Judges Klausner, Gutierrez, and Fitzgerald, along with courtroom deputy Joseph Remigio, for investigation under 28 U.S.C. §§ 351–352.

---

[7] On January 18, 2024, Appellant delivered a letter and supporting exhibits to President Biden and Attorney General Garland formally documenting the December 9, 2021, EAC OIG referral. On March 3, 2024, President Biden personally acknowledged Appellant's submissions in a letter, thereby confirming Executive Branch receipt and awareness of the evidence.

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 220 of 246    PageID 517
Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 123 of 149    Page
ID #:1490

14. **Recoupment of Candidate Filing Fee.** Declare that the mandatory $4,194.94 filing fee was an unconstitutional taking under the Fifth Amendment and order reimbursement, plus nominal damages under *Clark v. Weber* and *Uzuegbunam v. Preczewski*.

15. **Class-Wide Relief.** Extend reimbursement and nominal damages to all similarly situated 2021 recall replacement candidates who paid the same unconstitutional fee.

16. **Recoupment of Federal Funds.** Order that all federal HAVA and CARES Act funds illegally appropriated during the 2020–21 elections be recouped and refunded to the U.S. Treasury through Appellant's pending qui tam action.

17. **Recoupment of State Funds.** Order that state matching funds misapplied in furtherance of this unlawful scheme be recouped to the California Treasury.

18. **Award of Relator's Share.** Pursuant to 31 U.S.C. § 3730(d) and Cal. Gov. Code § 12652(g), award Relator Carl Gordon his statutory share of all federal and state recoveries.

19. **Takings and Due Process Relief.** Declare that the recall framework violated the Fifth and Fourteenth Amendments, and award appropriate damages.

Case 2:25-cv-00197-Z   Document 39   Filed 10/24/25   Page 221 of 246   PageID 518
Case 2:25-cv-04705-AB-SSC   Document 25   Filed 09/27/25   Page 124 of 149   Page
ID #:1491

20. **Injunctive Relief Against Conflicts of Interest.** Enjoin Governor Newsom and future governors from participating in recall-related legislation where they possess financial or political conflicts of interest, including conflicts tied to the PlumpJack Group.

21. **Transparency Orders.** Direct disclosure of all communications between California DOJ, Governor Newsom's office, and federal officials concerning the EAC OIG referral, to ensure record integrity.

22. **Conditional Reassignment on Remand.** If any portion is remanded, direct reassignment to an impartial judge not previously involved in related proceedings, pursuant to 28 U.S.C. § 455(a) and *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988).

23. **Award of Fees and Costs.** Award Appellant recoupment of filing fees, taxable costs, and reasonable attorney's fees pursuant to 28 U.S.C. § 2412, 42 U.S.C. § 1988(b), and other applicable statutes, in the event counsel is retained.

24. **Further Relief.** Grant such other and further relief as this Court deems just and proper to restore constitutional governance, safeguard due process, and protect the public interest.

## PRAYER FOR RELIEF

**WHEREFORE,** Appellant respectfully prays that this Court grant the relief set forth above in full, together with such other and further relief as this Court deems just and proper to restore constitutional governance, safeguard due process, and protect the public interest.

## XVIII. CONCLUSION

This appeal arises from structural constitutional violations, systemic judicial misconduct, and fraudulent misuse of federal election funds. A disqualified party-judge, Philip S. Gutierrez, presided in violation of 28 U.S.C. § 455(b), rendering his orders void ab initio. Judges Fitzgerald and Klausner compounded these defects through reliance on sham docket entries, misrepresentations, and ex parte coordination. Governor Gavin Newsom, constitutionally disqualified from recall-related duties as of February 20–21, 2020, nevertheless signed recall-related statutes that conflicted with federal law and were void ab initio.

The misuse of HAVA and CARES Act funds to subsidize an unlawful recall election led to a December 9, 2021 referral by the EAC Inspector General to DOJ and FBI under the Inspector General Act § 4(d), which was suppressed at both the district court and appellate levels, constituting fraud upon the court.

Separately, Appellees' failure to file a timely answering brief by September 8,

*88*

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 223 of 246    PageID 520
Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 126 of 149    Page
ID #:1493

2025, under FRAP 31(c), waives opposition and independently supports summary

reversal under Ninth Circuit Rule 3-6 and United States v. Hooton, 693 F.2d 857

(9th Cir. 1982).

Relief must address both constitutional and financial injuries. First, the mandatory

$4,194.94 candidate filing fee constituted an uncompensated taking in violation of

the Fifth Amendment. Declaratory relief and nominal damages under Clark v.

Weber, 68 F.4th 678 (9th Cir. 2023), and Uzuegbunam v. Preczewski, 592 U.S. 279

(2021), are required to judicially recognize and redress this injury, ensuring the

controversy remains live and preventing mootness. Second, all federal and state

election funds fraudulently appropriated during the 2020 presidential and 2021

recall elections must be refunded under the False Claims Act, with recovery

directed to the U.S. and California, and Relator's statutory award share.

Accordingly, Appellant respectfully requests that this Court enforce FRAP 31(c),

summarily reverse the district court's dismissal, vacate all void orders, and grant

the full spectrum of constitutional, statutory, and FCA relief detailed herein.

Dated: September 25, 2025                        Respectfully submitted,

*Carl Gordon*

Carl Gordon
Plaintiff–Appellant appearing pro se
8306 Wilshire Blvd., No. 792
Beverly Hills, CA 90211
universityofthehood@gmail.com
(310) 926-3939

## CERTIFICATE OF PENDING COMPLIANCE
Pending Court Approval Of Motion For Leave
To File An Oversized Motion Filed Concurrently

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I certify that this motion

complies with the applicable type-volume limitation.

1. This motion contains approximately 13,432 words, excluding the parts

    exempted by Fed. R. App. P. 32(f).

2. This motion has been prepared in proportionally spaced typeface using

    Microsoft Word in 14-point Times New Roman font, consistent with Fed. R.

    App. P. 32(a)(5)–(6). It is in PENDING COMPLIANCE

I declare under penalty of perjury that the foregoing is true and correct.


Dated: September 25, 2025                    Respectfully submitted,

                                             *Carl Gordon*
                                             Carl Gordon
                                             Plaintiff–Appellant appearing pro se
                                             8306 Wilshire Blvd., No. 792
                                             Beverly Hills, CA 90211
                                             universityofthehood@gmail.com
                                             (310) 926-3939

Case 2:25-cv-00197-Z   Document 39   Filed 10/24/25   Page 225 of 246   PageID 522
Case 2:25-cv-04705-AB-SSC   Document 25   Filed 09/27/25   Page 128 of 149   Page
ID #:1495

## DECLARATION OF CARL GORDON

I, Carl Gordon, declare as follows:

1. I am the Plaintiff–Appellant in this matter. I am proceeding pro se and have personal knowledge of the facts set forth herein.

2. This declaration is submitted in support of my Motion for Summary Disposition filed September 25, 2025, seeking summary reversal under Ninth Circuit Rule 3-6 and United States v. Hooton, 693 F.2d 857 (9th Cir. 1982), enforcement of Federal Rule of Appellate Procedure 31(c), and recoupment of fraudulently appropriated federal and state funds under the False Claims Act (31 U.S.C. § 3729 et seq.).

3. Appellees failed to file an answering brief by the September 8, 2025, deadline set by this Court's scheduling order. Under FRAP 31(c), this failure constitutes waiver of opposition and bars Appellees from being heard at oral argument absent leave of Court.

4. The record demonstrates systemic fraud upon the court, obstruction of justice, and misuse of federal funds in both the 2020 presidential election and the 2021 California gubernatorial recall election. California's 55 electoral votes certified for Joseph R. Biden and Kamala D. Harris on January 6, 2021, were tainted by unconstitutional misuse of federal HAVA funds, and the 2021 recall election was likewise void ab initio.

5. On December 9, 2021, the U.S. Election Assistance Commission Office of

*91*

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 226 of 246    PageID 523
Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 129 of 149    Page
ID #:1496

Inspector General referred my complaint regarding misuse of HAVA funds to the

U.S. Department of Justice and FBI under § 4(d) of the Inspector General Act.

Suppression of this referral by the district court, the California Attorney General,

and the Ninth Circuit constitutes fraud upon the court under *Hazel–Atlas Glass Co.*

*v. Hartford–Empire Co*., 322 U.S. 238 (1944).

6. Judges Philip S. Gutierrez, Michael W. Fitzgerald, and R. Gary Klausner each

entered orders while disqualified under 28 U.S.C. § 455, or knowingly relied on

void orders, compounding structural due process violations. These acts render their

rulings void ab initio.

7. Governor Gavin Newsom, constitutionally disqualified from recall-related duties

as of February 20–21, 2020, nevertheless signed SB 423, AB 85, SB 152, AB 128,

and SB 129. These enactments conflicted with federal restrictions (including 2

C.F.R. § 200.423) and enriched his PlumpJack Group holdings. Such acts violated

the Supremacy Clause, U.S. Const. art. VI, cl. 2, and state conflict-of-interest

statutes (Cal. Gov. Code §§ 1090, 87100, 8920).

8. The $4,194.94 filing fee imposed on each gubernatorial replacement candidate,

including myself, under a void recall framework constitutes an uncompensated

taking in violation of the Fifth Amendment. See Uzuegbunam v. Preczewski, 141

S. Ct. 792 (2021); Clark v. Weber, 68 F.4th 678 (9th Cir. 2023).

**92**

Case 2:25-cv-00197-Z   Document 39   Filed 10/24/25   Page 227 of 246   PageID 524
Case 2:25-cv-04785-AB-SSC   Document 25   Filed 09/27/25   Page 136 of 149   Page
ID #:1497

9. The tragic events at the U.S. Capitol on January 6, 2021, are directly connected to California's fraudulent certification of tainted electoral votes. Had California's election laws not been void and federal funds misused, the 2020 presidential election may have been different, and the ensuing loss of life could have been avoided. See Congressional Record, 167 Cong. Rec. H76 (daily ed. Jan. 6, 2021).

10. These matters are not speculative. They are documented herein in the "receipts," including certified filings and legislative records, which establish beyond dispute that federal and state funds were misused in violation of law, resulting in void elections.

11. Complete relief requires vacatur of void orders, summary reversal of dismissals, and recoupment of all misused HAVA and CARES Act funds to the United States Treasury and the California State Treasury, with the statutory Relator's share awarded under 31 U.S.C. § 3730(d).

**12.** I further declare that this Motion necessarily exceeds the ordinary word limit prescribed by Fed. R. App. P. 27(d)(2) and Ninth Cir. R. 32-3(2). The filing contains approximately 15,731 words. Good cause exists for this oversize length because Appellees' failure to file answering briefs in Appeal Nos. 25-1250 and 25-1190 foreclosed my ability to reply twice. In Appeal No. 25-1190, this Court's April 25, 2025, Order expressly provided that, because no appearance was entered by Appellees, "briefing will be complete upon the filing of the opening brief" and

Appellant "is not required to submit excerpts of record." See Dkt. 23, *Gordon v. Olguin, et al.*, No. 25-1190 (9th Cir. Apr. 25, 2025). Thus, the absence of Appellees' participation deprived me of any opportunity to reply. Moreover, the suppression of the December 9, 2021, referral by the U.S. Election Assistance Commission Office of Inspector General to the Department of Justice and FBI — a suppression carried out by the Ninth Circuit, the U.S. Attorney, the Attorney General of California, and all attorneys — made it necessary to present the complete factual and legal record in this motion. In addition, the refusal of the Ninth Circuit to grant leave to merge all related appeals, despite the fabrication of severed cases by district court judges, forced me to integrate overlapping factual and legal issues into this single filing in order to preserve the integrity of the record. Most critically, the same federal officials — including Harris and AUSA Jang — are defendants in Appeal No. 25-1190 while simultaneously serving as prosecutors in Appeal No. 25-1250, an undeniable conflict of interest that constitutes system-gaming necessitated inclusion of all issues in this motion. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Dated: September 25, 2025, Los Angeles, California

*Carl Gordon*

Carl Gordon,

Pro Se Plaintiff-Appellant

Case 2:25-cv-00197-Z Document 39 Filed 10/24/25 Page 229 of 246 PageID 526
Case 2:25-cv-04045-AB-Soc Document 9 Filed 09/27/25 Page 136 of 149 Page
ID #:1499

**PROOF OF SERVICE**

I, Mae Gordon, declare as follows: I am employed in the City and County of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action.

My address is 1125 South Holt Avenue, Apt. 3, Los Angeles, California 90035. On September 25, 2025,

I served the following documents: APPELLANT'S MOTION FOR SUMMARY DISPOSITION IN APPELLANT'S FAVOR (SUMMARY REVERSAL) UNDER 9TH CIR. R. 3-6 AND HOOTON; ENFORCEMENT OF FRAP 31(c); AND RECOUPMENT OF FRAUDULENTLY APPROPRIATED FEDERAL AND STATE FUNDS PURSUANT TO THE FALSE CLAIMS ACT (31 U.S.C. § 3729 ET SEQ.)

1. Jasmin Yang United States Attorney Office of the U.S. Attorney – Central District of California 300 North Los Angeles Street, Suite 7516 Los Angeles, CA 90012 Email: Jasmin.Yang@usdoj.gov

Executed on September 25, 2025, at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Mae Gordon

**95**

Case 2:25-cv-00197-Z   Document 39   Filed 10/24/25   Page 230 of 246   PageID 527
Case 2:25-cv-04705-AB-SSC   Document 25   Filed 09/27/25   Page 133 of 149   Page
ID #:1500

## [PROPOSED] ORDER GRANTING APPELLANT'S MOTION FOR SUMMARY DISPOSITION AND INITIAL EN BANC HEARING

The Court has considered Appellant Carl Gordon's Motion for Summary Disposition in his favor (summary reversal) under Ninth Circuit Rule 3-6 and *United States v. Hooton*, 693 F.2d 857 (9th Cir. 1982); enforcement of Federal Rule of Appellate Procedure 31(c); and recoupment of fraudulently appropriated federal and state funds pursuant to the False Claims Act, 31 U.S.C. § 3729 et seq., and Cal. Gov. Code § 12652.

Having reviewed the motion, supporting record, and Statement of Undisputed Facts, and good cause appearing, IT IS HEREBY ORDERED that:

1. FRAP 31(c) Enforcement. Appellees' failure to file an answering brief by September 8, 2025 constitutes waiver of opposition. Appellees shall not be heard at oral argument absent leave of Court.

2. Summary Reversal. The district court's judgment is REVERSED. The matter is REMANDED with instructions to enter judgment in Appellant's favor or to conduct further proceedings consistent with this ruling.

3. Initial Hearing En Banc. Pursuant to FRAP 40(g) and Ninth Circuit General Orders, this case is accepted for initial hearing en banc. The Court finds that initial en banc review is required to resolve a direct intra-circuit conflict

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 231 of 246    PageID 528
Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 134 of 149    Page
ID #:1501

between *Clark v. Weber*, 68 F.4th 678 (9th Cir. 2023), and subsequent Ninth

Circuit rulings that disregarded or contradicted *Clark's* holding on recall

election mootness and constitutional disqualification. The exceptional

constitutional importance of gubernatorial recall governance further compels

en banc review. Any prior panel assignment is VACATED, and this order

issues by the Court sitting en banc.

4. Vacatur of Void Orders. The following are declared void and VACATED:

   o  Judge Olguin's July 18–20, 2022 amended judgment and related

      orders;

   o  The Ninth Circuit panel's August 17, 2022 ultra vires remand;

   o  Judge Gutierrez's September 16–17, 2024 sua sponte dismissal orders

      and the October 17, 2024 "Minute Order" (Dkt. 39);

   o  Judge Fitzgerald's November 6, 2024, and January 27, 2025, orders;

   o  Judge Klausner's January 17 and 24, 2025 orders.

5. Fabricated Case Dismissal. Case No. 2:24-cv-07938-RGK is recognized as

   fabricated and void from inception. All related orders are VACATED and the

   matter is DISMISSED.

Case 2:25-cv-00197-Z   Document 39   Filed 10/24/25   Page 232 of 246   PageID 529
Case 2:25-cv-04705-AB-SSC   Document 25   Filed 09/27/25   Page 135 of 149   Page
ID #:1502

6. **Constitutional Violations.** Governor Gavin Newsom was constitutionally disqualified from recall-related duties as of February 20–21, 2020. Recall statutes enacted thereafter—including SB 423, AB 85, SB 152, AB 128, and SB 129—are declared void ab initio.

7. **Supremacy Clause Violation and Enforcement.** It is DECLARED that California's use of HAVA and CARES Act funds in alcohol-serving venues during the 2020–21 elections violated 2 C.F.R. § 200.423 and 52 U.S.C. § 20901, thereby violating the Supremacy Clause, U.S. Const. art. VI, cl. 2. To the extent SB 423 (Elec. Code § 1603(c)), SB 152, AB 128, and related enactments authorized or facilitated expenditures inconsistent with federal law, those statutes are VOID AS APPLIED and unenforceable.

8. **Fraud on the Court.** Suppression of Appellant's filings, concealment of the December 9, 2021 EAC OIG referral, reliance on void judgments, judicial bias, and issuance of post-closure orders constitute FRAUD UPON THE COURT under Fed. R. Civ. P. 60(d)(3) and *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238 (1944). All judgments infected by such conduct are VOID.

9. **Sanctions – AUSA Jasmin Yang.** Sanctions are imposed for false declaration of service, violation of L.R. 7-3, and ex parte coordination.

10. Sanctions – AUSA David M. Harris. Sanctions are imposed for misrepresentation of material facts, supervisory ratification of misconduct, and obstruction of justice. Harris is referred to the DOJ Office of Professional Responsibility, the State Bar of California, and the Ninth Circuit Judicial Council.

11. Recoupment of Candidate Filing Fee and Nominal Damages.

• The $4,194.94 candidate filing fee imposed on Appellant and other gubernatorial recall replacement candidates is declared an unconstitutional taking without just compensation, in violation of the Fifth Amendment.

• Recoupment of Appellant's $4,194.94 filing fee is ORDERED, directed against responsible officials in their individual capacities.

• Nominal damages are AWARDED consistent with *Clark v. Weber*, 68 F.4th 678 (9th Cir. 2023), and *Uzuegbunam v. Preczewski*, 592 U.S. 279 (2021).

• In the interest of justice, waiver of sovereign immunity for recoupment to all affected recall replacement candidates is GRANTED. If necessary, recoupment shall be funded through recovery in Appellant's pending qui tam action, *United States ex rel. Gordon v. Newsom et al.*, No. 2:25-cv-04705-AB-SSC (C.D. Cal.).

12. Recoupment of Fraudulently Appropriated Federal and State Funds.

• All federal funds, including HAVA and CARES Act monies, fraudulently

appropriated during the 2020 presidential and 2021 gubernatorial recall

elections, shall be RECOUPED and returned to the U.S. Treasury through

the pending qui tam action.

• All state matching funds misapplied in furtherance of the scheme shall be

RECOUPED to the California State Treasury.

• Pursuant to 31 U.S.C. § 3730(d) and Cal. Gov. Code § 12652(g), Relator

Carl Gordon shall receive his statutory share of the recovery.

13. Conditional Reassignment on Remand. If any portion of this case is

remanded to the district court for further proceedings, it shall be reassigned

to an impartial judge not previously involved in related proceedings,

pursuant to 28 U.S.C. § 455(a) and *Liljeberg v. Health Services Acquisition*

*Corp.*, 486 U.S. 847 (1988).

14. Fees, Costs, and Attorney's Fees. Appellant is awarded recoupment of his

filing fee, taxable costs, and reasonable attorney's fees pursuant to 28 U.S.C.

§ 2412, 42 U.S.C. § 1988(b), and other applicable statutes, in the event

counsel is retained.

15. Judicial Misconduct Referral. Judge R. Gary Klausner and his deputy Joseph

Remigio are referred for investigation under 28 U.S.C. §§ 351–352.

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 235 of 246    PageID 532
Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 138 of 149    Page
ID #:1505

16. Sanctions – Attorney General Rob Bonta. Orders and judgments tainted by Attorney General Bonta's suppression of the OIG referral are VACATED. Bonta and his deputies are referred to appropriate disciplinary authorities for fraud upon the court and statutory violations.

17. Further Relief. The Court grants such other relief as necessary to restore constitutional governance, safeguard due process, and protect the public interest.

IT IS HEREBY ORDERED:

DATED: _____

United States Circuit Judge

Dated: September 25, 2025

Respectfully submitted,

*Carl Gordon*

Carl Gordon
Plaintiff–Appellant appearing pro se
8306 Wilshire Blvd., No. 792
Beverly Hills, CA 90211
universityofthehood@gmail.com
(310) 926-3939

*102*

# EXHIBIT B

 **Gmail**

Carl Gordon <universityofthehood@gmail.com>

---

## Follow-Up: Request for Joint Stipulation to Exceed Word Limit (Appeal No. 25-1250)
2 messages

---

**Carl Gordon** <universityofthehood@gmail.com>                    Wed, Sep 24, 2025 at 9:24 AM
To: "Yang, Jasmin (USACAC)" <Jasmin.Yang@usdoj.gov>, david.m.harris@usdoj.gov, bilal.essayli@usdoj.gov

Follow-Up: Request for Joint Stipulation to Exceed Word Limit (Appeal No. 25-1250)

Dear Ms. Yang, and Mr. Harris,

I'm following up on my September 23 email (attached) providing the complete draft of my **Appellant's Motion for Summary Disposition (approximately 12,000 words)** and requesting the government's **joint stipulation** to exceed the word limit.

Please let me know the government's position **by 11:00 a.m. PT today (September 24, 2025)**—specifically, whether you **stipulate** to my forthcoming **Motion for Leave to File an Oversized Motion** in Appeal No. **25-1250**. If you oppose or if I do not hear back by that time, I will proceed to file the **Motion for Leave** (with the draft attached) in the Ninth Circuit this afternoon and will note your opposition or non-response.

Thank you for your prompt attention.

Respectfully,
Carl Gordon
Plaintiff-Appellant, Pro Se
(310) 926-3939

---

**Yang, Jasmin (USACAC)** <Jasmin.Yang@usdoj.gov>                    Wed, Sep 24, 2025 at 12:53 PM
To: Carl Gordon <universityofthehood@gmail.com>

Dear Mr. Gordon,

As indicated in my prior email, the government opposes the request to exceed the word limit and will not stipulate.

Thank you,

Jasmin

[Quoted text hidden]

---

Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 142 of 149    Page
Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 239 of 246    PageID 536
ID #:3650



Carl Gordon <universityofthehood@gmail.com>

---

# Automatic reply: [EXTERNAL] Request for Joint Stipulation – Motion to Exceed Word Limit (Case No. 25-1250)

3 messages

---

**Yang, Jasmin (USACAC)** <Jasmin.Yang@usdoj.gov>                Tue, Sep 23, 2025 at 9:04 AM
To: Carl Gordon <universityofthehood@gmail.com>

I am on leave September 23 returning to the office on September 24. For urgent inquiries, please contact my legal assistant Janice Micheaux at janice.micheaux@usdoj.gov

---

**Harris, David M. (USACAC)** <David.M.Harris@usdoj.gov>                Tue, Sep 23, 2025 at 9:04 AM
To: Carl Gordon <universityofthehood@gmail.com>

I will be out of the office until Wednesday, September 24, 2025, and will have limited e-mail and voicemail access during this time. If this matter requires immediate attention, please contact the Acting Civil Division Chief:

- Jessica Cheh, Chief of the Civil Appeals Section, at (213) 894-0886 or jessica.cheh@usdoj.gov.

Thanks.

**David M. Harris | Assistant United States Attorney**
United States Attorney's Office | Central District of California
Chief | Civil Division
Federal Building, Room 7516 | 300 N. Los Angeles St. | Los Angeles, California 90012
T: 213.894.8817| F: 213.894.7819 | David.M.Harris@usdoj.gov

---

**Carl Gordon** <universityofthehood@gmail.com>                Tue, Sep 23, 2025 at 9:07 AM
To: jessica.cheh@usdoj.gov, janice.micheaux@usdoj.gov

---------- Forwarded message ---------
From: **Harris, David M. (USACAC)** <David.M.Harris@usdoj.gov>
Date: Tue, Sep 23, 2025 at 9:04 AM
Subject: Automatic reply: [EXTERNAL] Request for Joint Stipulation – Motion to Exceed Word Limit (Case No. 25-1250)
To: Carl Gordon <universityofthehood@gmail.com>

I will be out of the office until Wednesday, September 24, 2025, and will have limited e-mail and voicemail access during this time. If this matter requires immediate attention, please contact the Acting Civil Division Chief:

- Jessica Cheh, Chief of the Civil Appeals Section, at (213) 894-0886 or jessica.cheh@usdoj.gov.

***105***

Gmail - Automatic reply: [EXTERNAL] Request for Your Stipulation - Motion to Exceed Word Limit (Case No. 25-7250)

Thanks.

**David M. Harris | Assistant United States Attorney**
United States Attorney's Office | Central District of California
Chief | Civil Division
Federal Building, Room 7516 | 300 N. Los Angeles St. | Los Angeles, California 90012
T: 213.894.8817| F: 213.894.7819 | David.M.Harris@usdoj.gov

# EXHIBIT C

1   *Office of Educ.*, 502 F.3d 1116, 1126–28 (9th Cir. 2007); *see also United States ex rel.*

2   *Mergent Services, Inc. v. Flaherty*, 540 F.3d 89, 93–94 (2d Cir. 2008) ("Because relators

3   lack a personal interest in False Claims Act *qui tam* actions, we conclude that they are

4   not entitled to proceed *pro se*. [¶] Our holding is in accord with all of the other circuits

5   that have considered the issue."). Binding precedent thus forecloses relator Carl Gordon

6   from proceeding *pro se*.

7         If the relator elects not to proceed with counsel, the United States hereby consents

8   to a dismissal on that basis.

9         A proposed order is lodged concurrently herewith.

10

11                              Respectfully submitted,

12   Dated: August 14, 2025       BILAL A. ESSAYLI
                            Acting United States Attorney

13                             DAVID M. HARRIS
                            Assistant United States Attorney

14                             Chief, Civil Division
                            JACK D. ROSS

15                             Assistant United States Attorney
                            Chief, Civil Fraud Section

16                             HUNTER B. THOMSON
                            Assistant United States Attorney

17                             Deputy Chief, Civil Fraud Section

18                           /s/ Cory L. Webster

19                           CORY L. WEBSTER
                          Assistant United States Attorney

20                           Attorneys for the United States of America

21

22

23

24

25

26

27

28

**108**

Dated: September 25, 2025

Respectfully submitted,

*Carl Gordon*

Carl Gordon
Plaintiff–Appellant appearing pro se
8306 Wilshire Blvd., No. 792
Beverly Hills, CA 90211
universityofthehood@gmail.com
(310) 926-3939

Case 2:25-cv-00197-Z    Document 39    Filed 10/24/25    Page 244 of 246    PageID 541
Case 2:25-cv-04705-AB-SSC    Document 25    Filed 09/27/25    Page 147 of 149    Page
ID #:1514

# EXHIBIT E

United States' Notice of Election to Decline Intervention (excerpt)

1   BILAL A. ESSAYLI
    Acting United States Attorney
2   DAVID M. HARRIS
    Assistant United States Attorney
3   Chief, Civil Division
    JACK D. ROSS
4   Assistant United States Attorney
    Chief, Civil Fraud Section
5   HUNTER B. THOMSON
    Assistant United States Attorney
6   Deputy Chief, Civil Fraud Section
    CORY L. WEBSTER
7   Assistant United States Attorney
    California State Bar No. 274404
8        Room 7516, Federal Building
         300 N. Los Angeles Street
9        Los Angeles, California 90012
         Tel: (213) 894-3348 Fax: (213) 894-7819
10       Email: cory.webster@usdoj.gov

**F I L E D**

CLERK, U.S. DISTRICT COURT

**August 14, 2025**

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ EVC _____ DEPUTY

11  Attorneys for the United States of America

12

13              UNITED STATES DISTRICT COURT

14          FOR THE CENTRAL DISTRICT OF CALIFORNIA

15                   WESTERN DIVISION

16  UNITED STATES OF AMERICA *ex            No. 2:25-CV-4705-AB (SSCx)
    rel.* **[UNDER SEAL]**,
17                                          UNITED STATES' NOTICE OF
              Plaintiff[s],                 ELECTION TO DECLINE
18                                          INTERVENTION AND REQUEST TO
              v.                            UNSEAL THE CASE
19
    **[UNDER SEAL]**,                       **[FILED UNDER SEAL PURSUANT TO
20                                          THE FALSE CLAIMS ACT, 31 U.S.C.
              Defendant[s].                 § 3730(b)(2) and (b)(3)]**
21
                                            [LODGED CONCURRENTLY UNDER
22                                          SEAL: [PROPOSED] ORDER]

23

24

25

26

27

28

1   *Office of Educ.*, 502 F.3d 1116, 1126–28 (9th Cir. 2007); *see also United States ex rel.*

2   *Mergent Services, Inc. v. Flaherty*, 540 F.3d 89, 93–94 (2d Cir. 2008) ("Because relators

3   lack a personal interest in False Claims Act *qui tam* actions, we conclude that they are

4   not entitled to proceed *pro se*. [¶] Our holding is in accord with all of the other circuits

5   that have considered the issue."). Binding precedent thus forecloses relator Carl Gordon

6   from proceeding *pro se*.

7        If the relator elects not to proceed with counsel, the United States hereby consents

8   to a dismissal on that basis.

9        A proposed order is lodged concurrently herewith.

10

11                                    Respectfully submitted,

12   Dated: August 14, 2025          BILAL A. ESSAYLI
                                      Acting United States Attorney
13                                    DAVID M. HARRIS
                                      Assistant United States Attorney
14                                    Chief, Civil Division
                                      JACK D. ROSS
15                                    Assistant United States Attorney
                                      Chief, Civil Fraud Section
16                                    HUNTER B. THOMSON
                                      Assistant United States Attorney
17                                    Deputy Chief, Civil Fraud Section

18                                    /s/ Cory L. Webster
                                      _____
19                                    CORY L. WEBSTER
                                      Assistant United States Attorney
20
                                      Attorneys for the United States of America
21

22

23

24

25

26

27

28

                                         5