IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| REPRESENTATIVE RONNY JACKSON, | |
| Plaintiff, | |
| v. | 2:25-CV-197-Z |
| SHIRLEY N. WEBER, *et al.*, | |
| Defendants. | |

**ORDER**

Before the Court is Amicus Curiae Carl Gordon's Motion for Leave to file Amicus Curiae Brief and for Preliminary and Permanent Injunction, filed October 24, 2025. ECF No. 39. The Court dismissed this case on October 23, 2025. ECF Nos. 37, 38.

"No federal rule governs the procedural or substantive requirements for district court amicus curiae briefs." *Owens v. La. State Univ.*, 702 F. Supp. 3d 451, 452 (M.D. La. 2023). Further, the "extent, if any, to which an *amicus curiae* should be permitted to participate in a pending action is solely within the broad discretion of the district court." *Club v. Fed. Emergency Mgmt. Agency*, No. CIV.A. H-07-0608, 2007 WL 3472851, at *1 (S.D. Tex. Nov. 14, 2007) (quoting *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)).

Similarly, a preliminary injunction is an extraordinary remedy requiring the movant to unequivocally show it is entitled to relief. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "Its purpose 'is merely to preserve the relative positions of the parties until a trial on the merits can be held.'" *Starbucks Corp. v. McKinney*, 602 U.S. 339, 346 (2024) (quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). To obtain one, the movant must show "(1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in its favor, and (4) an injunction is in

the public interest." *United States v. Abbott*, 110 F.4th 700, 706 (5th Cir. 2024) (citing *Winter*, 555 U.S. at 20). The "decision to grant or deny [relief] lies within the sound discretion of the trial court." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). The permanent injunction factors are similar. *See z4 Techs., Inc. v. Microsoft Corp.*, 434 F. Supp. 2d 437, 439 (E.D. Tex. 2006) (noting that a party seeking a permanent injunction "must demonstrate: '(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.'" (quoting *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006))).

The Court finds that these factors are not met. And as already noted, the Court dismissed this action on October 23, 2025. ECF Nos. 37, 38. Accordingly, Mr. Gordon's Motion is **DENIED**.

**SO ORDERED.**

October 31, 2025

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE